14 MISC 00227

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------x
IN RE APPLICATION OF REAL          :      Case No. _____
ESTATES INTERNATIONAL S.A.-
S.P.F. and MARC BRAUNER for        :
an Order Pursuant to
28 U.S.C. § 1782 to Conduct        :
Discovery for Use in a
Foreign Proceeding                 :
-----------------------------------------------------x
```

RECEIVED
JUL 28 2014
U.S.D.C. S.D. N.Y.
CASHIERS

## APPLICATION FOR DISCOVERY IN AID OF
## FOREIGN LITIGATION PURSUANT TO 28 U.S.C. § 1782

      Applicants Real Estates International S.A.-S.P.F. ("REI") and Marc Brauner, by and

through their undersigned attorneys, hereby apply for an Order pursuant to 28 U.S.C. § 1782

granting them leave to serve discovery subpoenas in aid of a foreign legal proceeding pending in

Luxembourg in which they are parties.

### NATURE OF THE APPLICATION

      1.     This is an action brought pursuant to 28 U.S.C. § 1782 to obtain evidence from

several witnesses who reside or are found in New York for use in a foreign judicial proceeding

pending in Luxembourg.  The witnesses have information relevant to the claims asserted by REI

and Mr. Brauner in the Luxembourg proceeding, and evidence from these witnesses could not

otherwise be compelled through the legal procedures available in the Luxembourg courts.  A

copy of the application filed in Luxembourg by REI and Mr. Brauner, with an English translation

thereof, is attached as Exhibit A to the accompanying Declaration of François Reinard dated July

24, 2014 ("Reinard Declaration").

      2.     As discussed in the accompanying memorandum of law, the Application before

this Court meets the three statutory requirements of 28 U.S.C. § 1782 and satisfies the four

discretionary factors established by the Supreme Court in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241 (2004), for granting an application for discovery in aid of in a foreign proceeding under Section 1782.

3.      Copies of the proposed subpoenas (return dates blank) are attached hereto as Exhibits 1 through 8.

## BACKGROUND

### The Parties to the Luxembourg Proceeding

4.      REI is a corporation organized under the laws of Luxembourg.  It is wholly owned by Marc Brauner, a citizen of Belgium who currently resides in Hong Kong.  REI owns a 40% interest in Vazon Investments S.A. ("Vazon"), a Luxembourg corporation.  The other 60% interest in Vazon is controlled by Roland Lorié, also a citizen of Belgium, through Berkshire, a trust organized under the laws of Mauritius.

5.      Messrs. Brauner and Lorié, through REI and Berkshire, also own Hattron (India) Ltd. ("Hattron"), a corporation organized under the laws of Mauritius, in the same proportions as they own Vazon.

6.      Vazon has three subsidiaries: International Gemological Institute, Inc. ("IGI"), a New York corporation, International Gemological (Hong Kong) Limited, a Hong Kong corporation, and International Gemological Institute, an Israeli corporation.  IGI is owned 50% by Vazon and 50% by Jerry Ehrenwald, who manages the day-to-day operations of IGI and is one of the persons from whom Applicants seek discovery.

7.      Hattron has four subsidiaries: International Gemological Institute (India) Private Limited, International Gemological Institute (Japan) Limited, International Gemological Institute DMCC, a Dubai company, and International Gemological Identification (Thailand) Limited.

8.     The various subsidiaries of both Vazon and Hattron will be referred to collectively herein as the "IGI Group."

9.     The business of the IGI Group consists of appraising diamonds submitted by diamond dealers, jewelers and other individuals and issuing certificates in connection with those diamonds.  Mr. Brauner is the diamond appraiser responsible for the technical side of IGI Group's business while Mr. Lorié is IGI Group's financial manager.  The dispute in Luxembourg concerns Vazon, the IGI Group including IGI, Mr. Lorié's attempts to prevent REI and Mr. Brauner from uncovering evidence of Mr. Lorié's theft and other wrongdoing, and Mr. Lorié's efforts to freeze REI and Mr. Brauner out of the affairs of Vazon and the IGI Group.

**The Mismanagement of Vazon and the IGI Group**

10.     In March 2011, in a telephone call between Mr. Brauner and Mr. Lorié, Mr. Lorié confessed that, during his management of the financial affairs of the IGI Group, he took and misappropriated funds and failed to make distributions due and owing to REI.  He explained that he had taken money over time from one or more of the companies in the IGI Group and transferred it to his personal bank accounts.  He acknowledged that he improperly took more than $7.1 million.

11.     Although Mr. Lorié ultimately repaid the $7.1 million to the IGI Group after having confessed to taking the money, Mr. Brauner sought to examine the books and records of Vazon and the various IGI Group companies, including IGI, to determine whether there had been other instances of misappropriation of money from the IGI Group.

12.     During Mr. Brauner's investigation, he uncovered other acts through which money had been diverted from the IGI Group, thereby denying REI its rightful share thereof.  For example, he learned that IGI had sent invoices to certain customers charging fees for IGI's

services, yet had received less than the invoiced amount from the customers based on "credit memos" or rebates IGI gave to them. In fact, the customers paid the credit memo/rebate amounts directly to Mr. Lorié, less a commission. As a result, the credit memos were fraudulent, the IGI Group did not receive in full the money due to it, and Mr. Lorié thereby was able to skim money from the IGI Group to himself personally.

13.     Mr. Brauner also learned that IGI, at the behest of Mr. Lorié, over the course of two years at a time when IGI was losing money, made purported donations totaling nearly $1 million to purported "charities" (one of which was affiliated with Mr. Lorié's brother-in-law Joseph Low). Applicants also seek discovery from Mr. Low.

14.     Mr. Brauner further learned of a distribution of approximately $860,000 to Mr. Ehrenwald which had been described as a "loan" from one of the IGI Group companies, although Mr. Lorié later admitted to Mr. Brauner that the loan was fake and that Mr. Ehrenwald was simply given the money.

15.     Mr. Lorié then instructed Mr. Ehrenwald and others not to provide Mr. Brauner any further information concerning the books and records of IGI without Mr. Lorié's consent. Mr. Lorié uniformly refused to consent to the provision of such information. Mr. Lorié similarly instructed other representatives of companies in the IGI Group not to provide Mr. Brauner with documents or information concerning the finances of those companies. When some of those representatives gave written statements confirming that they had received instructions from Mr. Lorié not to provide Mr. Brauner with information, Mr. Lorié attempted to convince those representatives to retract their statements.

16.     At a shareholders' meeting of Vazon on July 11, 2014, Mr. Lorié installed himself, his son Arnaud Lorié, and a person he controls, Fons Mangen, as the sole directors of

Vazon, effectively preventing Mr. Brauner from having any say in Vazon's operations and affairs.

17.     Over the objection of Mr. Brauner, Mr. Lorié and his controlled directors also appointed Ramlux S.A. as the auditor for Vazon.  Ramlux S.A. is a member of a group of companies controlled by Fons Mangen, who is controlled by Mr. Lorić.  Mr. Brauner had sought the appointment of an independent auditor but his requests were rejected.

**The Luxembourg Application**

18.     On July 18, 2014, REI and Mr. Brauner, through their attorneys in Luxembourg, initiated a judicial proceeding in Luxembourg District Court *(Tribunal d'arrondissement de et à Luxembourg)* seeking the appointment of a provisional director of Vazon who would have the power to administer and manage Vazon, to audit the books and records of Vazon, its subsidiaries and other companies in the IGI Group for the past ten years, and to make all decisions and take all measures as are necessary for the provisional director to carry out his assignment.  The application to the Luxembourg court, with an English translation, is attached as Exhibit A to the accompanying Reinard Declaration.  In accordance with Luxembourg procedure, the application was filed ex parte.

19.     On July 21, 2014, the Luxembourg court granted the relief sought in the application and appointed a provisional director of Vazon.  The Luxembourg court's July 21 Order, with an English translation, is attached as Exhibit B to the Reinard Declaration.  Specifically, the Order of the Luxembourg court provides that the court-appointed provisional director has the authority:

(1)     to do everything in his power to administer and manage Vazon and, by virtue of its right to be informed about the management of the IGI subsidiaries (i.e., I.G.I. Hong Kong, I.G.I. Israel and I.G.I. New York),

(2)     to confirm whether, over the past 10 years all of the IGI Group subsidiaries have been properly managed and their accounting books and records properly kept, and for that purpose to have the accounting books and records of the IGI subsidiaries audited by a foreign financial auditor, and

(3)     to make all decisions and take all measures as necessary for him to carry out his assignment.

20.     Pursuant to the procedure in Luxembourg, as explained by Mr. Reinard in his Declaration, once notice is given to Vazon, Berkshire (which is controlled by Mr. Lorié) and Vazon will have the right to seek an order from the Luxembourg court withdrawing or vacating the July 21 Order.  Once such relief is sought, the Luxembourg court will hold a hearing at which the parties will be required to present evidence in support of the allegations made in the Luxembourg application and any defenses thereto.  According to Mr. Reinard, this hearing typically is held expeditiously, often within days of the application for relief from the order, and generally is not delayed to allow the parties to gather additional evidence.  It is reasonably anticipated that Berkshire (possibly joined by Vazon) will file for such relief and that a hearing will be held before the Luxembourg court within the next few weeks, if not sooner.

**The Subpoenas**

21.     REI and Mr. Brauner believe that several witnesses located in New York have relevant information to support the Applicants' position in the Luxembourg proceeding that an independent director is needed to take control of Vazon and manage the finances and affairs of

6

Vazon and its subsidiaries, including companies in the IGI Group. Under Luxembourg procedures, and in the context of the pending Luxembourg proceeding, however, there is no mechanism by which foreign individuals or entities located in New York can be compelled to provide testimony or documents for use in the Luxembourg proceeding.

22.     The New York witnesses from whom Applicants seek documentary and testimonial evidence are:

   a.     a corporate representative of IGI, which is located at 551 Fifth Avenue, New York, New York;

   b.     Jerry Ehrenwald, who is in charge of the management of IGI and is found at 551 Fifth Avenue, New York, New York;

   c.     John Li, who works for Mr. Ehrenwald at IGI and is found at 551 Fifth Avenue, New York, New York;

   d.     Kimberly Nairn, who is Mr. Ehrenwald's personal assistant and is found at 551 Fifth Avenue, New York, New York;

   e.     Hemant A. Prajapati of Prajapati Associates LLP, who is IGI's outside accountant and is found at 545 Fifth Avenue, New York, New York;

   f.     Carol Lorié Low, who is Roland Lorié's sister and an officer of IGI and who resides at 5 Star Farm Road, Purchase, New York;

   g.     Joseph Low, who is Roland Lorié's brother-in-law and who resides at 5 Star Farm Road, Purchase, New York; and

   h.     Arti Chandra, a former employee of IGI and who resides at 4106 54th Street, Woodside, New York and is found in this District.

