14 MISC 00227

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x

IN RE APPLICATION OF REAL          :        Case No. _____
ESTATES INTERNATIONAL S.A.-
S.P.F. and MARC BRAUNER for        :
an Order Pursuant to 28 U.S.C. § 1782
to Conduct Discovery for Use in a  :
Foreign Proceeding

---------------------------------------------------x

RECEIVED
JUL 2 8 2014
U.S.D.C. S.D. N.Y.
CASHIERS

---

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR AN
ORDER PURSUANT TO 28 U.S.C. §1782 TO CONDUCT DISCOVERY
FOR USE IN A FOREIGN PROCEEDING

---

**HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP**
Stephen L. Dreyfuss
Robert B. Rosen
One Gateway Center
Newark, New Jersey 07102-5386
(973) 621-9020

**MOSKOWITZ & BOOK**
345 Seventh Avenue, 21st Floor
New York, New York 10001
(212) 221-7999

Attorneys for Applicants Real Estates International S.A.-S.P.F.
and Marc Brauner

<u>**TABLE OF CONTENTS**</u>

<u>**Page**</u>

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   1

STATEMENT OF MATERIAL FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

    The Proceeding in Luxembourg . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

    The Subpoenas . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

    I.    THE APPLICATION SATISFIES THE THREE STATUTORY
           REQUIREMENTS OF 28 U.S.C. § 1782 . . . . . . . . . . . . . . . . . . . . . . . . . . .   8

    II.   THE COURT SHOULD EXERCISE ITS DISCRETION TO GRANT
           APPLICANTS LEAVE TO ISSUE THE SUBPOENAS . . . . . . . . . . . . . . . . .   10

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

i

# TABLE OF AUTHORITIES

**Cases Cited**                                                                    **Page (s)**

Brandi-Dohrn v. IKB Deutsche Industriebank AG,
      673 F.3d 76 (2d Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 12

Garcia v. Benjamin Group Enter.,
      800 F. Supp.2d 399  (E.D.N.Y. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

In re Edelman,
      295 F.3d 171 (2d Cir. 2002)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

In re Euromepa S.A.,
      51 F.3d 1095  (2d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

In re Gemeinshcaftspraxis Dr. Med. Schottdorf,
      No. Civ. M19-88 (BSJ), 2006 U.S. Dist. LEXIS 94161 (S.D.N.Y. Jan. 4, 2007) . . . . . . 12

Intel Corp. v. Advanced Micro Devices, Inc.,
      542 U.S. 241 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 10-12

Schmitz v. Bernstein Leibhard & Lifshitz, LLP,
      376 F.3d 79  (2d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**Statutes**

28 U.S.C. § 1782  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 8-10, 12

28 U.S.C. § 1782(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## PRELIMINARY STATEMENT

Applicants Real Estates International S.A.-S.P.F. ("REI") and Marc Brauner respectfully submit this memorandum of law in support of their application for an Order pursuant to 28 U.S.C. § 1782 granting them leave to issue, through their counsel, subpoenas upon witnesses found within this District for the purpose of conducting discovery that will be used in a foreign proceeding now pending in Luxembourg.

REI is a company organized under the laws of Luxembourg. It is wholly owned by Marc Brauner, a citizen of Belgium who currently resides in Hong Kong. REI owns a 40% interest in Vazon Investments S.A. ("Vazon"), which also is a Luxembourg company. The other 60% interest in Vazon is controlled by Roland Lorié, a citizen of Belgium, through Berkshire, which is a trust organized under the laws of Mauritius. Messrs. Brauner and Lorié, through REI and Berkshire, also own Hattron (India) Ltd. ("Hattron"), a company organized under the laws of Mauritius. Vazon and Hattron have subsidiary operating companies that are engaged in the business of appraising and certifying diamonds. Those operating companies are located throughout the world and will be referred to as the "IGI Group." In New York, the operating company is International Gemological Institute, Inc. ("IGI").

