14 MISC 00227

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------x
IN RE APPLICATION OF REAL          :    No.
ESTATES INTERNATIONAL S.A.-
S.P.F. and MARC BRAUNER for        :
an Order Pursuant to                    DECLARATION OF FRANCOIS
28 U.S.C. § 1782 to Conduct        :    REINARD
Discovery for Use in a
Foreign Proceeding                 :
------------------------------------x

FRANCOIS REINARD, pursuant to 28 U.S.C. § 1746, hereby

declares as follows:

1.   I am a partner in the Luxembourg law firm Baden

Loos Reinard, which maintains an office at 34A Rue Philippe II,

Luxembourg.  I have been practicing law in Luxembourg since 1990.

I am familiar with the law governing Luxembourg courts' ability

to compel parties to provide evidence and their receptiveness to

admitting evidence obtained through foreign proceedings.  I

submit this declaration in support of the Petitioners'

application, pursuant to 28 U.S.C. § 1782, for an Order from this

Court to take discovery for use in a proceeding now pending in

Luxembourg.

2.   I represent Petitioners Real Estates International

S.A.-S.P.F. ("REI") and its 100% shareholder, Marc Brauner.  REI

is a 40% shareholder of Vazon Investments S.A. ("Vazon"), a

Luxembourg company.  Vazon is a 50% shareholder of International

Gemological Institute Inc. ("IGI"), a New York corporation that

conducts its business in the State and County of New York.  The

other 60% of Vazon is owned by a Mauritius trust named Berkshire, of which Roland Lorié is a beneficiary.  Vazon is one of two corporate shareholders that own the companies of the IGI Group around the world.

3.   There are ongoing disputes between Mr. Brauner and Mr. Lorié concerning Vazon and the management and operation of Vazon's subsidiaries, including IGI.  For example, Mr. Brauner is aware of certain financial transactions made by IGI that are of questionable legitimacy, and Mr. Brauner has asserted that Mr. Lorié has diverted to his personal accounts funds due to Vazon. In order to investigate these transactions, Mr. Brauner has sought access to Vazon's and IGI's books and records, but Mr. Lorié has actively prevented this access and has taken other steps to conceal evidence of improprieties in the affairs of Vazon, including the failure to make distributions due and owing to REI.  In addition, Mr. Lorié has most recently installed himself, his son and a person controlled by him as the three sole directors of Vazon, further denying REI and Mr. Brauner any rights or opportunities as a shareholder of Vazon and, indirectly, as a shareholder of IGI.

4.   On July 18, 2014, I initiated a proceeding in Luxembourg District Court (Tribunal d'arrondissement de et à Luxembourg) to have a provisional director appointed for Vazon who would have the power to administer and manage Vazon and,

through Vazon, IGI, to audit the books and records of all of the companies of the IGI Group worldwide, including IGI, for the past ten years, and to make all decisions and take all measures as are necessary for the provisional director to carry out his assignment.  The application filed with the Luxembourg court and an English translation are attached as Exhibit A.  It was filed ex parte in accordance with Luxembourg procedure.

5.  On July 21, 2014, the Luxembourg court granted the relief sought in the application and appointed a provisional director for Vazon.  The Order and an English translation are attached as Exhibit B.  Specifically, the Order of the Luxembourg court provides in substance that the court-appointed provisional director has the authority:

(1)  to do everything in his power to administer and manage Vazon Investments, S.A. and, by virtue of its right to be informed about the management of the IGI subsidiaries (i.e., IGI Hong Kong, IGI Israel and IGI New York),

(2)  to verify whether over the past 10 years all of the IGI Group subsidiaries (or at a minimum those that are subsidiaries of Vazon Investments, SA, i.e., IGI Hong Kong, IGI Israel and IGI, Inc.) have been properly managed and their accounting books and records properly kept, and for that purpose to have the accounting books and records of the IGI subsidiaries audited by a foreign financial auditor; and

3

(3)   to make all decisions and take all measures as necessary for him to carry out his assignment.

6.   Pursuant to the procedure in Luxembourg, upon notice of the July 21 Order to Vazon, its 60% shareholder Berkshire (controlled by Mr. Lorié) will have the right to seek an Order from the Luxembourg court (and also to ask Vazon to seek such an Order) withdrawing or vacating the July 21 Order.  When an application for such relief is filed, the Luxembourg court will schedule a hearing at which the parties will be required to present evidence supporting the allegations made in the application and any defenses thereto.  That hearing typically is held expeditiously, often within days of the application for relief from the Order, and generally is not delayed to allow the parties to gather additional evidence.  I anticipate that Berkshire (possibly joined by Vazon) will file for such relief and that a hearing will be held within the next few weeks, if not sooner.

7.   No American-style discovery exists in Luxembourg. Under Luxembourg procedure, in the context of the pending Luxembourg proceeding, there is no mechanism by which foreign individuals and entities located in New York can be compelled to produce documents or give sworn oral testimony for use in the pending Luxembourg proceeding.

8.   There are no rules of evidence or admissibility that would preclude courts in Luxembourg from accepting evidence gathered through discovery legally obtained in the United States.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 24, 2014.

Francois Reinard

# EXHIBIT A

## REQUÊTE EN NOMINATION D'UN ADMINISTRATEUR PROVISOIRE SUR BASE DE L'ARTICLE 66 NCPC

| Plan |
| --- |

### I.

### OBJET DE LA DEMANDE

### II.

### RETROACTES

Déposé au greffe TAL
Guichet

le    1 8 JUIL. 2014

Le greffier

A.    FONCTIONNEMENT DU GROUPE IGI

**1.**    L'activité des sociétés du groupe  IGI
**2.**    L'actionnariat du groupe

➤ **VAZON INVESTMENTS S.A.,**
   • INTERNATIONAL GEMOLOGICAL (Hong Kong) Limited
   • INTERNATIONAL GEMOLOGICAL INSTITUTE Inc (New York)
   • INTERNATIONAL GEMOLOGICAL INSTITUTE Israël

➤ **HATTRON (INDIA) LTD.**

   • INTERNATIONAL GEMOLOGICAL INSTITUTE (India) Private Limited
   • INTERNATIONAL GEMOLOGICAL INSTITUTE
   • (Japan) Limited
   • INTERNATIONAL GEMOLOGICAL INSTITUTE DMCC (Dubai)
   • INTERNATIONAL GEMOLOGICAL IDENTIFICATION (Thaïland) LIMITED

**3.**    La gestion du groupe

**4.**    L'origine du groupe IGI

B.    ORIGINE DU LITIGE

**1.**    Une enquête pénale financière
**2.**    Des détournementrs avoués
**3.**    La tentative de « médiation »

1

**4.**      L' audit échoué

C.                LES GRIEFS

### 1. OBSTRUCTIONS

### 2. CONFLITS D'INTERETS ET DEPASSEMENT DES POUVOIRS DES ADMINISTRATEURS

### 3. MOUVEMENTS SUSPECTS SUR LES COMPTES DES SOCIETES DU GROUPE IGI

### 4 . DETOURNEMENT DE DIVIDENDES

### 5. REFUS DE TOUTE SOLUTION NEGOCIEE

### 6. L'ASSEMBLEE GENERALE DE VAZON INVESTMENTS S.A. DU 11 JUILLET 2014

➤ Nomination d'administrateurs

➤ Désignation d'un nouveau commissaire aux comptes

➤  Institution d'un audit financier

➤ Convocation d'une assemblée générale d'IGI Inc. (New York)

➤ Demande de communication des comptes annuels et des procès-verbaux des assemblées d'IGI Inc. :

### 7. PRESSIONS SUR LES CADRES DES FILIALES

## III.

## NECESSITE D'UN ADMINISTRATEUR PROVISOIRE ET URGENCE

## IV.

## BASE LÉGALE : ARTICLE 66 NCPC :

A Madame le Conseiller Honoraire, Président du Tribunal d'arrondissement de et à Luxembourg,

Ont l'honneur de vous exposer très respectueusement par le ministère de leur mandataire soussigné, Maître François Reinard, avocat à la Cour, demeurant à L-2340 Luxembourg, 34A, rue Philippe II, en l'étude duquel domicile est élu,

1.  La société anonyme de droit luxembourgeois **REAL ESTATES INTERNATIONAL S.A.-S.P.F.**, établie et ayant son siège social à L-2530 Luxembourg, 4, rue Henri Schnadt, inscrite au registre de commerce et des sociétés de Luxembourg sous le numéro B 41.054, représentée par son conseil d'adminstration actuellement en fonctions,

2.  Monsieur **Marc BRAUNER**, dirigeant d'entreprises, demeurant à Cooper Villa 2/F, 25 Wilson Road Happy Valley, Hong Kong, agissant tant en son nom personnel qu'en sa qualité d'actionnaire à 100% de la société REAL ESTATES INTERNATIONAL S.A.-S.P.F.

## I.

## OBJET DE LA DEMANDE

Que pour les motifs ci-après exposés ils sont amenés à demander à voir désigner un

administrateur judiciaire provisoire

de la société anonyme de droit luxembourgeois **VAZON INVESTMENTS S.A.**, dont le siège social est établi à L-1724 Luxembourg, 9b, boulevard Prince Henri, 9b inscrite au registre de commerce et des sociétés de Luxembourg sous le numéro B 136.666 (pièces III.C.1), avec pour **mission**:

**d'administrer et de gérer**, autant que faire se peut, ladite société et, en vertu de son droit de regard sur la gestion des filiales IGI (soit I.G.I. Hong Kong, I.G.I. Israël et I.G.I. New York, cf. pièce I.A.) de vérifier la régularité de la gestion et de la tenue des comptes de toutes les filiales du groupe IGI au cours des dix dernières années, sinon des filales sises à New York, Hong-Kong et en Israel, à ces fins de faire procéder à un audit des comptes des filiales IGI par un expert financier étranger et prendre en sa qualité d'actionnaire dans les filiales IGI toutes les décisions et mesures qui s'avéreront nécessaires à l'accomplissement de sa mission ;

## II.

## RETROACTES

Marc BRAUNER (horsenito1@hotmail.com) le requérant sub 2), est à travers la société de droit luxembourgeois REAL ESTATES INTERNATIONAL SA, un des deux actionnaires principaux du groupe INTERNATIONAL GEMOLOGICAL INSTITUTE, ci-après IGI,

3

lequel est principalement géré à travers deux sociétés-mères, dont la société de droit luxembourgois VAZON INVESTMENTS SA.

M.BRAUNER est confronté à un ensemble d'irrégularités initiées par l'actionnaire majoritaire du groupe IGI, Roland LORIE.

A.    FONCTIONNEMENT DU GROUPE IGI

1.  L'activité des sociétés du groupe IGI consiste à expertiser les diamants (déposés par des diamantaires, bijoutiers ou toute autre personne) et à en décrire les caractéristiques dans un certificat, la pierre ou les pierres étant ensuite scellées avec le certificat (ou le numéro du certificat est inscrit au laser sur la pierre) afin de pouvoir être négociées.