23.     The proposed subpoenas (attached as Exhibits 1 through 8), are narrowly tailored to obtain documentary and testimonial evidence in support of Applicants' claims in the Luxembourg action.  The subject matter of the discovery that Applicants seek falls into the following general categories:

a.     the books and records of the companies of the IGI Group including IGI, and certain of the financial transactions reflected in those books and records;

b.     the purported loan made to Jerry Ehrenwald by one of the companies of the IGI Group;

c.     the rebates given to certain IGI customers and documents reflecting the rebates including, but not limited to, credit memos;

d.     the transfers of money to Mr. Lorié, either directly or through one or more of the companies of the IGI Group;

e.     Mr. Lorié's instructions not to provide Mr. Brauner with any information and his efforts to cover up, conceal or destroy evidence concerning the diversion of money;

f.     donations made by companies of the IGI Group to purported charities;

g.     Carol Lorié Low's role and involvement in the management and operation of IGI; and

h.     specific transactions involving companies of the IGI Group through which money was diverted to Mr. Lorié and others.

24.     As set forth in greater detail in the accompanying Memorandum of Law, this Application satisfies 28 U.S.C. § 1782's three statutory requirements because (a) each of the witnesses resides or is found in New York, (b) the evidence that Applicants seek through this Application will be used to support REI's and Mr. Brauner's claims in the Luxembourg action,

8

which is pending and is reasonably expected to result in a hearing within the next few weeks, if not sooner, and (c) REI and Mr. Brauner qualify as "interested persons" under Section 1782 in that they are parties to the Luxembourg proceeding.

25.    As demonstrated in the accompanying Memorandum of Law, this Application also satisfies the four discretionary factors set forth by the Supreme Court in Intel, supra, 542 U.S. 241 (2004).

26.    For the reasons set forth herein and in the accompanying Memorandum of Law, Applicants respectfully request that they be authorized, through their counsel, to issue the proposed subpoenas (Exhibits 1 through 8) promptly after the issuance of the Court's Order, and to take the discovery described in this Application to assist them in the pending litigation in Luxembourg.

Dated: July 28, 2014                    Respectfully submitted,

                                        HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
                                        One Gateway Center
                                        Newark, New Jersey 07102
                                        (973) 621-9020

                                        By: _____
                                            Stephen L. Dreyfuss
                                            Robert B. Rosen

                                        MOSKOWITZ & BOOK LLP
                                        345 Seventh Avenue, 21st Floor
                                        New York, New York 10001
                                        (212) 221-7999

                                        Attorneys for Applicants

# EXHIBIT 1

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | | |
|---|---|---|
| In Re App. of Real Estate Int'l S.A.-S.P.F. et al | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    International Gemological Institute, Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

    See Exhibit A

| Place: Moskowitz & Book | Date and Time: |
|---|---|
| 345 Seventh Avenue, 21st Floor New York, New York 10001 | |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

            *CLERK OF COURT*
                                                OR

_____              _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Real Estates Int'l
S.A.-S.P.F. and Marc Brauner _____ , who issues or requests this subpoena, are:

Stephen L. Dreyfuss, Esq.  Hellring Lindeman Goldstein & Siegal LLP, One Gateway Center, Newark, New Jersey
07102, (973) 621-9020, sldreyfuss@hlgslaw.com

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

   **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

   **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

   **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEFINITIONS

1.   "Document" means the original and any nonidentical copy (whether different from the original because of handwritten notes or underlining on the copy or otherwise), regardless of origin or location, of any writing or record of any type of description, including but not limited to, papers, letters, correspondence, telegrams, telexes, telecopies, e-mails, circulars, releases, notes, notations, notebooks, notations of conversations or meetings, minutes of meetings, transcripts, interoffice communications, journals, diaries, logs, calendars, agreements, reports, periodicals, magazines, booklets, bulletins, instructions, articles, books, studies, tables, charts, analyses, graphs, prospectuses, financial statements, bills, checks, vouchers, schedules, memoranda, advertisements, pictures, photographs and photographic negatives, films, orders, purchase orders, bills of lading, bid tabulations, invoices, questionnaires, surveys, contracts, options, memoranda of agreements, assignments, licenses, accounting books and records, drafts, summaries, revisions or amendments of any of the above, electrical or magnetic recordings or transcripts thereof, and/or any other writings, whether typed, handwritten, printed or otherwise, of any kind or description, prepared and/or communicated by any person in any manner, mode or medium, including by email, blog posting, text message, Twitter account and Facebook posting, and all other forms of communication.

2.   "IGI" means International Gemological Institute, Inc., a New York corporation.

3.   "IGI Group" refers to all companies owned by Vazon Investments, S.A. or Hattron (India) Ltd., including but not limited to IGI, International Gemological (Hong Kong) Limited, International Gemological Institute (Israel), International Gemological Institute (India) Private Limited, International Gemological Institute (Japan) Limited, International Gemological Institute DMCC (Dubai), and International Gemological Identification (Thailand) Limited.

4.   "Communication" means any manner of transmitting or receiving facts, information, opinions or thoughts of any kind, without regard to whether such facts, information, opinions or thoughts were transmitted orally, in writing, electronically, visually, or by any other means.

5.   "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity. "Person" means the plural as well as the singular.

6.   "Relating to" and/or "relate" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing,

supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to, including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

       7.    "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of this request any information that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.   In producing documents and other materials, you are required to furnish all documents or things in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you, your directors, members, partners, officers, agents, auditors, employees, representatives, subsidiaries, managing agents, affiliates, or investigators or by your attorneys or their agents, employees, representatives, or investigators.  Without limiting the term "control," as used above, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person, or public or private entity, having possession or custody thereof.

2.   If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating what document or what portion of that document is being withheld and the reason that document or portion of that document is being withheld.

3.   All documents shall be produced in the same order as they are kept or maintained by you.

4.   All documents shall be produced in the file, folder, envelope, or other container in which the documents are kept or maintained by you.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying markings.

5.   A request for each document "relating to" a subject matter extends to each document that constitutes, contains, supports, modifies, contradicts, criticizes, concerns, describes, records, analyzes, evaluates, reports, pertains to, was prepared in connection with, arises from, is or has been collected by, or recorded by a present or former agent, representative, officer, employee, attorney, board, committee, subcommittee, or any other person acting or purporting to act on your behalf in relation to the subject matter specified.

6.   Documents that are attached to each other in any manner shall not be separated.

7.   The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

3

8.   If you do not produce a document or a portion thereof based on a claim of attorney-client privilege, any other privilege, or work product doctrine protection, with respect to that document or portion not produced,

A.   state the date of the document;

B.   identify each author of the document;

C.   identify each other person who prepared or participated in the preparation of the document;

D.   identify each person who received the document;

E.   identify each person from whom the document was received;

F.   describe the subject matter of the document;

G.   state the present location and custodian of the document and all copies thereof;

H.   state the paragraphs and subparagraphs of this Request to which the document is responsive;

I.   identify the privilege asserted; and

J.   provide sufficient further information concerning the document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

The information requested herein may be produced for each such document in the form of a privilege log or index.

9.   In producing documents and other materials responsive to this Request, identify by paragraph and subparagraph the particular request to which each produced document is responsive.   If a document is responsive to more than one particular request, each request to which it is responsive should be identified.

10.   If a document once existed and is no longer in your possession, custody or control, state when such document was most recently in your possession or subject to your control and what disposition was made of it.   If the document still exists, state the location of such document.   If documents have been destroyed, identify when they were destroyed, the person who

destroyed them, the person who directed that they be destroyed, the reason(s) for such action, and any communications or documents which related or refer to the destruction of the documents.  In addition, for each such document previously in your possession, custody or control, provide a description of the document, including the type of document (i.e., letter, memorandum, report), the subject matter of the document, its date of writing, creation, or publication, identification of each person for whom the document was prepared and to whom it was delivered, and its last known custodian.

11.  If any document is produced in redacted form, state with particularity the reason(s) it was not produced in full, and describe those portions of the document which are not being produced in a manner sufficient to identify the document for purposes of a motion to compel discovery.

12.  If production of any requested document is objected to on the grounds that it is burdensome or oppressive, identify: (a) the precise reasons why production poses a special burden; (b) the approximate number of documents/pages that have been called for; and (c) the location(s) of the document(s) which have been called for.

13.  Each document request shall be deemed continuing, and you are required to supplement your production of documents promptly upon obtaining additional responsive documents.

14.  In accordance with the July 21, 2014 Order of the Luxembourg District Court (*Tribunal d'arrondissement de et à Luxembourg*), the time period covered by this Subpoena is from 2004 to the present.

## DOCUMENTS TO BE PRODUCED

All documents relating to:

1. Any credit memos or rebates accorded to customers of IGI, or customers of any other company of the IGI Group, and any payments by such customers to IGI, any company of the IGI Group, Roland Lorié, Jerry Ehrenwald or any family member or designee of any of them, or any entity in which any of IGI, Roland Lorié or Jerry Ehrenwald holds or ever held, directly or indirectly, a legal or beneficial interest.

2. Any safe deposit box opened in the name of Carol Lorié or Carol Lorié Low in Antwerp, Belgium, including but not limited to the contents of any such safe deposit box.

3. Any contributions directly or indirectly made to any charitable organizations by IGI or any other company of the IGI Group.

4. Any loans from IGI Dubai DMCC, or any other company of the IGI Group, to Jerry Ehrenwald, directly or indirectly, any payments from IGI Dubai DMCC or any other company of the IGI Group to Jerry Ehrenwald, directly or indirectly, and any payments or repayments by or on behalf of Jerry Ehrenwald to IGI Dubai DMCC or any other company of the IGI Group.

5. Any revenues or other funds of IGI that were transferred, directly or indirectly, to Roland Lorié, or any family member or designee of Roland Lorié, or any entity in which Roland Lorié or any family member or designee of Roland Lorié held or holds a legal or beneficial interest.

6. Any communications between Roland Lorié and Jerry Ehrenwald, directly or indirectly, with regard to requests by or on behalf of Marc Brauner or Real Estates International, S.A. for information or documents concerning the financial condition or operations of IGI, or any other company of the IGI Group, or with regard to the response made or to be made to any such requests.

7. Any communications between Roland Lorié and John Li, directly or indirectly, or between Roland Lorié and any other employee of IGI or of any other company of the IGI Group, directly or indirectly, with regard to such employee's communications with Marc Brauner or Real Estates International, S.A., including but not limited to such employee's response to requests by or on behalf of Marc Brauner or Real Estates International, S.A. for information or documents concerning the financial condition or operations of IGI or any other company of the IGI Group, or with regard to the response made or to be made to any such requests.