Messrs. Brauner and Lorié are in a dispute concerning the operations, management and financial affairs of Vazon and Hattron and the companies in the IGI Group. Mr. Brauner has alleged that Mr. Lorié misappropriated money from Vazon and the IGI Group, diverted money from Vazon and the IGI Group, concealed and destroyed evidence in connection with his wrongdoing, and attempted to freeze Mr. Brauner and REI out of the operations and affairs of Vazon and the IGI Group.

On July 18, 2014, Mr. Brauner and REI, through their counsel in Luxembourg, commenced a proceeding in Luxembourg District Court *(Tribunal d'arrondissement de et à*

*Luxembourg*) to have a provisional director appointed for Vazon who would have the power to administer and manage Vazon (and through Vazon, the IGI Group of companies), to audit the books and records of Vazon and the companies of the IGI Group for the past ten years, and to make all decisions and take all measures as are necessary for the provisional director to carry out his assignment.  The application to the Luxembourg court, and an English translation thereof, are attached as Exhibit A to the accompanying Declaration of François Reinard dated July 24, 2014 ("Reinard Declaration").  In accordance with Luxembourg procedure, the application was filed ex parte.

On July 21, 2014, the Luxembourg court granted the relief sought in the application and appointed a provisional director for Vazon.  The Luxembourg court's July 21 Order and an English translation of the Order are attached as Exhibit B to the Reinard Declaration.  Pursuant to the procedure in Luxembourg, as explained by Mr. Reinard in his Declaration, upon notice of the July 21 Order to Vazon, its 60% shareholder Berkshire, which is controlled by Mr. Lorié, will have the right to seek a further order from the Luxembourg court (and also to ask Vazon to seek such an order) withdrawing or vacating the July 21 Order.  Reinard Declaration ¶ 6.  Once such relief is sought, the Luxembourg court will hold a hearing at which the parties will be required to present evidence regarding the allegations made in the application and any defenses thereto.  That hearing typically is held expeditiously, often within days of the application for relief from the order, and generally is not delayed to allow the parties to gather additional evidence.  Id.  It is reasonably anticipated that Berkshire (perhaps joined by Vazon) will file for such relief and that a hearing will be held within the next few weeks, if not sooner.  Id.  For that reason, it is critical that the Court immediately grant the relief sought herein so that the Applicants can issue the subpoenas and

conduct the discovery of the witnesses found in this District in a timely manner to enable the evidence obtained from these witnesses to be used in the pending Luxembourg proceeding.

As discussed below, the Application meets the statutory requirements of Section 1782 and the discretionary factors set forth by the Supreme Court in <u>Intel Corp. v. Advanced Micro Devices, Inc.</u>, 542 U.S. 241 (2004). Accordingly, the Court should grant the relief requested in the Application.

**STATEMENT OF MATERIAL FACTS**

The facts are more fully set forth in the Application filed with this Court, and the application filed with the Luxembourg court. A copy of the Luxembourg application, with an English translation, is attached as Exhibit A to the Reinard Declaration.

<u>The Proceeding in Luxembourg</u>

Messrs. Brauner and Lorié, through their respective holding vehicles REI and Berkshire, own Vazon, a Luxembourg company, and Hattron, a Mauritius company. Vazon has three subsidiaries: IGI, a New York company, International Gemological (Hong Kong) Limited, and International Gemological Institute, an Israeli company. IGI is owned 50% by Vazon and 50% by Jerry Ehrenwald, who manages the day-to-day operations of IGI and is one of the persons from whom Applicants seek discovery. Hattron has four subsidiaries: International Gemological Institute (India) Private Limited, International Gemological Institute (Japan) Limited, International Gemological Institute DMCC, a Dubai company, and International Gemological Identification (Thailand) Limited.

The business of the IGI Group consists of appraising diamonds submitted by diamond dealers, jewelers and other individuals and issuing certificates in connection with those diamonds.

3

Mr. Brauner is the diamond appraiser responsible for the technical side of IGI Group's business, while Mr. Lorié is IGI Group's financial manager.