2.  L'actionnariat du groupe se présente comme suit (pièce I.A.):

    ➢ **VAZON INVESTMENTS S.A.**, de droit luxembourgeois, société mère qui détient trois filiales, soit :

        • INTERNATIONAL GEMOLOGICAL (Hong Kong) Limited
        • INTERNATIONAL GEMOLOGICAL INSTITUTE Inc (New York)
        • INTERNATIONAL GEMOLOGICAL INSTITUTE Israël

    ➢ **HATTRON (INDIA) LTD**, de droit mauricien, société mère qui détient quatre filiales, soit :

        • INTERNATIONAL GEMOLOGICAL INSTITUTE (India) Private Limited
        • INTERNATIONAL GEMOLOGICAL INSTITUTE (Japan) Limited
        • INTERNATIONAL GEMOLOGICAL INSTITUTE DMCC (Dubai)
        • IINTERNATIONAL GEMOLOGICAL IDENTIFICATION (Thaïland) LIMITED

Marc BRAUNER, actionnaire minoritaire du groupe, qui détient 40% des participations par le biais de la requérante sub 1), la société anonyme de droit luxembourgeois REAL ESTATES INTERNATIONAL SA, est l'expert diamantaire responsable du volet technique de l'activité du groupe, tandis que Roland LORIE, actionnaire majoritaire, qui détient soit 60% des actions à travers le Trust de droit mauritien BERKSHIRE, est le gérant financier du groupe.

A travers leurs sociétés respectives, Marc BRAUNER (REAL ESTATES) et Roland LORIE (BERKSHIRE) détiennent, à quelques exceptions près, ensemble 100% des droits des sociétés précitées (pièce I.A.).

En outre Marc BRAUNER détient, toujours via REAL ESTATES, 8.3% de la filiale sise à Hong Kong (les 91,7% restants du capital étant répartis dans les proportions 40%/60% entre Real Estates et Berkshire, tandis que Roland LORIE détient, en nom personnel, 1% de la filiale d'Inde. De surcroît, Jerry EHRENWALD est actionnaire à concurrence de 50% de la filiale sise aux Etats-Unis (et était anciennement actionnaire à concurrence de 16% de la filiale sise en Inde).

3. La gestion du groupe varie également en fonction des sociétés, dirigées tantôt par des tiers, tantôt par Marc BRAUNER et/ou Roland LORIE.

4. L'origine du groupe IGI se situe à Anvers où a été créée, par les familles LORIE et BRAUNER, la première société IGI, qui existe toujours. Celle-ci n'est pas directement liée aux autres sociétés IGI, encore qu'elle soit en relation d'affaires avec toutes les sociétés IGI.
Marc BRAUNER et Roland LORIE sont actionnaires de la société anversoise à concurrence respectivement de 40% et 60%.(voir schéma des sociétés  IGI – pièce I.A.).

B.        ORIGINE DU LITIGE

1. Une enquête pénale financière aurait été ouverte en **2010** à Anvers contre Roland LORIE dans le cadre de la gestion de sa vie privée et n'est pas reliée aux activités des sociétés IGI.

2. Le 26 mars **2011**, Roland LORIE,  lors d'une conversation téléphonique par « Skype » (c'est-à-dire par le système qui permet de se téléphoner et de se voir à travers les écrans des ordinateurs), a fait l'aveu à Marc BRAUNER de ce qu'à l'occasion de sa gestion, il s'est approprié et a détourné des fonds à son profit, dont 40% revenaient à la société REAL ESTATES (et donc *in fine* à Marc BRAUNER)(pièce II.A.1.a, b, c,  d et e)[1].

Roland LORIE a expliqué avoir fait transférer, petit à petit, à ses comptes personnels des montants qu'il prélevait dans une ou plusieurs société(s) du groupe IGI. Il a reconnu qu'en tout cas, un montant de 7.189.684,25$ US avait été prélevé, dont 40% (c'est-à-dire 3.000.000$) revenaient à Marc BRAUNER à travers REAL ESTATES.

---

[1]Cet aveu a été enregistré, dactylographié et confirmé par l'huissier de justice de Bruxelles, Me Philippe MORMAL (pièce II.A.1.a).
La partie qui précède les propos tenus par Monsieur Roland LORIE et dactylographiée, est une explication de ces propos que l'huissier a évidemment barrée (6 paragraphes) puisque ce texte ne fait pas partie des propos tenus par Monsieur Roland LORIE.
L'on remarquera que Monsieur Roland LORIE remercie dans ses SMS (pièce II.A.1.b) Monsieur Marc BRAUNER de son aide et exprime combien il est désolé de tout ce qu'il avait fait et qu'il  espère pouvoir poursuivre des relations constructives malgré tout.
La Cour de Cassation de Belgique (pièce II.A.1.e) a estimé que « *sauf en cas de violation d'une formalité prescrite à peine de nullité* » pareille preuve peut être produite et utilisée (Cass. Belg., 10 mars 2008, *J.L.M.B.*, 2009, p. 584)

Cet aveu est confirmé par :

- le remboursement de la somme de 7.189.684,25 US $ par Roland LORIE à la société IGI DMCC(Dubai) moyennant plusieurs transferts bancaires à partir de son compte privé (pièce II.A.2.a.) ;

- le mail que Roland LORIE a adressé à Marc BRAUNER en date du 14 mai 2011 (pièce II.A.1.e.) et son sms du 28 juin 2012 (pièce II.A.3.c.);

- la mise en route d'une médiation (conséquence de cet aveu) pour tenter de rétablir la confiance et au cours de laquelle il est décidé d'un

- audit des comptes des sociétés du groupe IGI alors que l'actionnaire minoritaire qu'est Marc BRAUNER à travaers REAL ESTATES, n'est nullememnt convaincu qu'il n'y a pas eu d'autres détournements que ceux reconnus par Roland LORIE : l'expert chargé de l'audit financier (consolidation des comptes) sur les comptes es filales du groupe IGI sur les dix dernières années, est Madame Agnès CHAN membre de Miss Agnes Chan Esmond W. T. Leung & Co. 12th Floor, San Toi Building, 137-139 Connaught Road Central, Hong Kong ;

- le dédommagement qui s'est fait par l'abondon par Roland LORIE à concurrence de 2.500.000$ d'investissements faits au Cambodge, en faveur de Marc BRAUNER. (pièce II.A.3.a et b.).

**3.** La tentative de « médiation » a eu lieu sous l'égide du « médiateur » Dave ELZAS, qui est en fait l'administrateur de la société HATTRON, via sa propre société GMG TRUST, dont le siège social est situé à l'Ile Maurice.
Cependant Marc BRAUNER découvre en cours de médiation, que la société de Dave ELZAS est également le « trustee » du TRUST BERKSHIRE et représente donc les intérêts d'une des parties, à savoir de Roland LORIE dans le groupe IGI. L'intervention d'un « médiateur » représentant les intérêts de l'actionnaire majoritaire, coupable du détournement de fonds, et qui ne présentait donc pas les garanties d'impartialité et d'indépendance, n'a pas permis de poursuivre cette médiation qui doit être considérée comme une tentative de conciliation (II.B.1.a.et b.)

**4.** L' audit dont fut chargé Agnes CHAN a démarré en octobre 2013. Cependant- et c'est ce qui va empêcher la confiance de se restaurer au sein du groupe IGI - le travail de recherche n'aboutit pas, en raison des obstructions de Roland LORIE à certaines demandes de l'auditeur désigné Agnès CHAN et même aux demandes de Marc Brauner (pièces II.C.).

C.    LES GRIEFS

1. OBSTRUCTIONS

Marc BRAUNER, qui ne s'occupait que du côté technique d'expertise des diamants de manière générale, sauf à être intervenu ponctuellement à la demandé de Roland LORIE dans

6

des opérations financières, a commencé, depuis la « médiation » à se documenter et à solliciter des informations afin d'accélérer l'audit et de vérifier les propos tenus par son partenaire Roland LORIE.

Lors de ces démarches, Marc BRAUNER a découvert de nombreuses manœuvres de son partenaire et que ce dernier donnait des instructions pour l'empêcher d'avoir accès à un certain nombre d' informations et de documentations, amplifiant ainsi le climat de défiance et de suspicion.
Avec l'appui complice des administrateurs de VAZON, et notamment de Fons MANGEN, du trustee-faux médiateur Dave ELZAS, de Jerry EHRENWALD (possédant 50% d'IGI Inc.) et de Monsieur THEMAS, manager d'IGI Inde, Roland LORIE empêche Marc BRAUNER de vérifier sa bonne foi en entravant et en ralentissant l'accès aux informations et aux comptes des différentes sociétés du groupe IGI.  (pièces II. C.).

Ainsi à titre d'exemples :

➢ En date du 16.01.2014 Roland LORIE a ainsi donné des instructions à l'associé dans IGI Inc., Monsieur Jerry Ehrenwald, ainsi qu'aux employés de IGI Inc., d'informer l'auditeur désigné Agnes CHAN qu'ils ne disposaient pas des documents réclamés et même de ne plus répondre aux demandes d'information de l'auditeur. (pièce II.C.1. a. et b.)

➢ Tel qu'ils le confirment dans leurs attestations, les employés d'IGI DUBAI, Rakhi SHARMA et Nico D'HAEMER se sont vus demander par Roland LORIE de ne communiquer à Marc BRAUNER aucun document ni aucune information sans l'accord préalable de Roland LORIE. Ces mêmes employés d'IGI DUBAI se sont vus enjoindre par Roland LORIE d'effacer sur un ordinateur de la société un fichier informatique protégé par un mot de passe.(pièces II.C.2.a. et b.).

➢ De même Madame SINDHU d'IGI INDE s'est vue intimer par Roland LORIE de lui transmettre une copie de toute information demandée par Marc BRAUNER et de toute instruction de sa part (pièce II.C.2.c.).

## 2. CONFLITS D'INTERETS ET DEPASSEMENT DES POUVOIRS DES ADMINISTRATEURS

➢ Marc BRAUNER découvre à également que les membres du conseil d'administration de sa propre société REAL ESTATES (pièce III.A.1.a.- e), qui sont également les administrateurs de la société VAZON (pièce III.C.1.a.ii.2 et 3), et représentent dans certains actes le Trust BERKSHIRE (pièce III.B.1.a., 2.a. et b), notamment Monsieur Fons MANGEN, ont outrepassé leurs pouvoirs en :

○ octroyant un mandat bancaire à Roland LORIE, lui permettant d'avoir un accès direct sur le compte de la société REAL ESTATES à laquelle il est étranger, car appartenant en totalité à Marc BRAUNER (pièce III.A.2)
○ faisant exécuter sur ordre de Roland LORIE des transferts de la société REAL ESTATES appartenant à 100% au demandeur, Marc BRAUNER,

à d'autres sociétés du groupement IGI, sans avoir d'abord demandé l'accord de Marc BRAUNER

o   tenant en date du 11 juin 2014 une assemblée générale de la société REAL ESTATES à l'insu de Marc BRAUNER, qui, toujours en vue de protéger ses droits, demanda à Monsieur Fons MANGEN en date du 11.06.2014 à quelle date sera tenue l'assemblée générale de cette société dont il détient les actions représentant 100% du capital social. Il faut savoir que les assemblées générales de REAL ESTATES n'ont pas été tenues de façon régulière, devant être normalement tenues le deuxième mercredi du mois de juin, mais ayant par exemple été tenues fin avril en 2013. Monsieur Fons MANGEN lui répondit que l'assemblée générale avait lieu le jour-même. Ce dernier n'a donc pas estimé utile d'informer le seul actionnaire de cette société de la tenue de l'assemblée générale, alors que celui-ci était dans les bureaux de Monsieur Fons MANGEN en date du 04.06.2014 (pièces III.D.2.a et b.).
L'assemblée générale de Real Estates, qui donnait notamment décharge aux administrateurs de leur mandat, s'est donc tenue à la date du 11.06.2014 sans que Marc BRAUNER n'en soit informé, ce qui n'est évidemment pas acceptable.