8. Any communications between (1) Roland Lorié, John Li or Jerry Ehrenwald, and (2) Arti Chandra, Kimberly Nairn, Agnes Chan and/or Hemant Prajapati with regard to any of the credit memos or rebates referenced in Category No. 1, *supra*, any of the charitable contributions referenced in Category No. 3, *supra*, any of the loans, payments or repayments referenced in Category No. 4, *supra*, any of the transfers of revenues or other funds of IGI referenced in Category No. 5, *supra*, and any of the requests for information or documents, or responses

thereto, referenced in Category No. 6, *supra*.

9.  All federal and state corporate tax returns all audited and unaudited financial statements of IGI from 2004 to date.

# EXHIBIT 2

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of New York

| | |
|---|---|
| In Re App. of Real Estates Int'l S.A.-S.P.F. et al | ) |
| _Plaintiff_ | ) |
| v. | )  Civil Action No. |
| | ) |
| | ) |
| _Defendant_ | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                     Jerry Ehrenwald

_(Name of person to whom this subpoena is directed)_

☑ _Testimony:_  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Moskowitz & Book<br>345 Seventh Avenue, 21st Floor<br>New York, New York 10001 | Date and Time: |
|---|---|

The deposition will be recorded by this method:   court reporter

☑ _Production:_  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please make production of documents identified on Exhibit A on or before _____

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

            _CLERK OF COURT_
                                                                OR

_____          _____
_Signature of Clerk or Deputy Clerk_                          _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Real Estates Int'l
S.A.-S.P.F. and Marc Brauner _____ , who issues or requests this subpoena, are:
Stephen L. Dreyfuss, Esq., Hellring Lindeman Goldstein & Siegal LLP, One Gateway Center, Newark, New Jersey
07102, (973) 621-9020, sldreyfuss@hlgslaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B) *Objections.*** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A) *When Required.*** On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B) *When Permitted.*** To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C) *Specifying Conditions as an Alternative.*** In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A) *Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B) *Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C) *Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.
    **(D) *Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A) *Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B) *Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>DEFINITIONS</u>

1.   "Document" means the original and any nonidentical copy (whether different from the original because of handwritten notes or underlining on the copy or otherwise), regardless of origin or location, of any writing or record of any type of description, including but not limited to, papers, letters, correspondence, telegrams, telexes, telecopies, e-mails, circulars, releases, notes, notations, notebooks, notations of conversations or meetings, minutes of meetings, transcripts, interoffice communications, journals, diaries, logs, calendars, agreements, reports, periodicals, magazines, booklets, bulletins, instructions, articles, books, studies, tables, charts, analyses, graphs, prospectuses, financial statements, bills, checks, vouchers, schedules, memoranda, advertisements, pictures, photographs and photographic negatives, films, orders, purchase orders, bills of lading, bid tabulations, invoices, questionnaires, surveys, contracts, options, memoranda of agreements, assignments, licenses, accounting books and records, drafts, summaries, revisions or amendments of any of the above, electrical or magnetic recordings or transcripts thereof, and/or any other writings, whether typed, handwritten, printed or otherwise, of any kind or description, prepared and/or communicated by any person in any manner, mode or medium, including by email, blog posting, text message, Twitter account and Facebook posting, and all other forms of communication.

2.   "IGI" means International Gemological Institute, Inc., a New York corporation.

3.   "IGI Group" refers to all companies owned by Vazon Investments, S.A. or Hattron (India) Ltd., including but not limited to IGI, International Gemological (Hong Kong) Limited, International Gemological Institute (Israel), International Gemological Institute (India) Private Limited, International Gemological Institute (Japan) Limited, International Gemological Institute DMCC (Dubai), and International Gemological Identification (Thailand) Limited.

4.   "Communication" means any manner of transmitting or receiving facts, information, opinions or thoughts of any kind, without regard to whether such facts, information, opinions or thoughts were transmitted orally, in writing, electronically, visually, or by any other means.

5.   "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity. "Person" means the plural as well as the singular.

6.   "Relating to" and/or "relate" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing,

supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to, including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

      7.   "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of this request any information that might otherwise be construed to be outside of its scope.

2

## INSTRUCTIONS

1.   In producing documents and other materials, you are required to furnish all documents or things in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you, your directors, members, partners, officers, agents, auditors, employees, representatives, subsidiaries, managing agents, affiliates, or investigators or by your attorneys or their agents, employees, representatives, or investigators.  Without limiting the term "control," as used above, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person, or public or private entity, having possession or custody thereof.

2.   If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating what document or what portion of that document is being withheld and the reason that document or portion of that document is being withheld.

3.   All documents shall be produced in the same order as they are kept or maintained by you.

4.   All documents shall be produced in the file, folder, envelope, or other container in which the documents are kept or maintained by you.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying markings.

5.   A request for each document "relating to" a subject matter extends to each document that constitutes, contains, supports, modifies, contradicts, criticizes, concerns, describes, records, analyzes, evaluates, reports, pertains to, was prepared in connection with, arises from, is or has been collected by, or recorded by a present or former agent, representative, officer, employee, attorney, board, committee, subcommittee, or any other person acting or purporting to act on your behalf in relation to the subject matter specified.

6.   Documents that are attached to each other in any manner shall not be separated.

7.   The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

3

8.  If you do not produce a document or a portion thereof based on a claim of attorney-client privilege, any other privilege, or work product doctrine protection, with respect to that document or portion not produced,

    A.  state the date of the document;

    B.  identify each author of the document;

    C.  identify each other person who prepared or participated in the preparation of the document;

    D.  identify each person who received the document;

    E.  identify each person from whom the document was received;

    F.  describe the subject matter of the document;

    G.  state the present location and custodian of the document and all copies thereof;

    H.  state the paragraphs and subparagraphs of this Request to which the document is responsive;

    I.  identify the privilege asserted; and

    J.  provide sufficient further information concerning the document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

The information requested herein may be produced for each such document in the form of a privilege log or index.

9.  In producing documents and other materials responsive to this Request, identify by paragraph and subparagraph the particular request to which each produced document is responsive.  If a document is responsive to more than one particular request, each request to which it is responsive should be identified.

10.  If a document once existed and is no longer in your possession, custody or control, state when such document was most recently in your possession or subject to your control and what disposition was made of it.  If the document still exists, state the location of such document.  If documents have been destroyed, identify when they were destroyed, the person who

4

destroyed them, the person who directed that they be destroyed, the reason(s) for such action, and any communications or documents which related or refer to the destruction of the documents. In addition, for each such document previously in your possession, custody or control, provide a description of the document, including the type of document (i.e., letter, memorandum, report), the subject matter of the document, its date of writing, creation, or publication, identification of each person for whom the document was prepared and to whom it was delivered, and its last known custodian.

     11.  If any document is produced in redacted form, state with particularity the reason(s) it was not produced in full, and describe those portions of the document which are not being produced in a manner sufficient to identify the document for purposes of a motion to compel discovery.

     12.  If production of any requested document is objected to on the grounds that it is burdensome or oppressive, identify: (a) the precise reasons why production poses a special burden; (b) the approximate number of documents/pages that have been called for; and (c) the location(s) of the document(s) which have been called for.

     13.  Each document request shall be deemed continuing, and you are required to supplement your production of documents promptly upon obtaining additional responsive documents.

     14.  In accordance with the July 21, 2014 Order of the Luxembourg District Court (*Tribunal d'arrondissement de et à Luxembourg*), the time period covered by this Subpoena is from 2004 to the present.

# DOCUMENTS TO BE PRODUCED

All documents relating to:

1.  Any credit memos or rebates accorded to customers of IGI, or customers of any other company of the IGI Group, and any payments by such customers to IGI, any company of the IGI Group, Roland Lorié, Jerry Ehrenwald or any family member or designee of any of them, or any entity in which any of IGI, Roland Lorié or Jerry Ehrenwald holds or ever held, directly or indirectly, a legal or beneficial interest.

2.  Any safe deposit box opened in the name of Carol Lorié or Carol Lorié Low in Antwerp, Belgium, including but not limited to the contents of any such safe deposit box.

3.  Any contributions directly or indirectly made to any charitable organizations by IGI or any other company of the IGI Group.

4.  Any loans from IGI Dubai DMCC, or any other company of the IGI Group, to Jerry Ehrenwald, directly or indirectly, any payments from IGI Dubai DMCC or any other company of the IGI Group to Jerry Ehrenwald, directly or indirectly, and any payments or repayments by or on behalf of Jerry Ehrenwald to IGI Dubai DMCC or any other company of the IGI Group.

5.  Any revenues or other funds of IGI that were transferred, directly or indirectly, to Roland Lorié, or any family member or designee of Roland Lorié, or any entity in which Roland Lorié or any family member or designee of Roland Lorié held or holds a legal or beneficial interest.

6.  Any communications between Roland Lorié and Jerry Ehrenwald, directly or indirectly, with regard to requests by or on behalf of Marc Brauner or Real Estates International, S.A. for information or documents concerning the financial condition or operations of IGI, or any other company of the IGI Group, or with regard to the response made or to be made to any such requests.

7.  Any communications between Roland Lorié and John Li, directly or indirectly, or between Roland Lorié and any other employee of IGI or of any other company of the IGI Group, directly or indirectly, with regard to such employee's communications with Marc Brauner or Real Estates International, S.A., including but not limited to such employee's response to requests by or on behalf of Marc Brauner or Real Estates International, S.A. for information or documents concerning the financial condition or operations of IGI or any other company of the IGI Group, or with regard to the response made or to be made to any such requests.

8.  Any communications between (1) Roland Lorié, John Li or Jerry Ehrenwald, and (2) Arti Chandra, Kimberly Nairn, Agnes Chan and/or Hemant Prajapati with regard to any of the credit memos or rebates referenced in Category No. 1, *supra*, any of the charitable contributions referenced in Category No. 3, *supra*, any of the loans, payments or repayments referenced in Category No. 4, *supra*, any of the transfers of revenues or other funds of IGI referenced in Category No. 5, *supra*, and any of the requests for information or documents, or responses

thereto, referenced in Category No. 6, *supra*.