In March 2011, in a call between Mr. Brauner and Mr. Lorié, Mr. Lorié confessed that, during his management of the financial affairs of the IGI Group, he misappropriated funds and failed to make distributions due and owing to REI. He explained that he had taken more than $7.1 million over time from one or more of the companies in the IGI Group and transferred it to his personal bank accounts. See Application ¶ 10.

Although Mr. Lorié ultimately repaid the $7.1 million to the IGI Group, Mr. Brauner sought to examine the books and records of Vazon and the various IGI Group companies, including IGI, to determine whether there were other instances of misappropriation of money from the IGI Group. During Mr. Brauner's investigation, he uncovered other acts through which money was diverted from the IGI Group, thereby denying REI its rightful share of the IGI Group revenues. For example, he learned that IGI sent invoices to certain customers charging fees for IGI's services, yet IGI accepted less than that amount from the customers based on "credit memos" or rebates it issued to the customers. These customers apparently paid the amounts of the credit memos and rebates directly to Mr. Lorié, less a commission, thereby permitting Mr. Lorié to skim money from the IGI Group to himself personally. See Application ¶¶ 11-12.

Mr. Brauner also learned that, at the behest of Mr. Lorié, over the course of two years during a period in which IGI was losing money, IGI made purported donations totaling nearly $1 million to purported "charities," one of which was affiliated with Mr. Lorié's brother-in-law Joseph Low. Mr. Low is another witness residing within this District from whom Applicants seek discovery. Mr. Brauner further discovered a distribution of approximately $860,000 of IGI Group

4

funds to Mr. Ehrenwald, described as a "loan" from one of the IGI Group companies, and Mr. Lorié subsequently admitted to Mr. Brauner that the loan was fake and that Mr. Ehrenwald had simply been given the money.  See Application ¶¶ 13-14.

Mr. Lorié instructed Mr. Ehrenwald and others not to provide Mr. Brauner any further information concerning the books and records of IGI without Mr. Lorié's consent.  Mr. Lorié refused to consent to the provision of such information to Mr. Brauner.  Mr. Lorié similarly instructed other representatives of companies in the IGI Group not to provide Mr. Brauner with documents or information concerning the finances of the various companies.  Application ¶ 15.

At a shareholders' meeting of Vazon held on July 11, 2014, Mr. Lorié installed himself, his son Arnaud Lorié, and a person he controls, Fons Mangen, as directors of Vazon, effectively preventing Mr. Brauner from having any say in the operations and affairs of Vazon.  Mr. Lorié also appointed Ramlux S.A. as the auditor for Vazon over the objections of Mr. Brauner. Ramlux S.A. is a member of a group of companies controlled by Fons Mangen.  Mr. Brauner had sought the appointment of an independent auditor but his requests were rejected.  Application ¶¶ 16-17.

On July 18, 2014, REI and Mr. Brauner, through their attorneys in Luxembourg, initiated a proceeding in Luxembourg to have a provisional director appointed for Vazon.  On July 21, 2014, the Luxembourg court issued an order granting the ex parte relief sought by REI and Mr. Brauner.  A copy of the July 21 Order, with an English translation, is attached as Exhibit B to the Reinard Declaration.  Specifically, the July 21 Order of the Luxembourg court provides that the court-appointed provisional director has the authority:

5

(1)      to do everything in his power to administer and manage Vazon Investments

S.A. and, by virtue of its right to be informed about the management of the IGI subsidiaries (i.e.

I.G.I. Hong Kong, I.G.I. Israel and I.G.I. New York),

(2)      to verify whether over the past 10 years all of the IGI Group subsidiaries (or

at a minimum those that are subsidiaries of Vazon, i.e., I.G.I. Hong Kong, I.G.I. Israel and I.G.I. New

York) have been properly managed and that their accounting books and records have been properly

kept, and for that purpose to have the accounting books and records of the IGI subsidiaries audited

by a foreign financial auditor, and

(3)      to make all decisions and take all measures as necessary for him to carry out

his assignment.