➢   Devant les abus de pouvoir avérés de la part des administrateurs de REAL ESTATES MM. Fons MANGEN et Jean-Hugues ANTOINE ainsi que Madame Carine Reuter-Bonert et au vu du conflit d'intérêts dans leur chef en tant qu'administrateurs tant de REAL ESTATES que de VAZON, Marc BRAUNER s'est vu obligé de révoquer, lors de l'assemblée générale extraordinaire de REAL ESTATES du 30 juin 2014 (pièce III.D.2.c.), lesdites personnes en tant qu'administrateurs de REAL ESTATES et de les remplacer par des administrateurs indépendants tant par rapport à Roland LORIE que par rapport à Monsieur Fons MANGEN et à ses sociétés.

Ce conflit d'intérêts a d'ailleurs été expressément reconnu par Monsieur Fons MANGEN dans un email adressé aux actionnaires de VAZON en date du 10 juillet 2014 par lequel il informe ces derniers ne plus avoir de conflit d'intérêts suite à sa révocation comme administrateur de REAL ESTATES, raison pour laquelle il se déclara prêt à nouveau à accepter un nouveau mandat d'administrateur au sein de VAZON, alors qu'auparavant il envisageait ne plus poser sa candidature (pièce III.D.2.d.).

➢   Il est d'ailleurs éloquent de constater qu'à aucun moment l'administrateur à multiples casquettes Fons MANGEN n'ait aidé Marc BRAUNER dans sa recherche de la vérité puisqu'il n'a pas réagi lorsque Marc BRAUNER lui a transmis en date du 24 mars 2014 l'échange de correspondance de mars 2014 entre Marc BRAUNER et Jerry EHRENWALD (IGI Inc.) dont il résulte clairement que sans l'accord de Roland LORIE, aucun élément d'information ou document n'est transmis à l'actionnaire minoritaire REAL ESTATES/Marc BRAUNER (pièce III.D.2.e.).

8

### 3. MOUVEMENTS SUSPECTS SUR LES COMPTES DES SOCIETES DU GROUPE IGI

Ensuite  Marc BRAUNER a eu la mauvaise surprise de découvrir la façon dont les comptes du groupe IGI ont été gérés par Roland LORIE et notamment, à titre d'exemples :

> **(a)** Des mouvements de fonds suspects entre les comptes des sociétés IGI, les comptes de certains employés et les comptes de Roland LORIE resp. de connaissances à lui ou d'autres tiers. Selon l'attestation établie par un employé d'IGI DUBAI, celui-ci a été rémunéré pour avoir fait transiter par son compte personnel, puis transféré à des tiers, des fonds d'IGI DUBAI. (pièce IV.A.2.a.i et ii. et II.C.2.b.)

> **(b)** Des prêts accordés à des employés pour des causes inconnues, et notamment un prêt accordé par IGI DUBAI à Jerry Ehrenwald, qui ne sont pas remboursés (pièces IV.A.2.c.i.) ;

> **(c)** Des transferts inexpliqués de fonds à partir des comptes des sociétés IGI (telle la société IGI Dubaï) vers les **comptes privés** de Roland LORIE (pièce IV.A.2.d) ;

> **(d)** Des **donations** faramineuses qui totalisent un montant dépassant largement 1.000.000 USD apparaissent dans le bilan de la société IGI Inc. sise aux Etats-Unis alors que cette société réalise des pertes (pièces IV.A.2.e) et que les bilans de sa société-mère VAZON INVESTMENTS SA affichent également des pertes. Il est troublant de constater que parmi les donataires figurent la fondation ISRAEL AT HEART, qui appartient au beau-frère de Roland LORIE, ainsi qu'une organisation dénommée FRIENDS OF MOSDOT GUR, qui, à elle seule a touché des donations pour un total de 986.000 USD.

> **(e)** Des **royalties**, qui en vertu d'une convention entre la société IGI Inde et la société IGI Anvers, auraient dû être payées par la société de Bombay à la société belge (pièce IV.A.2.f.i) et qui sont en réalité transférée d'IGI Inde à IGI Dubaï et non pas à la société anversoise (elle rédige des notes de crédit au profit de la société anversoise <u>mais</u> transmet les fonds sur un compte situé dans les Emirats arabes)  (pièce IV.A.2.f.iii.2 et IV.A.2.f.iii.6). La société sise à Dubaï (qui ne doit en principe recevoir aucun royalties) facture ensuite les montants desdites royalties sous une autre dénomination, telle « consultation » ou « certification » (pièce IV.A.2.f.iii).Or le sort réservé par IGI Dubai aux fonds encaissés au titre de ces « royalties » reste inconnu .

### 4 . DETOURNEMENT DE DIVIDENDES

Roland LORIE semble priver de troisième « petit associé » dans IGI, en la personne de Jerry EHREWALD, de ses revenus, mais apparemment  sans que

celui-ci ne proteste : ainsi Marc BRAUNER a découvert que des sommes qui étaient normalement dues en sa qualité d'actionnaire d'IGI inc., ne lui ont pas été transmises, alors que Roland LORIE avait fait savoir qu'il s'en occupait dans les termes suivants : « *l'argent vient d'abord chez moi* » (pièce IV.B.1.a). Marc BRAUNER a tenu à en informer cet associé lors de la découverte de ces données (pièce IV.B.1.b.) sans que celui-ci ne réagisse, ce qui fait penser à une collusion d'intérêts entre Roland LORIE et Jerry EHRENWALD, surtout si on voit l'acharnement de ce dernier à ne pas vouloir communiquer des documents et des comptes à Marc BRAUNER.

## 5. REFUS DE TOUTE SOLUTION NEGOCIEE

Suite à ces découvertes, Marc BRAUNER, a tenté de parvenir à une <u>solution négociée</u>, proposant tantôt à Roland LORIE un protocole d'accord (pièces II.B. 2, 3 et 4), visant à un gel temporaire des droits de vote et à la désignation d'un expert financier afin d'effectuer un audit des comptes, ce qui n'aurait pas dû poser un problème si Roland LORIE était de bonne foi, mais refusé par lui, tantôt des modification au sein des différents conseils d'administration, tantôt des réunions entre parties.

## 6. L'ASSEMBLEE GENERALE DE VAZON INVESTMENTS S.A. DU 11 JUILLET 2014

Devant le refus de toute solution négociée, et toujours dans un souci de sérénité, la société REAL ESTATES a adressé VAZON INVESTMENTS SA, par des courriers de son mandataire des 4 et 8 juillet 2014 (pièces V.1.a. et b.), plusieurs propositions à soumettre à la prochaine assemblée générale ordinaire de la société VAZON INVESTMENTS, convoquée initialement pour le 13 juin 2014 et prorogée sur demande de REAL ESTATES au 11 juillet 2014.

Tel que cela résulte du procès-verbal de l'assemblée générale de VAZON du 11 juillet 2014 (pièce V.2), les mandataires REAL ESTATES, ont déposé une note annexée au procès-verbal de cette assemblée générale à l'appui des demandes de REAL ESTATES, dans laquelle ils dénoncent tant les nombreuse irrégularités constatées dans la gestion des filiales du groupe IGI et de VAZON que les manœuvres destinées à empêcher Marc BRAUNER, et donc REAL ESTATES, d'avoir accès à un certain nombre d'informations et de documentations.

> ➤ Nomination d'administrateurs

Ainsi la société REAL ESTATES a proposé :
a) qu'un administrateur au sein du conseil d'administration soit choisi parmi trois noms proposés par REAL ESTATES (différents de ceux habituellement nommés et qui font partie du groupe de Fons MANGEN), afin que Marc BRAUNER se sente plus en confiance, en sachant qu'au moins un administrateur serait objectif et impartial (pièce III.D.1.a) et que
b) que Marc BRAUNER soit lui-même nommé administrateur de VAZON .

Or lors de ladite assemblée générale de VAZON du 11 juillet 2014, à laquelle Roland LORIE a assisté en tant que porteur d'une procuration dont il a affirmé qu'elle ait été établie de manière valable par deux personnes signant au nom et pour compte de la société GMG, prétendu trustee de BERKSHIRE, sans que ces pouvoirs n'aient été justifiés, cette demande a été refusée par l'actionnaire majoritaire BERKSHIRE (donc Roland Lorie), qui, fort de sa majorité de 60%, a installé aux commandes de VAZON, Roland LORIE lui-même, son fils Arnaud LORIE ainsi que son homme de main Fons MANGEN (pièce V.2.).

> ➤ Désignation d'un nouveau commissaire aux comptes

Le même sort fut réservé à la demande de REAL ESTATES de voir nommer comme commissaire aux comptes de VAZON INVESTMENTS un réviseur qui n'est pas issu du giron de Fons MANGEN, en l'occurrence la société GRANT THORNTON LUXAUDIT, qui fait partie d'un groupe de sociétés de révision de renommée mondiale. Une nouvelle fois l'actionnaire majoritaire BERKSHIRE a voté contre la proposition de la requérante sub1) en faisant désigner comme commissaire aux comptes la société anonyme RAMLUX SA   (pièces V.2. et 3.), qui à nouveau fait partie du groupe de sociétés de Monsieur Fons MANGEN, ce dernier ainsi que Jean-Hugues ANTOINE, ancien administrateur de VAZON, faisant d'ailleurs partie du conseil d'administration de RAMLUX, ce qui démontre l'absence de toute indépendance du nouveau commissaire aux comptes de VAZON par rapport aux membres de son conseil d'administration alors que Monsieur Fons MANGEN peut ainsi engager VAZON en tant qu'administrateur de cette société et contrôler les comptes de VAZON en tant qu'administrateur de RAMLUX SA.

> ➤ Institution d'un audit financier

De même la proposition de résolution de REAL ESTATES tendant à voir charger un   expert financier bilingue avec la mission d'auditer les comptes des filiales IGI, ceci avec l'objectif de vérifier la régularité de ces comptes et de déceler d'éventuelles irrégularités, fut rejetée par l'actionnaire majoritaire BERKSHIRE lors de l'assemblée générale prorogée au 11 juillet 2014.

> ➤ Convovation d'une assemblée générale d'IGI Inc. (New York)

L'actionnaire majoritaire BERKSHIRE s'est encore opposée à la proposition de REAL ESTATES de demander la convocation d'une assemblée générale de IGI Inc. afin de voir nommer un conseil d'administration représentatif de l'actionnariat et au sein duquel serait nommé Marc BRAUNER ou une personne désignée par lui.

> ➤ Demande de communication des comptes annuels et des procès-verbaux des assemblées d'IGI Inc. :

Le manque d'indépendance et d'objectivité de Monsieur Fons MANGEN apparaît encore lorsque, suite à la demande du mandataire de la requérant sub 1) de se voir

communiquer les comptes annuels de IGI Inc. pour les trois derniers exercices ainsi que le procès-verbaux des assemblées générales ayant approuvé ces comptes, il se contente de remettre aux mandataires de la requérante sub 1), lors de l'assemblée générale de VAZON du 11 juillet 2014, les seuls comptes annuels sans les procès-verbaux, en se reportant à l'affirmation d'un employé d'IGI Inc. que cette dernière n'aurait pas d'obligation de tenir chaque année une assemblée générale alors que les actionnaires d'IGI Inc. y auraient renoncé.

Or les requérants n'ont pas connaissance de l'existence d'un tel accord et ceci est manifestement aussi le cas de Monsieur Fons MANGEN car sinon il n'aurait pas demandé la communication de ces documents à IGI Inc. Selon l'avis de Me Stephen DREYFUSS la tenue d'une assemblée générale est obligatoire. Malgré cela Monsieur Fons MANGEN n'a pas jugé utile de demander à se voir communiquer le prétendu accord et il se contente de la réponse lapidaire d'un employé d'IGI Inc. au lieu de remplir correctement son mandat d'administrateur de VAZON (pièces V.4. a. et b. et V.5.).