# EXHIBIT 3

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| In Re App. of Real Estates Int'l S.A.-S.P.F. et al | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                                     John Li

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Moskowitz & Book<br>345 Seventh Avenue, 21st Floor<br>New York, New York 10001 | Date and Time: |
|---|---|

The deposition will be recorded by this method:     court reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please make production of documents identified on Exhibit A on or before _____

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

          *CLERK OF COURT*

                                         OR

_____          _____
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Real Estates Int'l
S.A.-S.P.F. and Marc Brauner _____, who issues or requests this subpoena, are:
Stephen L. Dreyfuss, Esq., Hellring Lindeman Goldstein & Siegal LLP, One Gateway Center, Newark, New Jersey
07102, (973) 621-9020, sldreyfuss@hlgslaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEFINITIONS

1.  "Document" means the original and any nonidentical copy (whether different from the original because of handwritten notes or underlining on the copy or otherwise), regardless of origin or location, of any writing or record of any type of description, including but not limited to, papers, letters, correspondence, telegrams, telexes, telecopies, e-mails, circulars, releases, notes, notations, notebooks, notations of conversations or meetings, minutes of meetings, transcripts, interoffice communications, journals, diaries, logs, calendars, agreements, reports, periodicals, magazines, booklets, bulletins, instructions, articles, books, studies, tables, charts, analyses, graphs, prospectuses, financial statements, bills, checks, vouchers, schedules, memoranda, advertisements, pictures, photographs and photographic negatives, films, orders, purchase orders, bills of lading, bid tabulations, invoices, questionnaires, surveys, contracts, options, memoranda of agreements, assignments, licenses, accounting books and records, drafts, summaries, revisions or amendments of any of the above, electrical or magnetic recordings or transcripts thereof, and/or any other writings, whether typed, handwritten, printed or otherwise, of any kind or description, prepared and/or communicated by any person in any manner, mode or medium, including by email, blog posting, text message, Twitter account and Facebook posting, and all other forms of communication.

2.  "IGI" means International Gemological Institute, Inc., a New York corporation.

3.  "IGI Group" refers to all companies owned by Vazon Investments, S.A. or Hattron (India) Ltd., including but not limited to IGI, International Gemological (Hong Kong) Limited, International Gemological Institute (Israel), International Gemological Institute (India) Private Limited, International Gemological Institute (Japan) Limited, International Gemological Institute DMCC (Dubai), and International Gemological Identification (Thailand) Limited.

4.  "Communication" means any manner of transmitting or receiving facts, information, opinions or thoughts of any kind, without regard to whether such facts, information, opinions or thoughts were transmitted orally, in writing, electronically, visually, or by any other means.

5.  "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity. "Person" means the plural as well as the singular.

6.  "Relating to" and/or "relate" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing,

supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to, including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

7.    "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of this request any information that might otherwise be construed to be outside of its scope.

2

## INSTRUCTIONS

1.   In producing documents and other materials, you are required to furnish all documents or things in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you, your directors, members, partners, officers, agents, auditors, employees, representatives, subsidiaries, managing agents, affiliates, or investigators or by your attorneys or their agents, employees, representatives, or investigators.  Without limiting the term "control," as used above, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person, or public or private entity, having possession or custody thereof.

2.   If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating what document or what portion of that document is being withheld and the reason that document or portion of that document is being withheld.

3.   All documents shall be produced in the same order as they are kept or maintained by you.

4.   All documents shall be produced in the file, folder, envelope, or other container in which the documents are kept or maintained by you.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying markings.

5.   A request for each document "relating to" a subject matter extends to each document that constitutes, contains, supports, modifies, contradicts, criticizes, concerns, describes, records, analyzes, evaluates, reports, pertains to, was prepared in connection with, arises from, is or has been collected by, or recorded by a present or former agent, representative, officer, employee, attorney, board, committee, subcommittee, or any other person acting or purporting to act on your behalf in relation to the subject matter specified.

6.   Documents that are attached to each other in any manner shall not be separated.

7.   The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

8.   If you do not produce a document or a portion thereof based on a claim of attorney-client privilege, any other privilege, or work product doctrine protection, with respect to that document or portion not produced,

A.   state the date of the document;

B.   identify each author of the document;

C.   identify each other person who prepared or participated in the preparation of the document;

D.   identify each person who received the document;

E.   identify each person from whom the document was received;

F.   describe the subject matter of the document;

G.   state the present location and custodian of the document and all copies thereof;

H.   state the paragraphs and subparagraphs of this Request to which the document is responsive;

I.   identify the privilege asserted; and

J.   provide sufficient further information concerning the document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

The information requested herein may be produced for each such document in the form of a privilege log or index.

9.   In producing documents and other materials responsive to this Request, identify by paragraph and subparagraph the particular request to which each produced document is responsive.  If a document is responsive to more than one particular request, each request to which it is responsive should be identified.

10.   If a document once existed and is no longer in your possession, custody or control, state when such document was most recently in your possession or subject to your control and what disposition was made of it.  If the document still exists, state the location of such document.  If documents have been destroyed, identify when they were destroyed, the person who

destroyed them, the person who directed that they be destroyed, the reason(s) for such action, and any communications or documents which related or refer to the destruction of the documents.   In addition, for each such document previously in your possession, custody or control, provide a description of the document, including the type of document (i.e., letter, memorandum, report), the subject matter of the document, its date of writing, creation, or publication, identification of each person for whom the document was prepared and to whom it was delivered, and its last known custodian.

      11.   If any document is produced in redacted form, state with particularity the reason(s) it was not produced in full, and describe those portions of the document which are not being produced in a manner sufficient to identify the document for purposes of a motion to compel discovery.

      12.   If production of any requested document is objected to on the grounds that it is burdensome or oppressive, identify: (a) the precise reasons why production poses a special burden; (b) the approximate number of documents/pages that have been called for; and (c) the location(s) of the document(s) which have been called for.

      13.   Each document request shall be deemed continuing, and you are required to supplement your production of documents promptly upon obtaining additional responsive documents.

      14.   In accordance with the July 21, 2014 Order of the Luxembourg District Court (*Tribunal d'arrondissement de et à Luxembourg*), the time period covered by this Subpoena is from 2004 to the present.

## DOCUMENTS TO BE PRODUCED

All documents relating to:

1.  Any credit memos or rebates accorded to customers of IGI, or customers of any other company of the IGI Group, and any payments by such customers to IGI, any company of the IGI Group, Roland Lorié, Jerry Ehrenwald or any family member or designee of any of them, or any entity in which any of IGI, Roland Lorié or Jerry Ehrenwald holds or ever held, directly or indirectly, a legal or beneficial interest.

2.  Any safe deposit box opened in the name of  Carol Lorié or Carol Lorié Low in Antwerp, Belgium, including but not limited to the contents of any such safe deposit box.

3.  Any contributions directly or indirectly made to any charitable organizations by IGI or any other company of the IGI Group.

4.  Any loans from IGI Dubai DMCC, or any other company of the IGI Group, to Jerry Ehrenwald, directly or indirectly, any payments from IGI Dubai DMCC or any other company of the IGI Group to Jerry Ehrenwald, directly or indirectly, and any payments or repayments by or on behalf of Jerry Ehrenwald to IGI Dubai DMCC or any other company of the IGI Group.

5.  Any revenues or other funds of IGI that were transferred, directly or indirectly, to Roland Lorié, or any family member or designee of Roland Lorié, or any entity in which Roland Lorié or any family member or designee of Roland Lorié held or holds a legal or beneficial interest.

6.  Any communications between Roland Lorié and Jerry Ehrenwald, directly or indirectly, with regard to requests by or on behalf of Marc Brauner or Real Estates International, S.A. for information or documents concerning the financial condition or operations of IGI, or any other company of the IGI Group, or with regard to the response made or to be made to any such requests.

7.  Any communications between Roland Lorié and John Li, directly or indirectly, or between Roland Lorié and any other employee of IGI or of any other company of the IGI Group, directly or indirectly, with regard to such employee's communications with Marc Brauner or Real Estates International, S.A., including but not limited to such employee's response to requests by or on behalf of Marc Brauner or Real Estates International, S.A. for information or documents concerning the financial condition or operations of IGI or any other company of the IGI Group, or with regard to the response made or to be made to any such requests.

8.  Any communications between (1) Roland Lorié, John Li or Jerry Ehrenwald, and (2) Arti Chandra, Kimberly Nairn, Agnes Chan and/or Hemant Prajapati with regard to any of the credit memos or rebates referenced in Category No. 1, *supra,* any of the charitable contributions referenced in Category No. 3, *supra,* any of the loans, payments or repayments referenced in Category No. 4, *supra,* any of the transfers of revenues or other funds of IGI referenced in Category No. 5, *supra,* and any of the requests for information or documents, or responses

thereto, referenced in Category No. 6, *supra.*

# EXHIBIT 4

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| In Re App. of Real Estates Int'l S.A.-S.P.F. et al | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                              Kimberly Nairn

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Moskowitz & Book<br>345 Seventh Avenue, 21st Floor<br>New York, New York 10001 | Date and Time: |
|---|---|

The deposition will be recorded by this method:   court reporter

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please make production of documents identified on Exhibit A on or before _____

The following provisions of Fed. R. Civ. P. 45 are attached -- Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

         *CLERK OF COURT*

                                              OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Real Estates Int'l
S.A.-S.P.F. and Marc Brauner _____, who issues or requests this subpoena, are:
Stephen L. Dreyfuss, Esq., Hellring Lindeman Goldstein & Siegal LLP, One Gateway Center, Newark, New Jersey
07102, (973) 621-9020, sldreyfuss@hlgslaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

### PROOF OF SERVICE
#### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

        I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

        ❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

        ❑ I returned the subpoena unexecuted because: _____

_____ .

        Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

        $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

        I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**

  (A) When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>DEFINITIONS</u>

1.   "Document" means the original and any nonidentical copy (whether different from the original because of handwritten notes or underlining on the copy or otherwise), regardless of origin or location, of any writing or record of any type of description, including but not limited to, papers, letters, correspondence, telegrams, telexes, telecopies, e-mails, circulars, releases, notes, notations, notebooks, notations of conversations or meetings, minutes of meetings, transcripts, interoffice communications, journals, diaries, logs, calendars, agreements, reports, periodicals, magazines, booklets, bulletins, instructions, articles, books, studies, tables, charts, analyses, graphs, prospectuses, financial statements, bills, checks, vouchers, schedules, memoranda, advertisements, pictures, photographs and photographic negatives, films, orders, purchase orders, bills of lading, bid tabulations, invoices, questionnaires, surveys, contracts, options, memoranda of agreements, assignments, licenses, accounting books and records, drafts, summaries, revisions or amendments of any of the above, electrical or magnetic recordings or transcripts thereof, and/or any other writings, whether typed, handwritten, printed or otherwise, of any kind or description, prepared and/or communicated by any person in any manner, mode or medium, including by email, blog posting, text message, Twitter account and Facebook posting, and all other forms of communication.

2.   "IGI" means International Gemological Institute, Inc., a New York corporation.

3.   "IGI Group" refers to all companies owned by Vazon Investments, S.A. or Hattron (India) Ltd., including but not limited to IGI, International Gemological (Hong Kong) Limited, International Gemological Institute (Israel), International Gemological Institute (India) Private Limited, International Gemological Institute (Japan) Limited, International Gemological Institute DMCC (Dubai), and International Gemological Identification (Thailand) Limited.