Berkshire (which is controlled by Mr. Lorié) has the right to seek an order from the

Luxembourg court withdrawing or vacating the July 21 Order.  Once such relief is sought, the

Luxembourg court will hold a hearing at which the parties will be required to present evidence

regarding the allegations made in the Luxembourg application and any defenses thereto.   It is

reasonably expected that Berkshire will file for such relief and that a hearing will be held within the

next few weeks, if not sooner.  Reinard Declaration ¶ 6.

<u>The Subpoenas</u>

Applicants believe that several witnesses in this District have relevant information

and can provide evidence to support Applicants' position in the Luxembourg proceeding that an

independent director is needed to take control of Vazon and manage the finances and affairs of

Vazon and its subsidiaries, including the companies in the IGI Group.  Under Luxembourg

procedure, and in the context of the pending Luxembourg proceeding, there is no mechanism by

which foreign individuals or entities located in New York can be compelled to provide testimoney or documents for use in the Luxembourg proceeding.  See Reinard Declaration ¶ 7.

The New York witnesses from whom Applicants seek documentary and testimonial evidence are:

(1)     a corporate representative of IGI, which is located at 551 Fifth Avenue, New York, New York;

(2)     Jerry Ehrenwald, who operates IGI and is found at 551 Fifth Avenue, New York, New York;

(3)     John Li, who works for Mr. Ehrenwald at IGI and is found at 551 Fifth Avenue, New York, New York;

(4)     Kimberly Nairn, who is Mr. Ehrenwald's personal assistant and is found at 551 Fifth Avenue, New York, New York;

(5)     Hemant A. Prajapati of Prajapati Associates LLP, who is the IGI accountant and is found at 545 Fifth Avenue, New York, New York;

(6)     Carol Lorié Low, who is Roland Lorié's sister and an officer of IGI, and resides at 5 Star Farm Road, Purchase, New York;

(7)     Joseph Low, who is Roland Lorié's brother-in-law and resides at 5 Star Farm Road, Purchase, New York; and

(8)     Arti Chandra, a former employee of IGI,  who is believed to reside at 4106 54th Street, Woodside, New York and is found in this District.

The subpoenas, drafts of which are attached to the Application as Exhibits 1-8, are narrowly tailored to obtain documentary and testimonial evidence related to Applicants' claims in

7

the Luxembourg action.   The subject matter of the discovery that Applicants seek from these witnesses falls into the following general categories:

(1)     the books and records of the IGI Group companies including IGI and certain of the financial transactions reflected in those books and records;

(2)     the purported loan made to Jerry Ehrenwald by one of the IGI Group companies;

(3)     the rebates given to certain IGI customers and documents reflecting the rebates including credit memos;

(4)     the transfers of money to Mr. Lorié either directly or through one or more of the IGI Group companies;

(5)     Mr. Lorié's instructions not to provide Mr. Brauner with any information and his efforts to cover up, conceal or destroy evidence concerning the diversion of money;

(6)     donations made by IGI Group companies to charities;

(7)     Carol Lorié Low's role and involvement in the management and operation of IGI; and

(8)     specific transactions involving IGI Group companies through which money was diverted to Mr. Lorié and others.

## ARGUMENT

## I.     THE APPLICATION SATISFIES THE THREE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782

Section 1782 grants this Court broad power to assist litigants in foreign proceedings in obtaining evidence for use in those foreign proceedings.  It provides:

8

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal. . . . The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing produced, before a person appointed by the court. . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).

Pursuant to Section 1782, a district court is authorized to grant an application if the following statutory requirements are met: (1) the person from whom discovery is sought resides or is found in this District; (2) the discovery is for use in a foreign proceeding; and (3) the application is made by a foreign or international tribunal or any interested person. See Brandi-Dohrn v. IKB Deutsche Industriebank AG, 673 F.3d 76, 80 (2d Cir. 2012).

Here, the witnesses identified in the Application all reside or are found in this District. IGI conducts business at 551 Fifth Avenue, New York, New York, and thus it is found in this District. All of the other individuals named in the Application, Jerry Ehrenwald, John Li, Kimberly Nairn, Hemant A. Prajapati, Carol Lorié Low, Joseph Low and Arti Chandra either reside in or conduct business in this District and therefore are found here. See In re Edelman, 295 F.3d 171, 180 (2d Cir. 2002) (reversing order quashing subpoena issued pursuant to Section 1782 because the witness was physically present in the district when served with the subpoena). Thus, the first statutory requirement is satisfied.