## 7. PRESSIONS SUR LES CADRES DES FILIALES

Tel que décrit sub C (1), Marc BRAUNER s'est vu confronté à des manoeuvres de la part de Roland LORIE qui a fait obstruction à la communication de certains éléments relatifs aux comptes des filiales du groupe IGI et ce notamment au niveau d'IGI DMCC (Dubai) et d'IGI Inde. Sur ses interrogations les employés de ces filiales ont reconnu les faits et ainsi Nico D'Haemer er Rahki Sharma ont établi des attestations écrites et Madame SINDHU d'IGI Inde lui a dressé un mail confirmant les instructions reçues de la part de Roland LORIE (II.C.2.a. b. et c.)
Depuis lors les employés de Dubai et d'Inde ont été confrontés à des démarches et à des pressions afin de revenir sur leurs déclarations (pièces II.C.2.d.).
Non seulement ces démarches et pressions ont pour effet de ruiner la confiance que Marc BRAUNER pouvait avoir en Roland LORIE, mais elles prouvent que le risque est réel de voir Roland LORIE exercer des pressions sur les cadres de toutes les filiales du groupe IGI et de tout faire pour faire disparaître les preuves des irrégularités commises.

## III.

## NECESSITE D'UN ADMINISTRATEUR PROVISOIRE ET URGENCE

Force est partant de constater au vu des faits prédécrits et établis par les pièces produites ensemble avec le présente requête, que Roland LORIE a fait des détournements au sein des filiales du groupe IGI,

que les comptes des différentes filiales du groupe IGI montrent de nombreuses irrégularités et qu'il fait obstruction à la communication de certains éléments des comptes des filiales IGI, le tout au détriment certain de la société VAZON INVESTMENTS SA, de son actionnaire REAL ESTATES INTERNATIONAL SA et in fine de Marc BRAUNER.

Faisant semblant de collaborer à la médiation devenue caduque et à l'audit décidé de commun accord, Roland LORIE a torpillé l'audit en faisant obstruction à la communication de certains éléments à l'auditeur désigné de commun accord et même à Marc BRAUNER malgré les relances de ce dernier.

Il est également établi qu'à travers le trust BERKSHIRE, qui est l'actionnaire majoritaire de VAZON INVESTMENTS SA, Roland LORIE s'est opposé, lors de l'assemblée générale du 11 juillet 2014, aux demandes de REAL ESTATES destinées à garantir une meilleure représentation de l'actionnariat et une certaine indépendance au sein du conseil d'administration de VAZON INVESTMENTS SA ainsi qu'une totale indépendance au niveau du contrôle de ses comptes, en votant contre la nomination au conseil d'administration de VAZON INVESTMENTS SA tant de Monsieur Marc Brauner que d'une des trois personnes proposées par REAL ESTATES INTERNATIONAL SA et contre la désignation comme commissaire aux comptes du réviseur indépendant proposé par la requérante sub 1).

Au contraire Roland LORIE a profité de l'assemblée générale de VAZON INVESTMENTS SA du 11 juillet 2014 pour accroître son contrôle sur cette société, qui elle contrôle trois filiales du groupe IGI (pièce 1), en se faisant nommer lui-même et son fils ainsi que Monsieur Fons MANGEN seuls administrateurs de VAZON INVESTMENTS SA et en faisant désigner RAMLUX SA commissaire aux comptes.

En outre Roland LORIE, fort de sa majorité de 60% qu'il détient dans VAZON INVESTMENTS SA à travers le trust BERKSHIRE, s'est opposé, sous le prétexte d'une incompétence de l'assemblée générale, à la résolution présentée par la requérante sub 1) à l'assemblée générale du 11 juillet 2014 et tendant à voir instituer un audit des comptes des filiales IGI sur les 10 dernières années alors que d'une part cette demande ne fait que traduire le souci légitime de Marc BRAUNER de s'informer sur ce qui s'est passé dans les filiales du groupe IGI et de s'assurer de la régularité de leurs comptes et que d'autre part elle est conforme à l'intérêt de VAZON INVESTMENTS SA en lui permettant de contrôler la régularité des comptes et des résultats lui transmis par ses ses filiales.

La volonté ferme de Roland LORIE d'écarter Marc BRAUNER de la gestion des filiales du groupe IGI et de l'empêcher d'avoir accès aux informations relatives à leurs comptabilités et comptes est encore confirmée par son opposition, lors de l'assemblée générale de VAZON du 11 juillet 2014, à voir décider de demander la tenue d'une assemblée générale de IGI Inc à New York avec comme ordre du jour la nomination de Marc BRAUNER ou d'une personne désignée par lui comme administrateur (director).

Les faits prédécrits, qui sont corroborés par les nombreuses pièces versées à l'appui de la présente requête, font apparaître un abus de majorité manifeste de la part de Roland LORIE, à travers le TRUST BERKSHIRE, alors qu'au niveau de VAZON INVESTMENTS SA en sa qualité d'actionnaire majoritaire il empêche ainsi son associé minoritaire de participer à la gestion de la société, de voir nommer des administrateurs indépendants au conseil d'administration resp. comme commissaire aux comptes et de créer de la transparence au niveau des comptes des filiales à travers un audit indépendant.

Au niveau des filiales, Roland LORIE profite de sa position dominante de majoritaire pour faire obstruction à certaines demandes de communication d'informations resp. en

soumettant toute communication d'information à son accord préalable et en exigeant d'être informé de toute demande d'information et de toute instruction émanant du minoritaire. En ce faisant Roland LORIE ne respecte pas les structures sociétales ni les compétences des organes des filiales IGI. Ainsi, en ce qui concerne IGI Inc., dans laquelle ni Marc BRAUNER ni lui-même ne sont administrateurs, il donne des instructions à l'associé de New York, Jerry Ehrenwald, qui lui y est administrateur, et aux employés de cette société, de ne pas fournir certaines informations à Marc BRAUNER resp. à l'auditeur désigné. Le même mépris résulte du fait que même dans les filiales où Marc BRAUNER est administrateur, p.ex. à Dubai ou en Inde, et où il doit partant avoir libre accès à tous les documents et informations concernant les comptes, Roland LORIE filtre et régule le flot d'informations pouvant être transmises à Marc BRAUNER.

Les actes prédécrits de Roland LORIE, qui, fort de sa position majoritaire au sein du groupe, impose ses volontés par tous les moyens, consituent autant de voies de fait.

Au vu des nombreuse irrégularités d'ores et déjà découvertes et prouvées, l'abus de majorité pratiqué systématiquement par Roland LORIE à travers le TRUST BERKSHIRE au détriment du minoritaire REAL ESTATES INTERNATIONAL SA, cause préjudice à la société VAZON INVESTMENTS, qui non seulement risque de se voir priver de revenus sous forme de dividendes à distribuer par ses filiales, mais qui au surplus est gérée dans l'intérêt exclusif d'un seul actionnaire, de manière à faire courir un péril grave à VAZON INVESTMENTS SA.

Une aggravation du préjudice subi par VAZON INVESTMENTS SA et donc par REAL ESTATES INTERNATIONAL SA ainsi que par Marc BRAUNER est à prévoir alors que Roland LORIE persiste à travers les décisions imposées par l'actionnaire majoritaire lors de l'assemblée générale de VAZON INVESTMENTS SA du 11 juillet 2014 à vouloir empêcher l'associé minoritaire de participer à la gestion de VAZON INVESTMENTS SA et de ses filiales, telle sa filiale IGI Inc (New York) et à éviter de faire la lumière sur les comptes des filiales du groupe IGI et par la même sur les irrégularités d'ores et déjà découvertes et à découvrir.

Il est partant urgent de faire cesser cette situation et plus particulièrement les voies de fait, détournements et irrégularités, en nommant administrateur provisoire un tiers indépendant et impartial en vue d'un assainissement de la société et de sa gestion avec la mission notamment de gérer la société VAZON INVESTMENTS SA autant que faire se peut, de vérifier la régularité de la gestion et de la tenue des comptes de toutes les filiales du groupe IGI au cours des dix dernières années, alors qu'il existe des flux financiers entre les comptes des différentes filiales, sinon des comptes des filiales de VAZON INVESTMENTS SA au cours des dix dernières années, à ces fins de faire procéder à un audit des comptes des filiales IGI par un expert financier étranger et bilingue (anglais et français) et de prendre en sa qualité d'actionnaire dans les filiales IGI toutes les décisions et mesures qui s'avéreront nécessaires à l'accomplissement de sa mission.

L'urgence de la situation résulte de l'attitude adoptée par l'actionnaire majoritaire lors de l'assemblée générale du 11 juillet 2014, qui tente d'exclure REAL ESTATES, et donc Marc BRAUNER, de tout processus décisionnel au sein du groupe IGI, et qui met tout en oeuvre pour éviter de créer de la transparence sur les comptes des filiales du groupe, mettant actuellement sous pression les employés des filiales IGI qui ont reconnu s'être vu

donner instructions de faire obstruction aux investigations menées par l'auditeur et par l'actionnaire minoritaire, en exigeant d'eux qu'ils se rétractent.

## IV.

## BASE LÉGALE : ARTICLE 66 NCPC :

Le recours à la voie de la nomination d'un administrateur provisoire sur base d'une requête unilatérale se justifie encore par la crainte de voir l'actionnaire principal faire échec à la mesure sollicitée en écartant Marc BRAUNER de toutes les filiales du groupe IGI et surtout de faire détruire les preuves d'éventuelles irrégularités au niveau de la comptabilité des filiales respectives. Ainsi, de par sa position de majoritaire au sein du groupe IGI, Roland LORIE est susceptible, par les ordres qu'il risque de donner aux cadres dirigeants des filiales du groupe qui sont sous son emprise alors qu'ils le considèrent comme étant leur patron, resp. des pressions qu'il risque d'exercer et exerce déjà sur eux, d'ôter tout ou partie de l'effet utile de la mesure sollicitée.

## A CES CAUSES

les exposants concluent à ce qu'il Vous plaise, Madame le Président,

renvoyer les parties au principal devant qui de droit, mais dès à présent et par provision, par application de l'article 66 NCPC,

déclarer la présente requête recevable en la forme,

au fond la dire juste et bienfondée,

partant nommer d'urgence un administrateur judiciaire provisoire de la société anonyme de droit luxembourgeois VAZON INVESTMENTS S.A., établie et ayant son siège social à L-1724 Luxembourg, 9b, boulevard Prince Henri, inscrite au registre de commerce et des sociétés de Luxembourg sous le numéro B 136.666, avec la mission :

1) d'administrer et de gérer, autant que faire se peut, ladite société et, en vertu de son droit de regard sur la gestion des filiales IGI telles que prénommées (soit I.G.I. Hong Kong, I.G.I. Israël et I.G.I. Inc New York),
2) de vérifier la régularité de la gestion et de la tenue des comptes de toutes les filiales du groupe IGI au cours des dix dernières années, sinon des seules filiales de VAZON INVESTMENTS SA, à avoir d'IGI Inc, IGI Hong Kong et d'IGI Israël, à ces fins faire procéder à un audit des comptes des filiales IGI par un expert financier étranger et
3) de prendre en sa qualité d'actionnaire dans les filiales IGI toutes les décisions et mesures qui s'avéreront nécessaires à l'accomplissement de sa mission ;

mettre les frais de l'administration provisoire à charge de VAZON INVESTMENTS SA,

ordonner l'exécution provisoire de l'ordonnance à intervenir nonobstant toute voie de recours, sur minute, avant enregistrement et sans caution,

réserver aux requérants tous autres droits, dus, moyens et actions.