4.   "Communication" means any manner of transmitting or receiving facts, information, opinions or thoughts of any kind, without regard to whether such facts, information, opinions or thoughts were transmitted orally, in writing, electronically, visually, or by any other means.

5.   "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity.  "Person" means the plural as well as the singular.

6.   "Relating to" and/or "relate" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing,

supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to, including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

7.   "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of this request any information that might otherwise be construed to be outside of its scope.

<u>INSTRUCTIONS</u>

     1.  In producing documents and other materials, you are required to furnish all documents or things in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you, your directors, members, partners, officers, agents, auditors, employees, representatives, subsidiaries, managing agents, affiliates, or investigators or by your attorneys or their agents, employees, representatives, or investigators.  Without limiting the term "control," as used above, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person, or public or private entity, having possession or custody thereof.

     2.  If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating what document or what portion of that document is being withheld and the reason that document or portion of that document is being withheld.

     3.  All documents shall be produced in the same order as they are kept or maintained by you.

     4.  All documents shall be produced in the file, folder, envelope, or other container in which the documents are kept or maintained by you.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying markings.

     5.  A request for each document "relating to" a subject matter extends to each document that constitutes, contains, supports, modifies, contradicts, criticizes, concerns, describes, records, analyzes, evaluates, reports, pertains to, was prepared in connection with, arises from, is or has been collected by, or recorded by a present or former agent, representative, officer, employee, attorney, board, committee, subcommittee, or any other person acting or purporting to act on your behalf in relation to the subject matter specified.

     6.  Documents that are attached to each other in any manner shall not be separated.

     7.  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

8.   If you do not produce a document or a portion thereof based on a claim of attorney-client privilege, any other privilege, or work product doctrine protection, with respect to that document or portion not produced,

     A.   state the date of the document;

     B.   identify each author of the document;

     C.   identify each other person who prepared or participated in the preparation of the document;

     D.   identify each person who received the document;

     E.   identify each person from whom the document was received;

     F.   describe the subject matter of the document;

     G.   state the present location and custodian of the document and all copies thereof;

     H.   state the paragraphs and subparagraphs of this Request to which the document is responsive;

     I.   identify the privilege asserted; and

     J.   provide sufficient further information concerning the document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

The information requested herein may be produced for each such document in the form of a privilege log or index.

9.   In producing documents and other materials responsive to this Request, identify by paragraph and subparagraph the particular request to which each produced document is responsive.  If a document is responsive to more than one particular request, each request to which it is responsive should be identified.

10.   If a document once existed and is no longer in your possession, custody or control, state when such document was most recently in your possession or subject to your control and what disposition was made of it.  If the document still exists, state the location of such document.  If documents have been destroyed, identify when they were destroyed, the person who

destroyed them, the person who directed that they be destroyed, the reason(s) for such action, and any communications or documents which related or refer to the destruction of the documents.   In addition, for each such document previously in your possession, custody or control, provide a description of the document, including the type of document (i.e., letter, memorandum, report), the subject matter of the document, its date of writing, creation, or publication, identification of each person for whom the document was prepared and to whom it was delivered, and its last known custodian.

11.   If any document is produced in redacted form, state with particularity the reason(s) it was not produced in full, and describe those portions of the document which are not being produced in a manner sufficient to identify the document for purposes of a motion to compel discovery.

12.   If production of any requested document is objected to on the grounds that it is burdensome or oppressive, identify: (a) the precise reasons why production poses a special burden; (b) the approximate number of documents/pages that have been called for; and (c) the location(s) of the document(s) which have been called for.

13.   Each document request shall be deemed continuing, and you are required to supplement your production of documents promptly upon obtaining additional responsive documents.

14.   In accordance with the July 21, 2014 Order of the Luxembourg District Court (*Tribunal d'arrondissement de et à Luxembourg*), the time period covered by this Subpoena is from 2004 to the present.

## DOCUMENTS TO BE PRODUCED

All documents relating to:

1.  Any credit memos or rebates accorded to customers of IGI, or customers of any other company of the IGI Group, and any payments by such customers to IGI, any company of the IGI Group, Roland Lorié, Jerry Ehrenwald or any family member or designee of any of them, or any entity in which any of IGI, Roland Lorié or Jerry Ehrenwald holds or ever held, directly or indirectly, a legal or beneficial interest.

2.  Any safe deposit box opened in the name of Carol Lorié or Carol Lorié Low in Antwerp, Belgium, including but not limited to the contents of any such safe deposit box.

3.  Any contributions directly or indirectly made to any charitable organizations by IGI or any other company of the IGI Group.

4.  Any loans from IGI Dubai DMCC, or any other company of the IGI Group, to Jerry Ehrenwald, directly or indirectly, any payments from IGI Dubai DMCC or any other company of the IGI Group to Jerry Ehrenwald, directly or indirectly, and any payments or repayments by or on behalf of Jerry Ehrenwald to IGI Dubai DMCC or any other company of the IGI Group.

5.  Any revenues or other funds of IGI that were transferred, directly or indirectly, to Roland Lorié, or any family member or designee of Roland Lorié, or any entity in which Roland Lorié or any family member or designee of Roland Lorié held or holds a legal or beneficial interest.

6.  Any communications between Roland Lorié and Jerry Ehrenwald, directly or indirectly, with regard to requests by or on behalf of Marc Brauner or Real Estates International, S.A. for information or documents concerning the financial condition or operations of IGI, or any other company of the IGI Group, or with regard to the response made or to be made to any such requests.

7.  Any communications between Roland Lorié and John Li, directly or indirectly, or between Roland Lorié and any other employee of IGI or of any other company of the IGI Group, directly or indirectly, with regard to such employee's communications with Marc Brauner or Real Estates International, S.A., including but not limited to such employee's response to requests by or on behalf of Marc Brauner or Real Estates International, S.A. for information or documents concerning the financial condition or operations of IGI or any other company of the IGI Group, or with regard to the response made or to be made to any such requests.

8.  Any communications between (1) Roland Lorié, John Li or Jerry Ehrenwald, and (2) Arti Chandra, Kimberly Nairn, Agnes Chan and/or Hemant Prajapati with regard to any of the credit memos or rebates referenced in Category No. 1, *supra*, any of the charitable contributions referenced in Category No. 3, *supra*, any of the loans, payments or repayments referenced in Category No. 4, *supra*, any of the transfers of revenues or other funds of IGI referenced in Category No. 5, *supra*, and any of the requests for information or documents, or responses

thereto, referenced in Category No. 6, *supra*.

# EXHIBIT 5

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

Southern District of New York

| | |
|---|---|
| In Re App. of Real Estates Int'l S.A.-S.P.F. et al | ) |
| *Plaintiff* | ) |
| v. | )   Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Hemant A. Prajapati
_____
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Moskowitz & Book | Date and Time: |
|---|---|
| 345 Seventh Avenue, 21st Floor | |
| New York, New York 10001 | |

The deposition will be recorded by this method:   court reporter
_____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please make production of documents identified on Exhibit A on or before _____

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

                                                      OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Real Estates Int'l
S.A.-S.P.F. and Marc Brauner                                    , who issues or requests this subpoena, are:
Stephen L. Dreyfuss, Esq., Hellring Lindeman Goldstein & Siegal LLP, One Gateway Center, Newark, New Jersey
07102, (973) 621-9020, sldreyfuss@hlgslaw.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEFINITIONS

1.   "Document" means the original and any nonidentical copy (whether different from the original because of handwritten notes or underlining on the copy or otherwise), regardless of origin or location, of any writing or record of any type of description, including but not limited to, papers, letters, correspondence, telegrams, telexes, telecopies, e-mails, circulars, releases, notes, notations, notebooks, notations of conversations or meetings, minutes of meetings, transcripts, interoffice communications, journals, diaries, logs, calendars, agreements, reports, periodicals, magazines, booklets, bulletins, instructions, articles, books, studies, tables, charts, analyses, graphs, prospectuses, financial statements, bills, checks, vouchers, schedules, memoranda, advertisements, pictures, photographs and photographic negatives, films, orders, purchase orders, bills of lading, bid tabulations, invoices, questionnaires, surveys, contracts, options, memoranda of agreements, assignments, licenses, accounting books and records, drafts, summaries, revisions or amendments of any of the above, electrical or magnetic recordings or transcripts thereof, and/or any other writings, whether typed, handwritten, printed or otherwise, of any kind or description, prepared and/or communicated by any person in any manner, mode or medium, including by email, blog posting, text message, Twitter account and Facebook posting, and all other forms of communication.

2.   "IGI" means International Gemological Institute, Inc., a New York corporation.

3.   "IGI Group" refers to all companies owned by Vazon Investments, S.A. or Hattron (India) Ltd., including but not limited to IGI, International Gemological (Hong Kong) Limited, International Gemological Institute (Israel), International Gemological Institute (India) Private Limited, International Gemological Institute (Japan) Limited, International Gemological Institute DMCC (Dubai), and International Gemological Identification (Thailand) Limited.

4.   "Communication" means any manner of transmitting or receiving facts, information, opinions or thoughts of any kind, without regard to whether such facts, information, opinions or thoughts were transmitted orally, in writing, electronically, visually, or by any other means.

5.   "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity. "Person" means the plural as well as the singular.

6.   "Relating to" and/or "relate" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing,

supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to, including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

7.   "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of this request any information that might otherwise be construed to be outside of its scope.

2

<u>INSTRUCTIONS</u>

1.   In producing documents and other materials, you are required to furnish all documents or things in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you, your directors, members, partners, officers, agents, auditors, employees, representatives, subsidiaries, managing agents, affiliates, or investigators or by your attorneys or their agents, employees, representatives, or investigators.  Without limiting the term "control," as used above, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person, or public or private entity, having possession or custody thereof.

2.   If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating what document or what portion of that document is being withheld and the reason that document or portion of that document is being withheld.

3.   All documents shall be produced in the same order as they are kept or maintained by you.

4.   All documents shall be produced in the file, folder, envelope, or other container in which the documents are kept or maintained by you.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying markings.

5.   A request for each document "relating to" a subject matter extends to each document that constitutes, contains, supports, modifies, contradicts, criticizes, concerns, describes, records, analyzes, evaluates, reports, pertains to, was prepared in connection with, arises from, is or has been collected by, or recorded by a present or former agent, representative, officer, employee, attorney, board, committee, subcommittee, or any other person acting or purporting to act on your behalf in relation to the subject matter specified.