The discovery sought through this Application is intended to be used in the Luxembourg proceeding. The court in Luxembourg is precisely the type of first instance decision -

maker that constitutes a "foreign or international tribunal" within the meaning of the statute. See Intel, supra, 542 U.S. at 258. The second statutory requirement therefore is met.

Finally, Applicants REI and Mr. Brauner are parties to the Luxembourg action and thus are interested persons for the purposes of the statute. See Intel, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person' who may invoke § 1782"). The third statutory requirement therefore is satisfied.

## II. THE COURT SHOULD EXERCISE ITS DISCRETION TO GRANT APPLICANTS LEAVE TO ISSUE THE SUBPOENAS

Once the statutory requirements of Section 1782 are met, the Court has broad discretion to grant the requested discovery. As the Second Circuit has indicated, "district courts must exercise their discretion under § 1782 in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." Brandi-Dohrn, 673 F.3d at 81. In light of these goals, "the statute has, over the years, been given increasingly broad applicability." Brandi-Dohrn, 673 F.3d at 80.

In Intel, the Supreme Court identified four factors for district courts to consider in assessing whether to exercise their discretion under Section 1782: (a) whether the person from whom discovery is sought is subject to discovery in the foreign proceeding; (b) the nature of the foreign tribunal, the character of the foreign proceedings and the tribunal's receptivity to the federal court's assistance; (c) whether the applicant is attempting to circumvent discovery restrictions or the policies of the foreign tribunal, and (d) whether the discovery sought is unduly intrusive or burdensome. Intel, 542 U.S. at 264-65. Applying these factors and considering the twin aims of the statute, this

Court should exercise its discretion to permit Applicants to obtain the discovery they seek. This discovery will produce evidence directly related to their claims before the Luxembourg court that Roland Lorié and those under his control acted improperly, necessitating the appointment of the provisional director to take control of the operations and financial affairs of Vazon and companies within the IGI Group, including New York-based IGI.

The first <u>Intel</u> factor weighs in favor of granting the requested discovery. None of the witnesses are parties to or participants in the Luxembourg proceeding and, as stated by Mr. Reinard in his Declaration, no American-style discovery exists in Luxembourg and there is no mechanism in the context of the Luxembourg proceeding to compel discovery from witnesses who are located outside of Luxembourg. Reinard Declaration ¶ 7. REI and Mr. Brauner therefore will not be able to obtain this discovery in Luxembourg because the Luxembourg court cannot compel the witnesses to provide such discovery.

The second <u>Intel</u> factor also weighs in favor of granting the relief sought by Applicants because there is no basis to conclude that the Court's assistance would offend or violate the policies of Luxembourg or that the Luxembourg court would not accept the evidence provided by the New York witnesses. As stated by Mr. Reinard, who has been practicing law in Luxembourg since 1990, there are no rules of evidence or admissibility that would preclude courts in Luxembourg from accepting evidence gathered through discovery legally obtained in the United States. Reinard Declaration ¶ 8. In the absence of authoritative proof that a foreign tribunal would reject evidence

11

obtained through Section 1782, this factor also favors Applicants.  See In re Euromepa S.A., 51 F.3d

1095, 1100-01 (2d Cir. 1995).[1]

        Third, the Petitioners are not attempting to circumvent discovery restrictions or the

policies of the Luxembourg court.  This factor "aims to protect against abuse of § 1782 as a vehicle

to end-run foreign proof-gathering restrictions or other foreign policies."  In re Gemeinshcaftspraxis

Dr. Med. Schottdorf, No. Civ. M19-88 (BSJ), 2006 U.S. Dist. LEXIS 94161 * 24 (S.D.N.Y. Jan. 4,

2007).  No such abuse is present here.  Indeed, as noted by the Court in Gemeinshcaftspraxis, the

discovery being sought is precisely the type of assistance that the statute was designed to afford –

discovery not otherwise available in the foreign proceeding.  Applicants have a valid and good faith

reason to seek the discovery requested: to use the evidence at a judicial hearing in Luxembourg.