Luxembourg, le 18 juillet 2014

pour les requérants
leur mandataire

François Reinard

}

}

16

| INVENTAIRE DES PIECES |
|---|

### REQUÊTE EN NOMINATION D'UN ADMINISTRATEUR PROVISOIRE

1. REAL ESTATES INTERNATIONAL S.A.-S.P.F.
2. Marc BRAUNER
c/

VAZON INVESTMENTS S.A.

\*

1. pièces I.A.) I.B.) et I.C.) – schéma structurel, explicatif et historique du groupe IGI
2. pièces II.A.1.a, b, c,  d et e) – constat d'huissier de l'enregistrement de l'aveu / sms adressé par Roland LORIE à Marc BRAUNER suite à l'aveu / remarques concernant l'aveu / mail adressé par Marc BRAUNER à Roland LORIE le 27.05.14 / mail de Roland à LORIE à Marc BRAUNER du14.05.11
3. pièce II.A.2.a.) – Confirmation de la balance de clôture de IGI GOLDLAND (actuellement IGI Dubai DMCC) renseignant les montants remboursés pra Roland LORIE de février à mai 2011 pour un total de 7.189.684,25$
4. pièces II.A.3.a., b. et c.) - abondon de ses droits par Roland LORIE (terrain au Cambodge) au titre du dédommagement du vol / mail de Dave ELZAs du 03.06.14 confirmant l'abondon de Roland LORIE de ses droits à Marc BRAUNER / sms insultants de Roland LORIE du 28 juin 2012
5. pièces II.B.1.a. i., ii. et b.) – Declaration of trust de « The Berkshire Trust » / liste des administrateurs de HATTRON / mail de Dave ELZAS confirmant la fin de la médiation
6. pièces II.B. 2, 3 et 4.)-  proposition de protocole d'accord / mails de Marc BRAUNER à Roland LORIE des 15.05.14 et 09.06.14
7. pièces II.C.1. a. et b.) – mails de Roland LORIE du 16.01.14 donnant instruction de ne rien communiquer à Agnes CHAN concernat IGI Inc. / mails de rappels de Marc BRAUNER de septembre 2013 pour la communication de pièces cocernant IGI Israel
8. pièces II.C.2.a. b. et c.) – attestations de Rakhi SHARMA et Nico D'HAEMER et mail de SINDHU confirmant les injonctions reçues de la part de Roland LORIE
9. pièce II.C.2.d.) – échanges de mails confirmant les pressions exercées par Roland LORIE sur  Rakhi SHARMA et Nico D'HAEMER
10. pièce III.A.1.a.- e) Statuts / extrait RCS /convention de cession d'actions / extrait du registre des actionnaires / convention de gestion de REAL ESTATES
11. pièce III.A.2) mandat bancaire à Roland LORIE sur le compte de REAL ESTATES
12. pièce III.B.1.a., 2.a. et b) – Dissolution de IIP par le Trust BERKSHIRE représenté par Fons MANGEN / Déclaration de trust / Bénéficiaires du Trust BERKSHIRE

13. pièces III.C.1.a.i. III.C.1.a.ii.1. 2. et 3.) – statuts / RCS / assemblée générale extraordinaire du 01.02.08 / AGO du 11.05.12 /  comptes nnuels et annexes en due de l'AGO du 13.06.14 de VAZON

14. pièces III.D.1.a et D.2.a.) – échange de mails entre Marc BRAUNER et Fons MANGEN au sujet de l'AGO de REAL ESTATES du 11 juin 2014 et de l'AGO de VAZON du 13 juin 2014

15. pièces III.D.2.b.) – procès-verbal de l'AGO du 11 juin 2014 de REAL ESTATES

16. pièces III.D.2.c. et d.) – procès-verbal des résolutions de l'associé unique de REAL ESTATES du 30 juin 2014 et révocation administrateurs et commissaire aux comptes/ mail de Fons MANGEN contenant l'aveu de son conflit d'intérêts

17. pièce III.D.2.e.) – mail de Marc BRAUNER du 24 mars 2014 à M.Fons MANGEN avec en annexe les mails confirmant les obstructions à la communication de documents  aux USA

18. pièces IV.A.2.a.i et ii.) – documents confirmant les transferts suspects de fonds à des tiers par le biais du compte de Nico D'HAEMER

19. pièces IV.A.2.c.i.) - prêt accordé par IGI Dubai à Jerry EHRENWALD, associé et directeur d'IGI Inc. / annulation du prêt avec renonciation au remboursement

20. pièce IV.A.2.d)  - transferts de fonds de IGI Dubai vers les comptes privés de Roland LORIE

21. pièces IV.A.2.e) donations par IGI Inc.

22. pièces IV.A.2.f.) -  Contrat de paiement de royalties entre IGI Anvers et IGI Inde / échanges de mails entre les sociétés IGI d'Anvers, Inde et Dubai et pièces comptables confirmant que les royalties sont payés à Dubai où ils sont comptabilisés comme « certification », « full report with sealing » ou encore « consultation »

23. pièce IV.B.1.a. et b.) - mail de Roland LORIE du 15.02.12 « l'argent vient d'abord chez moi » et amil d'information de Marc BRAUNER à Jery EHRENWALD

24. pièces V.1.a. et b.) -  lettres du mandataire de REAL ESTATES des 4 et 8 juillet 2014 en vue de l'AGO de VAZON INVESTMENTS S.A. du 11 juillet 2014
pièces V.2.) procès-verbal de l'AGO de VAZON du 11 juillet 2014 avec note de REAL ESTATES annexée
pièce V 3.) – extrait RCS de RAMLUX SA
pièces V.4. a. et b.) demande documents de IGI Inc. par le mandataire de REAL ESTATES et mails de M. Prajapati d'IGI Inc.
V.5.. – avis de Me Stephen DREYFUSS quant à l'obligation de tenir une AG dans IGI Inc.

**APPLICATION FOR THE APPOINTMENT OF A PROVISIONAL DIRECTOR
UNDER ARTICLE 66 OF THE NEW CODE OF CIVIL PROCEDURE ("NCPC")**

| OUTLINE |
|---|

COPY

**I.**

**PURPOSE OF APPLICATION**

**II.**

**BACKGROUND**

Filed with Clerk Tal
Desk
July 18, 2014
Court Clerk
[initials]

A.                                   OPERATION OF THE IGI GROUP

1.   Business of the IGI Group companies
   2.        The Group's shareholders

   ➢ **VAZON INVESTMENTS S.A.,**
      • INTERNATIONAL GEMOLOGICAL (Hong Kong) Limited
      • INTERNATIONAL GEMOLOGICAL INSTITUTE Inc. (New York)
      • INTERNATIONAL GEMOLOGICAL INSTITUTE Israel

   ➢ **HATTRON (INDIA) LTD,**

      • INTERNATIONAL GEMOLOGICAL INSTITUTE (India) Private Limited
      • INTERNATIONAL GEMOLOGICAL INSTITUTE (Japan) Limited
      • INTERNATIONAL GEMOLOGICAL INSTITUTE DMCC (Dubai)
      • INTERNATIONAL GEMOLOGICAL IDENTIFICATION (Thailand) LIMITED

3.        The Group's management

4.        Origins of the IGI Group

B.     ORIGINS OF THE DISPUTE
    **1.**    A criminal financial investigation
    **2.**    Confessed misappropriation
    **3.**    Attempted "mediation"
    **4.**    The failed audit

C.     THE COMPLAINTS

1. OBSTRUCTION

2. CONFLICTS OF INTEREST AND DIRECTORS EXCEEDING THEIR AUTHORITY

3. SUSPICIOUS TRANSFERS INVOLVING IGI GROUP COMPANIES BANK ACCOUNTS

4. MISAPPROPRIATION OF DIVIDENDS

5. REJECTION OF ANY NEGOTIATED SOLUTION

6. THE JULY 11, 2014 SHAREHOLDERS' MEETING OF VAZON INVESTMENTS SA

> Appointment of Directors

> Appointment of a new auditor

> Initiation of a financial audit

> Calling a shareholders' meeting of IGI Inc. (New York)

> Request to be provided with the annual financial statements and minutes of the shareholders' meetings of IGI Inc.

7. PRESSURE ON SUBSIDIARIES' MANAGERIAL STAFF

**III.**

**NEED FOR A PROVISIONAL DIRECTOR AND URGENCY**

## IV.

## LEGAL BASIS: ARTICLE 66 OF THE NCPC

To the Honorable Chief Judge of the Luxembourg District Court, in Luxembourg. [i]

1. **REAL ESTATES INTERNATIONAL S.A.-S.P.F.**, a corporation organized under the laws of Luxembourg, incorporated in and with its principal office at 4 Rue Henri Schnadt, L-2530 Luxembourg, registered in the Luxembourg Trade and Companies Register under number B 41.054, represented by its current board of directors,

2. **Marc Brauner**, a corporate executive residing at Cooper Villa 2/F, 25 Wilson Road, Happy Valley, Hong Kong, acting both in his own name and in his capacity as the owner of all the stock of REAL ESTATES INTERNATIONAL S.A.-S.P.F.,

Have the honor of respectfully presenting to you, through their legal representative, François Reinard, the undersigned, a Luxembourg attorney (*Avocat à la Cour*), residing at L-2340 Luxembourg, 34A, Rue Philippe II, choosing his office as their address for service,[ii]

## I.

## PURPOSE OF APPLICATION

That, for the reasons set forth below, they request that the Court appoint a

Provisional Director

for **VAZON INVESTMENTS S.A.**, a corporation *(société anonyme)* organized under the laws of Luxembourg, with its principal office at 9b Boulevard Prince Henri [iii], L-1724 Luxembourg, registered in the Luxembourg Trade and Companies register under B 136.666 (exhibit III.C.1), with the following **assignment**:

to do everything in his power **to administer and manage** said company and by virtue of its right to be informed about the management of the IGI subsidiaries (i.e. I.G.I. Hong Kong, I.G.I. Israel and I.G.I. New York, C (exhibit I.A.) to verify that over the past 10 years all of the IGI subsidiaries, and if not them, the subsidiaries located in New York, Hong Kong and Israel, have been properly managed and that their accounting books and records have been properly kept, and for that purpose to have the accounting books and records of the IGI subsidiaries audited by a foreign financial auditor and, in his capacity as a shareholder of the IGI subsidiaries, to make all such decisions and take all such measures as shall prove necessary for him to carry out his assignment.

## II.

## BACKGROUND

Marc Brauner (horsenito1@hotmail.com) applicant (2), is one of the two main shareholders in the INTERNATIONAL GEMOLOGICAL INSTITUTE Group, (hereinafter "IGI") through REAL ESTATES INTERNATIONAL SA. IGI is primarily managed through two parent companies, one of which is VAZON INVESTMENTS SA, a Luxembourg company.

Mr. Brauner is faced with a number of irregularities caused by Roland Lorie, the majority shareholder in the IGI Group.

A.    OPERATION OF THE IGI GROUP

1.  The business of the IGI Group companies consists in appraising diamonds (submitted by diamond dealers, jewelers or any other individuals) and describing their characteristics in a certificate. The stone or stones are then sealed with the certificate (or the number of the certificate is recorded on the stone with a laser) so that they can be bought and sold.