6.   Documents that are attached to each other in any manner shall not be separated.

7.   The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

3

8.   If you do not produce a document or a portion thereof based on a claim of attorney-client privilege, any other privilege, or work product doctrine protection, with respect to that document or portion not produced,

A.   state the date of the document;

B.   identify each author of the document;

C.   identify each other person who prepared or participated in the preparation of the document;

D.   identify each person who received the document;

E.   identify each person from whom the document was received;

F.   describe the subject matter of the document;

G.   state the present location and custodian of the document and all copies thereof;

H.   state the paragraphs and subparagraphs of this Request to which the document is responsive;

I.   identify the privilege asserted; and

J.   provide sufficient further information concerning the document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

The information requested herein may be produced for each such document in the form of a privilege log or index.

9.   In producing documents and other materials responsive to this Request, identify by paragraph and subparagraph the particular request to which each produced document is responsive.  If a document is responsive to more than one particular request, each request to which it is responsive should be identified.

10.   If a document once existed and is no longer in your possession, custody or control, state when such document was most recently in your possession or subject to your control and what disposition was made of it.  If the document still exists, state the location of such document.  If documents have been destroyed, identify when they were destroyed, the person who

destroyed them, the person who directed that they be destroyed, the reason(s) for such action, and any communications or documents which related or refer to the destruction of the documents. In addition, for each such document previously in your possession, custody or control, provide a description of the document, including the type of document (i.e., letter, memorandum, report), the subject matter of the document, its date of writing, creation, or publication, identification of each person for whom the document was prepared and to whom it was delivered, and its last known custodian.

   11.   If any document is produced in redacted form, state with particularity the reason(s) it was not produced in full, and describe those portions of the document which are not being produced in a manner sufficient to identify the document for purposes of a motion to compel discovery.

   12.   If production of any requested document is objected to on the grounds that it is burdensome or oppressive, identify: (a) the precise reasons why production poses a special burden; (b) the approximate number of documents/pages that have been called for; and (c) the location(s) of the document(s) which have been called for.

   13.   Each document request shall be deemed continuing, and you are required to supplement your production of documents promptly upon obtaining additional responsive documents.

   14.   In accordance with the July 21, 2014 Order of the Luxembourg District Court (*Tribunal d'arrondissement de et à Luxembourg*), the time period covered by this Subpoena is from 2004 to the present.

## DOCUMENTS TO BE PRODUCED

All documents relating to:

1. Any credit memos or rebates accorded to customers of IGI, or customers of any other company of the IGI Group, and any payments by such customers to IGI, any company of the IGI Group, Roland Lorié, Jerry Ehrenwald or any family member or designee of any of them, or any entity in which any of IGI, Roland Lorié or Jerry Ehrenwald holds or ever held, directly or indirectly, a legal or beneficial interest.

2. Any safe deposit box opened in the name of Carol Lorié or Carol Lorié Low in Antwerp, Belgium, including but not limited to the contents of any such safe deposit box.

3. Any contributions directly or indirectly made to any charitable organizations by IGI or any other company of the IGI Group.

4. Any loans from IGI Dubai DMCC, or any other company of the IGI Group, to Jerry Ehrenwald, directly or indirectly, any payments from IGI Dubai DMCC or any other company of the IGI Group to Jerry Ehrenwald, directly or indirectly, and any payments or repayments by or on behalf of Jerry Ehrenwald to IGI Dubai DMCC or any other company of the IGI Group.

5. Any revenues or other funds of IGI that were transferred, directly or indirectly, to Roland Lorié, or any family member or designee of Roland Lorié, or any entity in which Roland Lorié or any family member or designee of Roland Lorié held or holds a legal or beneficial interest.

6. Any communications between Roland Lorié and Jerry Ehrenwald, directly or indirectly, with regard to requests by or on behalf of Marc Brauner or Real Estates International, S.A. for information or documents concerning the financial condition or operations of IGI, or any other company of the IGI Group, or with regard to the response made or to be made to any such requests.

7. Any communications between Roland Lorié and John Li, directly or indirectly, or between Roland Lorié and any other employee of IGI or of any other company of the IGI Group, directly or indirectly, with regard to such employee's communications with Marc Brauner or Real Estates International, S.A., including but not limited to such employee's response to requests by or on behalf of Marc Brauner or Real Estates International, S.A. for information or documents concerning the financial condition or operations of IGI or any other company of the IGI Group, or with regard to the response made or to be made to any such requests.

8. Any communications between (1) Roland Lorié, John Li or Jerry Ehrenwald, and (2) Arti Chandra, Kimberly Nairn, Agnes Chan and/or Hemant Prajapati with regard to any of the credit memos or rebates referenced in Category No. 1, *supra*, any of the charitable contributions referenced in Category No. 3, *supra*, any of the loans, payments or repayments referenced in Category No. 4, *supra*, any of the transfers of revenues or other funds of IGI referenced in Category No. 5, *supra*, and any of the requests for information or documents, or responses

thereto, referenced in Category No. 6, *supra*.

9.  All federal and state corporate tax returns, all audited and unaudited financial statements and all accountant's work papers prepared by Hemant A. Prajapati or his firm with regard to IGI, from 2004 to date.

# EXHIBIT 6

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| In Re App. of Real Estates Int'l S.A.-S.P.F. et al | ) | |
|---|---|---|
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                    Carol Lorie Low

_____
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place:  Moskowitz & Book<br>345 Seventh Avenue, 21st Floor<br>New York, New York 10001 | Date and Time: |
|---|---|

The deposition will be recorded by this method:     court reporter

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please make production of documents identified on Exhibit A on or before _____

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

         *CLERK OF COURT*

                                   OR

_____        _____
      *Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Real Estates Int'l
S.A.-S.P.F. and Marc Brauner _____ , who issues or requests this subpoena, are:
Stephen L. Dreyfuss, Esq., Hellring Lindeman Goldstein & Siegal LLP, One Gateway Center, Newark, New Jersey 07102, (973) 621-9020, sldreyfuss@hlgslaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. _____

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## DEFINITIONS

1.   "Document" means the original and any nonidentical copy (whether different from the original because of handwritten notes or underlining on the copy or otherwise), regardless of origin or location, of any writing or record of any type of description, including but not limited to, papers, letters, correspondence, telegrams, telexes, telecopies, e-mails, circulars, releases, notes, notations, notebooks, notations of conversations or meetings, minutes of meetings, transcripts, interoffice communications, journals, diaries, logs, calendars, agreements, reports, periodicals, magazines, booklets, bulletins, instructions, articles, books, studies, tables, charts, analyses, graphs, prospectuses, financial statements, bills, checks, vouchers, schedules, memoranda, advertisements, pictures, photographs and photographic negatives, films, orders, purchase orders, bills of lading, bid tabulations, invoices, questionnaires, surveys, contracts, options, memoranda of agreements, assignments, licenses, accounting books and records, drafts, summaries, revisions or amendments of any of the above, electrical or magnetic recordings or transcripts thereof, and/or any other writings, whether typed, handwritten, printed or otherwise, of any kind or description, prepared and/or communicated by any person in any manner, mode or medium, including by email, blog posting, text message, Twitter account and Facebook posting, and all other forms of communication.

2.   "IGI" means International Gemological Institute, Inc., a New York corporation.

3.   "IGI Group" refers to all companies owned by Vazon Investments, S.A. or Hattron (India) Ltd., including but not limited to IGI, International Gemological (Hong Kong) Limited, International Gemological Institute (Israel), International Gemological Institute (India) Private Limited, International Gemological Institute (Japan) Limited, International Gemological Institute DMCC (Dubai), and International Gemological Identification (Thailand) Limited.

4.   "Communication" means any manner of transmitting or receiving facts, information, opinions or thoughts of any kind, without regard to whether such facts, information, opinions or thoughts were transmitted orally, in writing, electronically, visually, or by any other means.

5.   "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity. "Person" means the plural as well as the singular.

6.   "Relating to" and/or "relate" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing,

supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to, including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

      7.   "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of this request any information that might otherwise be construed to be outside of its scope.

## INSTRUCTIONS

1.   In producing documents and other materials, you are required to furnish all documents or things in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you, your directors, members, partners, officers, agents, auditors, employees, representatives, subsidiaries, managing agents, affiliates, or investigators or by your attorneys or their agents, employees, representatives, or investigators.  Without limiting the term "control," as used above, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person, or public or private entity, having possession or custody thereof.

2.   If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating what document or what portion of that document is being withheld and the reason that document or portion of that document is being withheld.

3.   All documents shall be produced in the same order as they are kept or maintained by you.

4.   All documents shall be produced in the file, folder, envelope, or other container in which the documents are kept or maintained by you.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying markings.

5.   A request for each document "relating to" a subject matter extends to each document that constitutes, contains, supports, modifies, contradicts, criticizes, concerns, describes, records, analyzes, evaluates, reports, pertains to, was prepared in connection with, arises from, is or has been collected by, or recorded by a present or former agent, representative, officer, employee, attorney, board, committee, subcommittee, or any other person acting or purporting to act on your behalf in relation to the subject matter specified.

6.   Documents that are attached to each other in any manner shall not be separated.

7.   The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

3

8.  If you do not produce a document or a portion thereof based on a claim of attorney-client privilege, any other privilege, or work product doctrine protection, with respect to that document or portion not produced,

        A.  state the date of the document;

        B.  identify each author of the document;

        C.  identify each other person who prepared or participated in the preparation of the document;

        D.  identify each person who received the document;

        E.  identify each person from whom the document was received;

        F.  describe the subject matter of the document;

        G.  state the present location and custodian of the document and all copies thereof;

        H.  state the paragraphs and subparagraphs of this Request to which the document is responsive;

        I.  identify the privilege asserted; and

        J.  provide sufficient further information concerning the document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

The information requested herein may be produced for each such document in the form of a privilege log or index.

9.  In producing documents and other materials responsive to this Request, identify by paragraph and subparagraph the particular request to which each produced document is responsive.  If a document is responsive to more than one particular request, each request to which it is responsive should be identified.

10.  If a document once existed and is no longer in your possession, custody or control, state when such document was most recently in your possession or subject to your control and what disposition was made of it.  If the document still exists, state the location of such document.  If documents have been destroyed, identify when they were destroyed, the person who

destroyed them, the person who directed that they be destroyed, the reason(s) for such action, and any communications or documents which related or refer to the destruction of the documents.  In addition, for each such document previously in your possession, custody or control, provide a description of the document, including the type of document (i.e., letter, memorandum, report), the subject matter of the document, its date of writing, creation, or publication, identification of each person for whom the document was prepared and to whom it was delivered, and its last known custodian.

11.  If any document is produced in redacted form, state with particularity the reason(s) it was not produced in full, and describe those portions of the document which are not being produced in a manner sufficient to identify the document for purposes of a motion to compel discovery.

12.  If production of any requested document is objected to on the grounds that it is burdensome or oppressive, identify: (a) the precise reasons why production poses a special burden; (b) the approximate number of documents/pages that have been called for; and (c) the location(s) of the document(s) which have been called for.