Accordingly, this third factor also favors granting the relief sought.

        Finally, the requested discovery is not unduly intrusive or burdensome.  The

documents and testimony being requested are limited in scope and are directly targeted to address

Applicants' claims in the Luxembourg action that they are being precluded from gathering

information about the financial affairs of Vazon and the IGI Group companies, that there have been

misappropriations of funds from Vazon and the IGI Group companies, that Mr. Lorié has sought to

conceal his diversions of money and destroy evidence of it, and that an independent provisional

---

[1]  Even if a Luxembourg court would reject the proposed discovery if the witnesses and
documents were located in Luxembourg, the Court still could order the discovery under Section
1782.  See Intel, 542 U.S. at 259-60.  Further, the Court "should not consider . . . the admissibility
of evidence in the foreign proceeding in ruling on a Section 1782 application."  Brandi-Dohrn, 673
F.3d at 82 (emphasis in original).  It is only when the foreign court has expressly stated that it does
not need or want the information sought that the district court should weigh this factor against
granting the relief.  See Schmitz v. Bernstein Leibhard & Lifshitz, LLP, 376 F.3d 79, 84 (2d Cir.
2004) (affirming denial of discovery when the German government expressly requested that the
petitioners' discovery be denied).

director is needed to manage Vazon and audit its records and those of the IGI Group companies. In short, permitting this discovery will allow for a full and fair adjudication in the Luxembourg action based on all available information.

Moreover, any burden that the subpoenas might impose on the witnesses is outweighed by the need for the information requested so that the Luxembourg court can make a just decision, based on a complete record. As noted in Garcia v. Benjamin Group Enter., 800 F. Supp.2d 399, 404 (E.D.N.Y. 2011), the determination of whether a subpoena imposes an undue burden on a witness depends upon, among other factors, relevance, the need of the party for the information, and the breadth of the information sought. The information requested of the witnesses is relevant to the claims before the Luxembourg court, Applicants cannot obtain this information from any other source or through any other mechanism, and the subjects of the disclosures are narrowly tailored to address the issues before the Luxembourg court. Although there may be a burden on the witnesses, that burden is not undue and is outweighed by Applicants' need for the information.

In fact, Applicants likely will be prejudiced absent the relief sought. As discussed above, these witnesses are the only sources of this evidence. In their application before the Luxembourg court, REI and Mr. Brauner have asserted that Mr. Lorié has attempted to conceal evidence of his improprieties and, more particularly, has attempted to have IGI Group representatives retract statements that they already had made concerning Mr. Lorié's efforts to block Mr. Brauner's access to the books and records of Vazon and the IGI Group companies. Unless Applicants can take discovery of the witnesses promptly, before the Luxembourg hearing, there is a substantial risk that Mr. Lorié's cover-up and concealment efforts will preclude REI and Mr. Brauner, and thereby the Luxembourg court, from obtaining complete and accurate information concerning Vazon and the IGI

13

Group companies. A hearing in Luxembourg is expected to take place within the next few weeks, if not sooner. Therefore, REI and Mr. Brauner respectfully request that the Court expeditiously grant the relief sought in the Application so that Applicants can take discovery of the witnesses in time to present this evidence to the Luxembourg court before the Luxembourg hearing.

### CONCLUSION

For the foregoing reasons, Applicants REI and Mr. Brauner respectfully request that their Application be granted and that they be permitted to serve the subpoenas attached as Exhibits 1-8 to the Application.

Dated:       July 28, 2014            Respectfully submitted,

HELLRING LINDEMAN GOLDSTEIN & SIEGAL LLP
One Gateway Center
Newark, New Jersey 07102
(973) 621-9020

By: _____
       Stephen L. Dreyfuss
       Robert B. Rosen

MOSKOWITZ & BOOK
345 Seventh Avenue, 21st Floor
New York, New York 10001
(212) 221-7999

Attorneys for Applicants

14