2.  The Group's shareholders are (exhibit I.A.):

   ➢ **VAZON INVESTMENTS S.A.**, a Luxembourg parent company with three subsidiaries:

   - INTERNATIONAL GEMOLOGICAL (Hong Kong) Limited
   - INTERNATIONAL GEMOLOGICAL INSTITUTE Inc. (New York)
   - INTERNATIONAL GEMOLOGICAL INSTITUTE Israel

   ➢ **HATTRON (INDIA) LTD**, a Mauritian parent company with four subsidiaries:

   - INTERNATIONAL GEMOLOGICAL INSTITUTE (India) Private Limited
   - INTERNATIONAL GEMOLOGICAL INSTITUTE
   - (Japan) Limited
   - INTERNATIONAL GEMOLOGICAL INSTITUTE DMCC (Dubai)
   - IINTERNATIONAL GEMOLOGICAL IDENTIFICATION (Thailand) LIMITED

Marc Brauner, a minority shareholder in the Group who owns 40% of the stock through applicant (1), REAL ESTATES INTERNATIONAL SA, a Luxembourg corporation, is the diamond appraiser responsible for the technical side of the Group's business, while Roland Lorie, the majority shareholder who owns 60% of the stock through BERKSHIRE, a trust organized under the laws of Mauritius, is the Group's financial manager.

With a few exceptions, Marc Brauner (REAL ESTATES) and Roland Lorie (BERKSHIRE) hold 100% of the rights of the above-mentioned companies through their respective companies (exhibit I.A.).

In addition, Marc Brauner owns 8.3% of the Hong Kong subsidiary through REAL ESTATES (the remaining 91.7% of the stock is split 40%/60% between REAL ESTATES and BERKSHIRE, while Roland Lorie personally owns 1% of the Indian subsidiary. In addition, Jerry Ehrenwald owns 50% of the stock of the U.S. subsidiary) and formerly owned 16% of the stock of the Indian subsidiary).

3. The Group's management also varies from company to company— some are managed by third parties, while others are managed by Marc Brauner and/or Roland Lorie.

4. The origins of the IGI Group lie in Antwerp, where the Lorie and Brauner families founded the first IGI company, which is still in business today. It does not have any equity ties with the other IGI companies, even though it has a business relationship with all of them.

Marc Brauner and Roland Lorie own 40% and 60% of the Antwerp company, respectively (see the diagram of the IGI companies – exhibit I.A.)

B.        ORIGINS OF THE DISPUTE

1. A criminal financial investigation was opened in 2010 in Antwerp against Roland Lorie in connection with the management of his private affairs, and is not connected with the businesses of the IGI companies.

2. On March 26 **2011**, during a call via Skype (a system by which people can phone and see one another on their computer screens) Roland Lorie confessed to Marc Brauner that, during the course of his management, he had taken and misappropriated funds for his own benefit, 40% of which belong to REAL ESTATES (and thus ultimately to Marc Brauner) (exhibit II.A.1.a, b, c, d and e)[1].

Roland Lorie explained that he had taken money from one or more IGI Group companies and had had it transferred, little by little, to his own personal accounts. He acknowledged that, in any event, a total of USD $7,189,684.25 had been taken, of which 40% (i.e. USD $3,000,000) belonged to Marc Brauner via REAL ESTATES.

---

[1] That confession was recorded, typed up and confirmed by Philippe Mormal, a marshal *(huissier de justice)* in Brussels (exhibit II.A.1.a).
The portion that precedes Roland Lorie's typed statement is an explanation of what he said, which the marshal obviously crossed out (6 paragraphs) because the text does not represent Roland Lorie's own words.
It should be noted that in his text messages, (exhibit II.A.1.b.) Roland Lorie thanks Marc Brauner for his support and says how sorry he is for everything he did and that, in spite of everything, he hopes to be able continue with a constructive relationship.
The Belgian Court of Cassation (exhibit II.A.1.e) held that such evidence may be produced and used "*absent breach of a formal requirement, which must be complied with or the act is void*", (Belgian Court of Cassation, March 10, 2008, *J.L.M.B.*, 2009, p. 584)

That confession is confirmed by:

- Roland Lorie's repayment of USD $7,189,684.25 to IGI DMCC (Dubai) by means of several bank transfers from his own personal bank accounts (exhibit II.A.2.a),

- the email that Roland Lorie sent to Marc Brauner on May 14, 2011 (exhibit II.A.3.c) and his June 28, 2012 text message (exhibit II.A.3.c),

- the initiation of a mediation process (as a result of that confession) in an effort to rebuild trust, during which the decision was made to

- audit the accounting books and records of the IGI Group companies, even though Marc Brauner, the minority shareholder through REAL ESTATES, was not at all convinced that there had been any other instances of misappropriation than those acknowledged by Roland Lorie: the auditor responsible for the financial audit (consolidation of financial statements) of the accounting books and records of the IGI Group subsidiaries over the preceding ten years was Agnes Chan, a member of Miss Agnes Chan Esmond W. T. Leung & Co. 12th Floor, San Toi Building, 137-139 Connaught Road Central, Hong Kong,

- the compensation received by Marc Brauner as a result of Roland Lorie's abandonment of USD $2,500,000 in investments in Cambodia in his favor (exhibit II.A.3.a and b)

3. The attempted <u>mediation</u> was held under the auspices of "mediator" Dave Elzas, who is in fact the director of the HATTRON Company through his own company, GMG TRUST, with its principal office in Mauritius.
   However, Marc Brauner discovered during the mediation process that Dave Elzas's company was also the "trustee" of the BERKSHIRE TRUST, and therefore represented the interests of one of the parties, i.e. Roland Lorie, in the IGI Group. The intervention of a "mediator" who represented the interests of the majority shareholder, was guilty of misappropriation, and accordingly could offer no assurance of impartiality or independence, prevented the mediation from going forward, and the mediation must accordingly be viewed as an effort at conciliation (II.B.1.a and b.)

4. <u>The audit</u> assigned to Agnes Chan began in October 2013. However-- and this is what prevented trust from being restored in the IGI Group – the investigation was unsuccessful because of Roland Lorie's obstruction in connection with certain requests from Agnes Chan, the appointed auditor, and even with regard to requests from Marc Brauner (exhibit II.C.).

C.      <u>THE COMPLAINTS</u>

1. <u>OBSTRUCTION</u>

Starting with the "mediation", Marc Brauner, who as a rule handled only the technical side of diamond appraisals, except when he was brought in from time to time for financial transactions at Roland Lorie's request, had begun to seek and gather information in order to

speed up the audit and verify what Roland Lorie, his partner, was saying.

During that process, Marc Brauner discovered numerous acts of deception committed by his partner, and found out that his partner had given instructions that were aimed at preventing him from gaining access to certain information, thus exacerbating the climate of suspicion and mistrust.

With the complicit support of the directors of VAZON, and of Fons Mangen in particular, that of trustee and sham mediator Dave Elzas, Jerry Ehrenwald (who owned 50% of IGI Inc.) and Mr. Themas, the manager of IGI India, Roland Lorie prevented Marc Brauner from verifying that he was in fact acting in good faith, by slowing down and interfering with access to the information and accounting books and records of various IGI Group companies. (exhibit II.C.).

    For example:

> On January 16, 2014, Roland Lorie gave instructions to Jerry Ehrenwald, a shareholder in IGI Inc., and to the employees of IGI Inc., to tell Agnes Chan, the appointed auditor, that they did not have the requested documents, and even to stop responding to requests for information from the auditor (exhibits II.C.1. a and b.)

> As they confirmed in their affidavits, IGI Dubai employees Rakhi Sharma and Nico D'Haemer were asked by Roland Lorie not to provide Marc Brauner with any documents or information without Roland Lorie's prior approval. Those same IGI Dubai employees were ordered by Roland Lorie to delete a password-protected computer file from one of the company's computers (exhibits II.C.2.a and b.)

> Similarly, Mrs. Sindhu of IGI India was told by Roland Lorie to pass on to him a copy of any information requested by Marc Brauner, and any instructions received from him (exhibit II.C.2.c).

## 2. CONFLICTS OF INTEREST AND DIRECTORS EXCEEDING THEIR AUTHORITY

> Marc Brauner also discovered that certain members of the board of directors of his own company, REAL ESTATES (exhibit III.A.1.a. - e), who are also directors of VASON (exhibit III.C.1.a.ii.2 and 3), and in certain acts, instruments or agreements[iv] represent the Berkshire Trust (exhibit III.B.1.a., 2.a. and b), notably, Fons Mangen, exceeded their authority by:

  o Granting Roland Lorie a power of attorney to operate a bank account, which gave him <u>direct access to the account of REAL ESTATES</u>, a company in which he did not own any stock, since the company was wholly owned by Marc Brauner (exhibit III.A.2)

  o having transfers that were ordered by Roland Lorie made from REAL ESTATES, a company that was wholly-owned by applicant Marc Brauner, to other IGI Group companies without having first asked Marc Brauner for his consent,

    o  holding a shareholders' meeting of REAL ESTATES on June 11, 2014 without the knowledge of Marc Brauner who, still seeking to protect his rights, asked Fons Mangen on June 11, 2014 when the company's shareholders' meeting would be held – a company that was wholly-owned by him.  Note that the shareholders' meetings of REAL ESTATES were not held as they should have been, since normally they should have been held on the second Wednesday of June, but were in fact held at the end of April in 2013.  Fons Mangen replied that the shareholders' meeting was being held that same day.  Thus, Fons Mangen did not see any point in telling the company's sole shareholder that a shareholders' meeting was being held, even though he had visited Fons Mangen in his offices on June 4, 2014 (exhibits III.D.2.a and b.).  As a result, REAL ESTATES shareholders' meeting, which in particular discharged the directors for the performance of their duties, was held on June 11 2014 without notifying Marc Brauner. This was clearly unacceptable.

➢ Faced with these clear abuses of authority by REAL ESTATES' directors Fons Mangen, Jean-Hugues Antoine and Mrs. Carine Reuter-Bonert, and in light of their conflicts of interest as directors of both REAL ESTATES and VAZON, Marc Brauner was forced to remove them as directors of REAL ESTATES at the special shareholders' meeting of REAL ESTATES held June 30, 2014 (exhibit III.D.2.c.) and replace them with directors who were independent of both Roland Lorie and Fons Mangen and his companies.

Moreover, that conflict of interest was expressly recognized by Fons Mangen in an e-mail sent to VAZON's shareholders on July 10, 2014, in which he told them that he no longer had any conflict of interest, following his removal as a director of REAL ESTATES, which is why he said that he was once again ready to be reappointed a director of VAZON, when he had planned to no longer apply for that position (exhibit III.D.2.d.).

➢ Moreover, it is telling that at no time did the "director with many hats", Fons Mangen, assist Marc Brauner in his efforts to discover the truth, for he failed to respond when, on March 24, 2014, Marc Brauner sent him the exchange of correspondence in March 2014 between Marc Brauner and Jerry Ehrenwald (IGI Inc.) which clearly shows that no document or information was being provided to minority shareholder REAL ESTATES/Marc Brauner without Roland Lorie's approval (exhibit III.D.2.e.).