13.  Each document request shall be deemed continuing, and you are required to supplement your production of documents promptly upon obtaining additional responsive documents.

14.  In accordance with the July 21, 2014 Order of the Luxembourg District Court (*Tribunal d'arrondissement de et à Luxembourg*), the time period covered by this Subpoena is from 2004 to the present.

## DOCUMENTS TO BE PRODUCED

All documents relating to:

1.  Any credit memos or rebates accorded to customers of IGI, or customers of any other company of the IGI Group, and any payments by such customers to IGI, any company of the IGI Group, Roland Lorié, Jerry Ehrenwald or any family member or designee of any of them, or any entity in which any of IGI, Roland Lorié or Jerry Ehrenwald holds or ever held, directly or indirectly, a legal or beneficial interest.

2.  Any safe deposit box opened in the name of Carol Lorié or Carol Lorié Low in Antwerp, Belgium, including but not limited to the contents of any such safe deposit box.

3.  Any contributions directly or indirectly made to any charitable organizations by IGI or any other company of the IGI Group.

4.  Any loans from IGI Dubai DMCC, or any other company of the IGI Group, to Jerry Ehrenwald, directly or indirectly, any payments from IGI Dubai DMCC or any other company of the IGI Group to Jerry Ehrenwald, directly or indirectly, and any payments or repayments by or on behalf of Jerry Ehrenwald to IGI Dubai DMCC or any other company of the IGI Group.

5.  Any revenues or other funds of IGI that were transferred, directly or indirectly, to Roland Lorié, or any family member or designee of Roland Lorié, or any entity in which Roland Lorié or any family member or designee of Roland Lorié held or holds a legal or beneficial interest.

6.  Any communications between Roland Lorié and Jerry Ehrenwald, directly or indirectly, with regard to requests by or on behalf of Marc Brauner or Real Estates International, S.A. for information or documents concerning the financial condition or operations of IGI, or any other company of the IGI Group, or with regard to the response made or to be made to any such requests.

7.  Any communications between Roland Lorié and John Li, directly or indirectly, or between Roland Lorié and any other employee of IGI or of any other company of the IGI Group, directly or indirectly, with regard to such employee's communications with Marc Brauner or Real Estates International, S.A., including but not limited to such employee's response to requests by or on behalf of Marc Brauner or Real Estates International, S.A. for information or documents concerning the financial condition or operations of IGI or any other company of the IGI Group, or with regard to the response made or to be made to any such requests.

8.  Any communications between (1) Roland Lorié, John Li or Jerry Ehrenwald, and (2) Arti Chandra, Kimberly Nairn, Agnes Chan and/or Hemant Prajapati with regard to any of the credit memos or rebates referenced in Category No. 1, *supra*, any of the charitable contributions referenced in Category No. 3, *supra*, any of the loans, payments or repayments referenced in Category No. 4, *supra*, any of the transfers of revenues or other funds of IGI referenced in Category No. 5, *supra*, and any of the requests for information or documents, or responses

thereto, referenced in Category No. 6, *supra*.

# EXHIBIT 7

AO 88A  (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### Southern District of New York

| | |
|---|---|
| In Re App. of Real Estates Int'l S.A.-S.P.F. et al | ) |
| _____ | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| _____ | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                  Joseph Low
_____
*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Moskowitz & Book<br>345 Seventh Avenue, 21st Floor<br>New York, New York 10001 | Date and Time: |
|---|---|

The deposition will be recorded by this method:    court reporter
_____

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please make production of documents identified on Exhibit A on or before _____

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

        *CLERK OF COURT*
                                              OR
    _____        _____
    *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Real Estates Int'l
S.A.-S.P.F. and Marc Brauner _____ , who issues or requests this subpoena, are:
Stephen L. Dreyfuss, Esq., Hellring Lindeman Goldstein & Siegal LLP, One Gateway Center, Newark, New Jersey
07102, (973) 621-9020, sldreyfuss@hlgslaw.com

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0.00        .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>DEFINITIONS</u>

1.  "Document" means the original and any nonidentical copy (whether different from the original because of handwritten notes or underlining on the copy or otherwise), regardless of origin or location, of any writing or record of any type of description, including but not limited to, papers, letters, correspondence, telegrams, telexes, telecopies, e-mails, circulars, releases, notes, notations, notebooks, notations of conversations or meetings, minutes of meetings, transcripts, interoffice communications, journals, diaries, logs, calendars, agreements, reports, periodicals, magazines, booklets, bulletins, instructions, articles, books, studies, tables, charts, analyses, graphs, prospectuses, financial statements, bills, checks, vouchers, schedules, memoranda, advertisements, pictures, photographs and photographic negatives, films, orders, purchase orders, bills of lading, bid tabulations, invoices, questionnaires, surveys, contracts, options, memoranda of agreements, assignments, licenses, accounting books and records, drafts, summaries, revisions or amendments of any of the above, electrical or magnetic recordings or transcripts thereof, and/or any other writings, whether typed, handwritten, printed or otherwise, of any kind or description, prepared and/or communicated by any person in any manner, mode or medium, including by email, blog posting, text message, Twitter account and Facebook posting, and all other forms of communication.

2.  "IGI" means International Gemological Institute, Inc., a New York corporation.

3.  "IGI Group" refers to all companies owned by Vazon Investments, S.A. or Hattron (India) Ltd., including but not limited to IGI, International Gemological (Hong Kong) Limited, International Gemological Institute (Israel), International Gemological Institute (India) Private Limited, International Gemological Institute (Japan) Limited, International Gemological Institute DMCC (Dubai), and International Gemological Identification (Thailand) Limited.

4.  "Communication" means any manner of transmitting or receiving facts, information, opinions or thoughts of any kind, without regard to whether such facts, information, opinions or thoughts were transmitted orally, in writing, electronically, visually, or by any other means.

5.  "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity.  "Person" means the plural as well as the singular.

6.  "Relating to" and/or "relate" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing,

supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to, including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

      7.    "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of this request any information that might otherwise be construed to be outside of its scope.

## <u>INSTRUCTIONS</u>

1.   In producing documents and other materials, you are required to furnish all documents or things in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you, your directors, members, partners, officers, agents, auditors, employees, representatives, subsidiaries, managing agents, affiliates, or investigators or by your attorneys or their agents, employees, representatives, or investigators.  Without limiting the term "control," as used above, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person, or public or private entity, having possession or custody thereof.

2.   If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating what document or what portion of that document is being withheld and the reason that document or portion of that document is being withheld.

3.   All documents shall be produced in the same order as they are kept or maintained by you.

4.   All documents shall be produced in the file, folder, envelope, or other container in which the documents are kept or maintained by you.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying markings.

5.   A request for each document "relating to" a subject matter extends to each document that constitutes, contains, supports, modifies, contradicts, criticizes, concerns, describes, records, analyzes, evaluates, reports, pertains to, was prepared in connection with, arises from, is or has been collected by, or recorded by a present or former agent, representative, officer, employee, attorney, board, committee, subcommittee, or any other person acting or purporting to act on your behalf in relation to the subject matter specified.

6.   Documents that are attached to each other in any manner shall not be separated.

7.   The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

8.  If you do not produce a document or a portion thereof based on a claim of attorney-client privilege, any other privilege, or work product doctrine protection, with respect to that document or portion not produced,

A.  state the date of the document;

B.  identify each author of the document;

C.  identify each other person who prepared or participated in the preparation of the document;

D.  identify each person who received the document;

E.  identify each person from whom the document was received;

F.  describe the subject matter of the document;

G.  state the present location and custodian of the document and all copies thereof;

H.  state the paragraphs and subparagraphs of this Request to which the document is responsive;

I.  identify the privilege asserted; and

J.  provide sufficient further information concerning the document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

The information requested herein may be produced for each such document in the form of a privilege log or index.

9.  In producing documents and other materials responsive to this Request, identify by paragraph and subparagraph the particular request to which each produced document is responsive.  If a document is responsive to more than one particular request, each request to which it is responsive should be identified.

10.  If a document once existed and is no longer in your possession, custody or control, state when such document was most recently in your possession or subject to your control and what disposition was made of it.  If the document still exists, state the location of such document.  If documents have been destroyed, identify when they were destroyed, the person who

destroyed them, the person who directed that they be destroyed, the reason(s) for such action, and any communications or documents which related or refer to the destruction of the documents. In addition, for each such document previously in your possession, custody or control, provide a description of the document, including the type of document (i.e., letter, memorandum, report), the subject matter of the document, its date of writing, creation, or publication, identification of each person for whom the document was prepared and to whom it was delivered, and its last known custodian.

11. If any document is produced in redacted form, state with particularity the reason(s) it was not produced in full, and describe those portions of the document which are not being produced in a manner sufficient to identify the document for purposes of a motion to compel discovery.

12. If production of any requested document is objected to on the grounds that it is burdensome or oppressive, identify: (a) the precise reasons why production poses a special burden; (b) the approximate number of documents/pages that have been called for; and (c) the location(s) of the document(s) which have been called for.

13. Each document request shall be deemed continuing, and you are required to supplement your production of documents promptly upon obtaining additional responsive documents.

14. In accordance with the July 21, 2014 Order of the Luxembourg District Court (*Tribunal d'arrondissement de et à Luxembourg*), the time period covered by this Subpoena is from 2004 to the present.

## DOCUMENTS TO BE PRODUCED

All documents relating to:

1. Any credit memos or rebates accorded to customers of IGI, or customers of any other company of the IGI Group, and any payments by such customers to IGI, any company of the IGI Group, Roland Lorié, Jerry Ehrenwald or any family member or designee of any of them, or any entity in which any of IGI, Roland Lorié or Jerry Ehrenwald holds or ever held, directly or indirectly, a legal or beneficial interest.

2. Any safe deposit box opened in the name of Carol Lorié or Carol Lorié Low in Antwerp, Belgium, including but not limited to the contents of any such safe deposit box.

3. Any contributions directly or indirectly made to any charitable organizations by IGI or any other company of the IGI Group.

4. Any loans from IGI Dubai DMCC, or any other company of the IGI Group, to Jerry Ehrenwald, directly or indirectly, any payments from IGI Dubai DMCC or any other company of the IGI Group to Jerry Ehrenwald, directly or indirectly, and any payments or repayments by or on behalf of Jerry Ehrenwald to IGI Dubai DMCC or any other company of the IGI Group.

5. Any revenues or other funds of IGI that were transferred, directly or indirectly, to Roland Lorié, or any family member or designee of Roland Lorié, or any entity in which Roland Lorié or any family member or designee of Roland Lorié held or holds a legal or beneficial interest.

6. Any communications between Roland Lorié and Jerry Ehrenwald, directly or indirectly, with regard to requests by or on behalf of Marc Brauner or Real Estates International, S.A. for information or documents concerning the financial condition or operations of IGI, or any other company of the IGI Group, or with regard to the response made or to be made to any such requests.