## 3. SUSPICIOUS TRANSFERS INVOLVING IGI GROUP COMPANIES' BANK ACCOUNTS

Next, Marc Brauner was unpleasantly surprised to discover how the IGI Group's accounting books and records had been managed by Roland Lorie.  For example:

➤ **(a)** Suspicious transfers of funds between the accounts of IGI Companies, the accounts of certain employees and the accounts of Roland Lorie, his acquaintances, or other third parties. According to the affidavit of an IGI DUBAI employee, he was paid to allow IGI DUBAI to allow funds to pass through his personal account, and then be transferred to third parties (exhibits IV.A.2.a.i and ii. and II.C.2.b.),

➤ **(b)** Loans, which were not repaid, were made to employees for unknown reasons, notably a loan from IGI DUBAI to Jerry Ehrenwald (exhibits IV.A.2.c.i.),

➤ **(c)** Unexplained transfers of funds from the accounts of IGI companies (such as IGI Dubai) to Roland Lorie's **private accounts** (exhibits IV.A.2.d),

➤ **(d)** Enormous **gifts** totaling well over USD 1,000,000 appeared on the balance sheet of IGI Inc., located in the United States, even though the company was losing money (exhibit IV.A.2.e), and the balance sheets of VAZON INVESTMENTS SA, its parent company, showed that it was losing money as well. It is disturbing to find that the donees include the ISRAEL AT HEART Foundation, which belongs to Roland Lorie's brother-in-law, as well as an organization called, "FRIENDS OF MOSDOT GUR" which alone received donations totaling USD 986,000.

➤ **(e) Royalties**, which should have been paid by IGI India to IGI Antwerp under an agreement between those two companies (exhibit IV.A.2.f.i) but were in fact transferred from IGI India to IGI Dubai, and not to the Antwerp company (it issued credit notes in the Antwerp company's favor, but transferred the funds to an account in the United Arab Emirates) (exhibit IV.A.2.f.iii.2 and IV.A.2.f.iii.6). The company located in Dubai (which in principle should not receive any royalties) then billed those royalties under another heading, such as "consulting" or "certification" (exhibit IV.A.2.f.iii). What IGI Dubai did with the funds it received as "royalties" is still unknown.

## 4 . MISAPPROPRIATION OF DIVIDENDS

Roland Lorie appears to have denied the third "small shareholder" in IGI, Jerry Ehrenwald, the income he was owed, apparently without any objection from Jerry: thus, Marc Brauner discovered that amounts that were normally owed in his capacity as a shareholder of IGI Inc. had not been transferred to him, even though Roland Lorie had said that he would take care of them as follows: *"the money comes to me first"* (exhibit IV.B.1.a). Marc Brauner took pains to tell the shareholder about this when that information came to light (exhibit IV.B.1.b.), without any reaction from him, which makes one think that there may be collusion between Roland Lorie and Jerry Ehrenwald,  especially when one sees the latter's dogged refusal to provide accounting books and records or documents to Marc Brauner.

## 5. REJECTION OF ANY NEGOTIATED SOLUTION

Following these discoveries, Marc Brauner sought to arrive at a <u>negotiated
solution</u>, proposing a memorandum of understanding to Roland Lorie (exhibits
II.B. 2, 3 et 4), on one occasion that involved a temporary freeze on voting rights
and the appointment of a financial auditor to audit the accounting books and
records, which should not have posed a problem if Roland Lorie had been acting in
good faith, but which he rejected – and on another occasion, changes to the various
boards of directors while at still other times, he proposed that the parties meet.

### 6. VAZON INVESTMENTS SA'S JULY 11, 2014 SHAREHOLDERS' MEETING

Faced with the rejection of any negotiated solution, and still wishing to keep the
peace, REAL ESTATES had its legal representative send letters to VAZON
INVESTMENTS SA on July 4 and 8, 2014 (exhibits V.1.a. and b.), that contained
various proposals to be submitted to the next shareholders' meeting of VAZON
INVESTMENTS, which had originally been called for June 13, 2014, and was
then postponed to July 11, 2014 at REAL ESTATES' request.

As reflected by the minutes of VAZON's shareholders' meeting on July 11, 2014
(exhibit V.2), REAL ESTATES' legal representatives submitted a memorandum
attached to the minutes of that shareholders' meeting in support of REAL
ESTATES' requests, in which they criticized both the numerous irregularities in
the management of the IGI Group's subsidiaries and VAZON that had come to
light, and the machinations designed to prevent Marc Brauner, and hence REAL
ESTATES, from gaining access to a number of documents and information.

> ➤ Appointment of directors

Thus, REAL ESTATES proposed:
a) that one member of the board of directors be chosen from three names proposed
by REAL ESTATES (that were different from the people who were usually
appointed, who were part of Fons Mangen's group) so that Marc Brauner could
feel more comfortable knowing that at least one director would be objective and
impartial (exhibit III.D.1.a), and that
b) Marc Brauner himself be appointed a VAZON director.

However, at VAZON's July 11, 2014 shareholders' meeting, (which Roland Lorie
attended as the holder of a proxy that he claimed had been duly drawn up by two
individuals signing for and on behalf of GMG, the alleged BERKSHIRE Trustee,
even though those powers of attorney were never documented,) the request was
denied by BERKSHIRE, the majority shareholder (and hence by Roland Lorie)
who, confident in his 60% majority, put <u>Roland Lorie</u> himself, his son <u>Arnaud
Lorie</u> and Fons Mangen, his hatchet man, in charge of VAZON (exhibit V.2.).

> ➤ Appointment of a new auditor

The same treatment was afforded REAL ESTATES' request that an auditor who was not close to Fons Mangen – GRANT THORNTON LUXAUDIT, a member of a group of accounting firms with an international reputation – be appointed as VAZON INVESTMENTS' auditor. Once again, majority shareholder BERKSHIRE voted against applicant (1)'s proposal by appointing the RAMLUX SA corporation as auditor (exhibits V.2. and 3.). Once again, RAMLUX SA is a member of Fons Mangen's group of companies, while Fons Mangen and Jean-Hugues Antoine, a former VAZON director, are members of RAMLUX's board of directors, which shows the lack of any independence whatsoever on the part of VAZON's new auditor with respect to the members of its board of directors, even though Fons Mangen can bind VAZON as a director of that company, and inspect VAZON's accounting books and records as a director of RAMLUX SA.

> Initiation of a financial audit

Similarly, REAL ESTATES' proposed solution that a bilingual financial auditor be assigned to audit the accounting books and records of the IGI subsidiaries in order to verify that said accounting books and records were being properly kept and to identify any irregularities, was rejected by majority shareholder BERKSHIRE at the shareholders' meeting that had been postponed to July 11, 2014.

> Calling of a shareholders' meeting of IGI Inc. (New York)

Majority shareholder BERKSHIRE again opposed REAL ESTATES' proposal that a shareholders' meeting of IGI Inc. be called so that a board of directors could be appointed that was representative of the shareholders – a board to which Marc Brauner or a person designated by him would be appointed.

> Request to be provided the annual financial statements and minutes of the shareholders' meetings of IGI Inc.

Fons Mangen's lack of independence or objectivity became evident once again when, at VAZON's July 11, 2014 shareholders' meeting, following a request from applicant (1)'s legal representative to be supplied with the annual financial statements of IGI Inc. for the last three fiscal years, as well as the minutes of the shareholders' meetings that had approved those financial statements, he only gave applicant (1)'s legal representatives the annual financial statements without the minutes, citing the assertion by an IGI, Inc. employee that IGI Inc. was under no obligation to hold a shareholders' meeting every year, when IGI Inc.'s shareholders had waived it.

However, applicants are unaware that any such agreement exists, and this is also clearly true of Fons Mangen, otherwise, he would not have asked that those documents be provided to IGI Inc. Mr. Stephen Dreyfuss is of the opinion that the holding of a shareholders' meeting is mandatory. Despite this, Fons Mangen did not see any reason to ask that he be provided with the alleged agreement, but rather was satisfied with the terse reply of an IGI, Inc. employee, instead of

11

properly performing his duty as a VAZON director (exhibits V.4. a. and b. and V.5.).

## 7. PRESSURE ON SUBSIDIARIES' MANAGERIAL STAFF

As described in section C(1), Marc Brauner was faced with machinations on the part of Roland Lorie which operated as an impediment to the provision of certain items relating to the accounting books and records of the IGI Group subsidiaries, notably at the level of IGI DMCC (Dubai) and IGI India.  In response to his questions, the employees of those subsidiaries acknowledged the facts, and as a result Nico D'Haemer and Rahki Sharma gave written affidavits and Mrs. Sindhu of IGI India sent him an e-mail that confirmed the instructions that had been received from Roland Lorie (II.C.2.a. b. and c.)
Since then, the Dubai and India employees have been faced with pressure and efforts to make them retract their written statements (exhibits II.C.2.d.).
Not only did those pressures and efforts destroy any trust that Marc Brauner may have had in Roland Lorie, they also proved that there was a genuine risk of Roland Lorie putting pressure on the managerial staff of all of the IGI Group subsidiaries, and doing everything in his power to make the evidence of the irregularities that had been committed disappear.

## III.

## **NEED FOR A PROVISIONAL DIRECTOR AND URGENCY**

In light of the facts set forth above, as documented by the exhibits produced together with this application, it must be recognized that Roland Lorie misappropriated funds from the IGI Group subsidiaries,

That the accounting books and records of various IGI Group subsidiaries showed numerous irregularities, and that he blocked the provision of certain of the IGI subsidiaries' accounting books and records, all of the foregoing clearly to the prejudice of VAZON INVESTMENTS SA, its shareholder REAL ESTATES INTERNATIONAL SA and ultimately, Marc Brauner.

Pretending to cooperate in the mediation that had collapsed, and in the audit that had been decided on by mutual agreement, Roland Lorie torpedoed the audit by blocking the provision of certain items to the auditor appointed by mutual agreement, and even to Marc Brauner himself, despite the reminders he sent out.

It has also been shown that, acting through the BERKSHIRE Trust, which is the majority shareholder in VAZON INVESTMENTS SA, Roland Lorie opposed REAL ESTATES' requests at the shareholders' meeting held on July 11, 2014-- requests that were designed to ensure that the shareholders would be better represented, as well as to ensure a certain amount of independence on VAZON INVESTMENTS SA's board of directors as well as complete independence in the auditing of its accounting books and records, by voting against the appointment to VAZON INVESTMENTS SA's Board of Directors of Mr.

Marc Brauner or one of the three people nominated by REAL ESTATES INTERNATIONAL SA, and against the appointment as auditor of the independent auditor nominated by applicant (1).

Instead, Roland Lorie took advantage of VAZON INVESTMENTS SA's July 11, 2014 shareholders' meeting to increase his control over the company, which itself controls three IGI Group subsidiaries (exhibit 1), by having himself, his son and Fons Mangen appointed as the sole directors of VAZON INVESTMENTS SA, and by having RAMLUX SA appointed as auditor.

In addition, confident of his 60% majority ownership of VAZON INVESTMENTS SA through the BERKSHIRE trust, Roland Lorie, claiming that it fell outside the purview of the shareholders' meeting, opposed the resolution submitted by applicant (1) to the shareholders' meeting of July 11, 2014 which was designed to initiate an audit of the accounting books and records of the IGI subsidiaries over the previous ten years, even though, firstly, that request merely reflected Marc Brauner's legitimate desire to be informed about what was happening in the IGI Group subsidiaries and to ensure that their accounting books and records were correct, and secondly, the request is consistent with VAZON INVESTMENTS SA's interests by allowing it to verify that the accounting books and records and results transmitted to it by its subsidiaries were correct.

Roland Lorie's firm intent to remove Marc Brauner from the management of the IGI Group's subsidiaries and prevent him from gaining access to information about their accounting books and records is also confirmed by his opposition at VAZON's July 11, 2014 shareholders' meeting to a resolution to request that an IGI, Inc. shareholders' meeting be held in New York, having as its agenda the appointment of Marc Brauner or a person designated by him as director.