7. Any communications between Roland Lorié and John Li, directly or indirectly, or between Roland Lorié and any other employee of IGI or of any other company of the IGI Group, directly or indirectly, with regard to such employee's communications with Marc Brauner or Real Estates International, S.A., including but not limited to such employee's response to requests by or on behalf of Marc Brauner or Real Estates International, S.A. for information or documents concerning the financial condition or operations of IGI or any other company of the IGI Group, or with regard to the response made or to be made to any such requests.

8. Any communications between (1) Roland Lorié, John Li or Jerry Ehrenwald, and (2) Arti Chandra, Kimberly Nairn, Agnes Chan and/or Hemant Prajapati with regard to any of the credit memos or rebates referenced in Category No. 1, *supra*, any of the charitable contributions referenced in Category No. 3, *supra*, any of the loans, payments or repayments referenced in Category No. 4, *supra*, any of the transfers of revenues or other funds of IGI referenced in Category No. 5, *supra*, and any of the requests for information or documents, or responses

thereto, referenced in Category No. 6, *supra*.

# EXHIBIT 8

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of New York

| | |
|---|---|
| In Re App. of Real Estates Int'l S.A.-S.P.F. et al | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                                     Arti Chandra

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Moskowitz & Book<br>345 Seventh Avenue, 21st Floor<br>New York, New York 10001 | Date and Time: |
|---|---|

The deposition will be recorded by this method: ___court reporter___

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

Please make production of documents identified on Exhibit A on or before _____

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  *CLERK OF COURT* | |
|---|---|
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ___Real Estates Int'l___ S.A.-S.P.F. and Marc Brauner _____, who issues or requests this subpoena, are:
Stephen L. Dreyfuss, Esq., Hellring Lindeman Goldstein & Siegal LLP, One Gateway Center, Newark, New Jersey 07102, (973) 621-9020, sldreyfuss@hlgslaw.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

&#9633; I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

&#9633; I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

<u>DEFINITIONS</u>

1.  "Document" means the original and any nonidentical copy (whether different from the original because of handwritten notes or underlining on the copy or otherwise), regardless of origin or location, of any writing or record of any type of description, including but not limited to, papers, letters, correspondence, telegrams, telexes, telecopies, e-mails, circulars, releases, notes, notations, notebooks, notations of conversations or meetings, minutes of meetings, transcripts, interoffice communications, journals, diaries, logs, calendars, agreements, reports, periodicals, magazines, booklets, bulletins, instructions, articles, books, studies, tables, charts, analyses, graphs, prospectuses, financial statements, bills, checks, vouchers, schedules, memoranda, advertisements, pictures, photographs and photographic negatives, films, orders, purchase orders, bills of lading, bid tabulations, invoices, questionnaires, surveys, contracts, options, memoranda of agreements, assignments, licenses, accounting books and records, drafts, summaries, revisions or amendments of any of the above, electrical or magnetic recordings or transcripts thereof, and/or any other writings, whether typed, handwritten, printed or otherwise, of any kind or description, prepared and/or communicated by any person in any manner, mode or medium, including by email, blog posting, text message, Twitter account and Facebook posting, and all other forms of communication.

2.  "IGI" means International Gemological Institute, Inc., a New York corporation.

3.  "IGI Group" refers to all companies owned by Vazon Investments, S.A. or Hattron (India) Ltd., including but not limited to IGI, International Gemological (Hong Kong) Limited, International Gemological Institute (Israel), International Gemological Institute (India) Private Limited, International Gemological Institute (Japan) Limited, International Gemological Institute DMCC (Dubai), and International Gemological Identification (Thailand) Limited.

4.  "Communication" means any manner of transmitting or receiving facts, information, opinions or thoughts of any kind, without regard to whether such facts, information, opinions or thoughts were transmitted orally, in writing, electronically, visually, or by any other means.

5.  "Person" means an individual, firm, partnership, corporation, incorporated or unincorporated association, and any other legal, commercial, corporate or natural entity. "Person" means the plural as well as the singular.

6.  "Relating to" and/or "relate" means in whole or in part constituting, containing, concerning, embodying, evaluating, reflecting, describing, discussing, demonstrating, evidencing,

supporting, analyzing, identifying, stating, referring to or dealing with, or in any way pertaining to, including without limitation documents that relate to the preparation of another document, or documents that are attached to or enclosed with another document.

      7.   "And" as well as "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of this request any information that might otherwise be construed to be outside of its scope.

<u>INSTRUCTIONS</u>

1.   In producing documents and other materials, you are required to furnish all documents or things in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you, your directors, members, partners, officers, agents, auditors, employees, representatives, subsidiaries, managing agents, affiliates, or investigators or by your attorneys or their agents, employees, representatives, or investigators.  Without limiting the term "control," as used above, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person, or public or private entity, having possession or custody thereof.

2.   If any requested document or thing cannot be produced in full, produce it to the extent possible, indicating what document or what portion of that document is being withheld and the reason that document or portion of that document is being withheld.

3.   All documents shall be produced in the same order as they are kept or maintained by you.

4.   All documents shall be produced in the file, folder, envelope, or other container in which the documents are kept or maintained by you.  If, for any reason, the container cannot be produced, produce copies of all labels or other identifying markings.

5.   A request for each document "relating to" a subject matter extends to each document that constitutes, contains, supports, modifies, contradicts, criticizes, concerns, describes, records, analyzes, evaluates, reports, pertains to, was prepared in connection with, arises from, is or has been collected by, or recorded by a present or former agent, representative, officer, employee, attorney, board, committee, subcommittee, or any other person acting or purporting to act on your behalf in relation to the subject matter specified.

6.   Documents that are attached to each other in any manner shall not be separated.

7.   The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun, and vice versa.  The masculine form of a noun or pronoun shall be considered to include within its meaning the feminine form of the noun or pronoun, and vice versa.

8.   If you do not produce a document or a portion thereof based on a claim of attorney-client privilege, any other privilege, or work product doctrine protection, with respect to that document or portion not produced,

    A.   state the date of the document;

    B.   identify each author of the document;

    C.   identify each other person who prepared or participated in the preparation of the document;

    D.   identify each person who received the document;

    E.   identify each person from whom the document was received;

    F.   describe the subject matter of the document;

    G.   state the present location and custodian of the document and all copies thereof;

    H.   state the paragraphs and subparagraphs of this Request to which the document is responsive;

    I.   identify the privilege asserted; and

    J.   provide sufficient further information concerning the document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of the claim.

The information requested herein may be produced for each such document in the form of a privilege log or index.

9.   In producing documents and other materials responsive to this Request, identify by paragraph and subparagraph the particular request to which each produced document is responsive.  If a document is responsive to more than one particular request, each request to which it is responsive should be identified.

10.   If a document once existed and is no longer in your possession, custody or control, state when such document was most recently in your possession or subject to your control and what disposition was made of it.  If the document still exists, state the location of such document.  If documents have been destroyed, identify when they were destroyed, the person who

4

destroyed them, the person who directed that they be destroyed, the reason(s) for such action, and any communications or documents which related or refer to the destruction of the documents.  In addition, for each such document previously in your possession, custody or control, provide a description of the document, including the type of document (i.e., letter, memorandum, report), the subject matter of the document, its date of writing, creation, or publication, identification of each person for whom the document was prepared and to whom it was delivered, and its last known custodian.

11.   If any document is produced in redacted form, state with particularity the reason(s) it was not produced in full, and describe those portions of the document which are not being produced in a manner sufficient to identify the document for purposes of a motion to compel discovery.

12.   If production of any requested document is objected to on the grounds that it is burdensome or oppressive, identify: (a) the precise reasons why production poses a special burden; (b) the approximate number of documents/pages that have been called for; and (c) the location(s) of the document(s) which have been called for.

13.   Each document request shall be deemed continuing, and you are required to supplement your production of documents promptly upon obtaining additional responsive documents.

14.   In accordance with the July 21, 2014 Order of the Luxembourg District Court (*Tribunal d'arrondissement de et à Luxembourg*), the time period covered by this Subpoena is from 2004 to the present.

## DOCUMENTS TO BE PRODUCED

All documents relating to:

1. Any credit memos or rebates accorded to customers of IGI, or customers of any other company of the IGI Group, and any payments by such customers to IGI, any company of the IGI Group, Roland Lorié, Jerry Ehrenwald or any family member or designee of any of them, or any entity in which any of IGI, Roland Lorié or Jerry Ehrenwald holds or ever held, directly or indirectly, a legal or beneficial interest.

2. Any safe deposit box opened in the name of  Carol Lorié or Carol Lorié Low in Antwerp, Belgium, including but not limited to the contents of any such safe deposit box.

3. Any contributions directly or indirectly made to any charitable organizations by IGI or any other company of the IGI Group.

4. Any loans from IGI Dubai DMCC, or any other company of the IGI Group, to Jerry Ehrenwald, directly or indirectly, any payments from IGI Dubai DMCC or any other company of the IGI Group to Jerry Ehrenwald, directly or indirectly, and any payments or repayments by or on behalf of Jerry Ehrenwald to IGI Dubai DMCC or any other company of the IGI Group.

5. Any revenues or other funds of IGI that were transferred, directly or indirectly, to Roland Lorié, or any family member or designee of Roland Lorié, or any entity in which Roland Lorié or any family member or designee of Roland Lorié held or holds a legal or beneficial interest.

6. Any communications between Roland Lorié and Jerry Ehrenwald, directly or indirectly, with regard to requests by or on behalf of Marc Brauner or Real Estates International, S.A. for information or documents concerning the financial condition or operations of IGI, or any other company of the IGI Group, or with regard to the response made or to be made to any such requests.

7. Any communications between Roland Lorié and John Li, directly or indirectly, or between Roland Lorié and any other employee of IGI or of any other company of the IGI Group, directly or indirectly, with regard to such employee's communications with Marc Brauner or Real Estates International, S.A., including but not limited to such employee's response to requests by or on behalf of Marc Brauner or Real Estates International, S.A. for information or documents concerning the financial condition or operations of IGI or any other company of the IGI Group, or with regard to the response made or to be made to any such requests.

8. Any communications between (1) Roland Lorié, John Li or Jerry Ehrenwald, and (2) Arti Chandra, Kimberly Nairn, Agnes Chan and/or Hemant Prajapati with regard to any of the credit memos or rebates referenced in Category No. 1, *supra*, any of the charitable contributions referenced in Category No. 3, *supra*, any of the loans, payments or repayments referenced in Category No. 4, *supra*, any of the transfers of revenues or other funds of IGI referenced in Category No. 5, *supra*, and any of the requests for information or documents, or responses

thereto, referenced in Category No. 6, *supra*.