The facts set forth above, which are corroborated by the numerous exhibits produced in support of this application, show that Roland Lorie clearly abused his majority interest through the BERKSHIRE Trust while, as majority shareholder of VAZON INVESTMENTS SA, preventing his minority shareholder from participating in the company's management, having independent directors appointed to the board of directors or as auditor, and creating transparency in the subsidiaries' accounting books and records by means of an independent audit.

At the level of the subsidiaries, Roland Lorie took advantage of his dominant position as a majority shareholder by blocking certain requests for the provision of information, by requiring that the provision of any information be submitted to him in advance for approval, and by requiring that he be informed of any requests for information or any instructions from the minority shareholder. In so doing, Roland Lorie failed to observe the companies' structures or the authority of the IGI subsidiaries' governing bodies. Thus, with regard to IGI Inc., of which neither Marc Brauner nor he himself is a director, he gave instructions to the New York shareholder, Jerry Ehrenwald, who himself is a director of IGI Inc., and to that company's employees, not to provide certain information to Marc Brauner or the designated auditor. The same contempt is evidenced by the fact that even in those subsidiaries in which Marc Brauner is a director, for example the Dubai or India subsidiaries, and where he must accordingly have unrestricted access to all documents and information concerning accounting books and records, Roland Lorie filters and regulates the flow of information that may be transmitted to Marc Brauner.

The above-described acts by Roland Lorie who, confident in his position of majority shareholder in the Group, uses all available means to have things his way, are all blatantly illegal acts.

In light of the numerous irregularities that have already been discovered and documented, Roland Lorie's systematic abuse of his majority power through the BERKSHIRE Trust to the prejudice of minority shareholder REAL ESTATES INTERNATIONAL SA causes prejudice to VAZON INVESTMENTS which not only risks losing income in the form of dividends to be distributed by its subsidiaries, but which, moreover, is managed in the sole interest of a single shareholder, thereby putting VAZON INVESTMENTS SA in grave peril.

The prejudice incurred by VAZON INVESTMENTS SA, and hence by REAL ESTATES INTERNATIONAL SA and Marc Brauner can only increase as long as Roland Lorie persists, through decisions imposed by the majority shareholder at VAZON INVESTMENTS SA's July 11, 2014 shareholders' meeting, in trying to prevent the minority shareholder from participating in the management of VAZON INVESTMENTS SA and its subsidiaries, such as IGI Inc. (New York), and in avoiding the disclosure of the IGI Group subsidiaries' accounting books and records, and by the same token, the irregularities that have already been discovered and those which have not yet come to light.

Accordingly, this situation, and in particular, the various blatantly unlawful acts, misappropriations and irregularities, urgently need to be brought to an end by appointing an independent, impartial third party as provisional director in order to clean up the company and the way it is being managed, with the assignment of doing everything in his power to manage VAZON INVESTMENTS SA, to verify that all of the IGI Group subsidiaries have been properly managed and that their accounting books and records have been properly kept over the past ten years, when there were flows of funds between the accounts of the various subsidiaries, or to verify that the accounting books and records of VAZON INVESTMENTS SA's subsidiaries have been properly kept over the past ten years, and for that purpose, to have the accounting books and records of the IGI subsidiaries audited by a bilingual (English and French) foreign financial auditor, and, in his capacity as a shareholder in the IGI subsidiaries, to make all such decisions and take all such measures as shall prove necessary for him to carry out his assignment.

The urgency of the situation is due to the attitude adopted by the majority shareholder at the July 11, 2014 shareholders' meeting, when he attempted to exclude REAL ESTATES, and hence Marc Brauner, from any decision-making process within the IGI Group, and did everything in his power to avoid bringing transparency to the Group subsidiaries' accounting books and records, by now putting pressure on the IGI subsidiaries' employees, who have acknowledged that they received instructions to block the investigation conducted by the auditor and the minority shareholder, and by demanding that they retract their statements.

## IV.

### LEGAL BASIS:  ARTICLE 66 NCPC

The appointment of a provisional director by means of an *ex parte* application is also warranted by the fear that the main shareholder will block the requested measure by removing Marc Brauner from all of the IGI Group subsidiaries, and in particular, by having all evidence of irregularities in the accounting books and records of the various subsidiaries destroyed. Thus, due to his position as majority shareholder in the IGI Group, Roland Lorie is likely, through the orders that he may give to the top executives of the Group's subsidiaries, (all of whom are under his power and view him as their boss), or by means of the pressure that he may bring (and already brings) to bear on them, to prevent the requested measure from having any real impact, or even any impact whatsoever.


## WHEREFORE

The applicants seek the following relief:

May it please the Court,

to remand the parties to the proper forum for their main claim, but hereby as a provisional measure pursuant to article 66 NCPC,

to decree that this application is procedurally admissible,

and on the merits, to find that it is fair and well-founded,

and accordingly to urgently appoint a provisional director for VAZON INVESTMENTS S.A., a corporation organized under the laws of Luxembourg, incorporated and with its principal office at 9b Boulevard Prince Henri, L-1724 Luxembourg, registered in the Luxembourg Trade and Companies' Register under number B 136.666, with the following assignment:

1) to do everything in his power to administer and manage said company and, by virtue of its right to be informed about the management of the above-mentioned IGI subsidiaries (i.e., IGI Hong Kong, IGI Israel and IGI Inc. New York),
2) to verify that over the past ten years, all of the IGI subsidiaries, and if not them, only the subsidiaries of VAZON INVESTMENTS SA, i.e. IGI Inc., IGI Hong Kong and IGI Israel, have been properly managed and that their accounting books and records have been properly kept, and for that purpose to have the accounting books and records of the IGI subsidiaries audited by a foreign financial auditor and
3) in his capacity as shareholder in the IGI subsidiaries, to make all such decisions and take all such measures as shall prove necessary for him to carry out his assignment,

to tax the costs of provisional administration against VAZON INVESTMENTS SA,

to order provisional enforcement of the pending order notwithstanding appeal, based on the original copy of the judgment, prior to registration, without the posting of a bond,

to reserve all of applicants' other rights, grounds, claims and actions.

Luxembourg, July 17, 2014

For Applicant
Their legal representative

François Reinard

## O r d e r

We,

Considering the foregoing application and article 66 of the New Code of Civil Procedure,

appoint as <u>provisional director</u> of VAZON INVESTMENTS SA, a corporation *(société anonyme)* organized under the laws of Luxembourg, incorporated and with its principal office at 9b Boulevard Prince Henri, L-1724 Luxembourg, registered in the Luxembourg Trade and Companies' Register under number B 136.666,

_____

with the following assignment:

1) to do everything in his power to administer and manage said company, VAZON INVESTMENTS SA, and by virtue of his right to be informed about the management of the above-mentioned IGI subsidiaries (i.e., IGI Hong Kong, IGI Israel and IGI Inc. New York),

2) to verify that over the past ten years, all the IGI subsidiaries, and if not them, only the subsidiaries of VAZON INVESTMENTS SA, i.e. IGI Inc., IGI Hong Kong and IGI Israel, have been properly managed and that their accounting books and records have been properly kept, and for that purpose to have the accounting books and records of the IGI subsidiaries audited by a foreign financial auditor,

3) in his capacity as shareholder of the IGI subsidiaries, to make all such decisions and take all such measures as shall prove necessary for him to carry out his assignment,

to tax the costs of provisional administration against VAZON INVESTMENTS SA,

to order provisional enforcement of this Order notwithstanding appeal, based on the original copy of the judgment, prior to registration, and without the posting of a bond,

Done in the Courthouse (*Palais de Justice*) in Luxembourg, this _____ day of
_____

## TRANSLATOR'S NOTES

[i] Luxembourg is divided into two judicial districts and each has its own district court, with many divisions. One district court is in Luxembourg (City), the other in Diekirch.

[ii] We have moved the first paragraph just below the subject of the sentence to facilitate understanding.

[iii] The duplicate 9b is presumably a typo in the French.

[iv] Here, the French *acte* could mean any or all three of these: actions, instruments, and/or agreements.

# EXHIBIT B

### O r d o n n a n c e

Nous, *Michèle THIRY, vice-président au Tribunal d'arrondissement, en remplacement de Madame la Présidente légitimement empêchée,*

Vu la requête qui précède et l'article 66 du Nouveau Code de Procédure Civile,

nommons <u>administrateur judiciaire provisoire</u> de la société anonyme de droit luxembourgeois VAZON INVESTMENTS S.A., établie et ayant son siège social à L-1724 Luxembourg, 9b, boulevard Prince Henri,  inscrite au registre de commerce et des sociétés de Luxembourg sous le numéro B 136.666,

*Maître Antoine KRONSHAGEN, avocat à la Cour, demeurant à L-2010 Luxembourg 22, rue Marie-Adélaïde*

avec la mission :

1) d'administrer et de gérer, autant que faire se peut, ladite société VAZON INVESTMENTS S.A. et, en vertu de son droit de regard sur la gestion des filiales IGI telles que prénommées (soit I.G.I. Hong Kong, I.G.I. Israël et I.G.I. Inc New York),

2) de vérifier la régularité de la gestion et de la tenue des comptes de toutes les filiales du groupe IGI au cours des dix dernières années, sinon des seules filiales de VAZON INVESTMENTS SA, à avoir d'IGI Inc, IGI Hong Kong et d'IGI Israël, à ces fins faire procéder à un audit des comptes des filiales IGI par un expert financier étranger

3) de prendre en sa qualité d'actionnaire dans les filiales IGI toutes les décisions et mesures qui s'avéreront nécessaires à l'accomplissement de sa mission ;

mettons les frais de l'administration provisoire à charge de VAZON INVESTMENTS SA,

ordonnons l'exécution provisoire de la présente ordonnance nonobstant toute voie de recours, sur minute, avant enregistrement et sans caution,

Fait au Palais de Justice à Luxembourg, le *21 juillet 2014*

**O R D E R**

We, Michèle Thiry, deputy chief judge of the District Court, substituting for the Chief Judge, who is legitimately unable to be present,

Considering the foregoing application and article 66 of the New Code of Civil Procedure,

Appoint as <u>court-appointed provisional director</u> of VAZON INVESTMENTS SA, a corporation *(société anonyme)* organized under the laws of Luxembourg, incorporated and with its principal office at 9b Boulevard Prince Henri, L-1724 Luxembourg, registered in the Luxembourg Trade and Companies' Register under B 136.666,

Mr. Arsène Kronshagen, Attorney, residing at 22 Rue Marie-Adelaide, L-2010 Luxembourg

with the following assignment:

1) to do everything in his power to administer and manage said company, VAZON INVESTMENTS S.A. and, by virtue of its right to be informed about the management of the aforementioned IGI subsidiaries (i.e. I.G.I. Hong Kong, I.G.I. Israel and I.G.I. New York),
2) to verify that over the past 10 years all of the IGI Group subsidiaries, and if not them, only the subsidiaries of VAZON INVESTMENTS SA, i.e. IGI Inc., IGI Hong Kong and IGI Israel, have been properly managed and that their accounting books and records have been properly kept, and for that purpose to have the accounting books and records of the IGI subsidiaries audited by a foreign financial auditor,
3) and, in his capacity as a shareholder of the IGI subsidiaries, to make all such decisions and take all such measures as shall prove necessary for him to carry out his assignment.

Tax the costs of provisional administration against VAZON INVESTMENTS S.A.,

And order provisional enforcement of this Order, notwithstanding appeal, based on the original copy of the judgment, prior to registration and without the posting of a bond.

Done in the Courthouse *(Palais de Justice)* in Luxembourg, on 21 July 2014

[Signature]

[Stamp: Luxembourg District Court]