UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF REAL ESTATES INTERNATIONAL S.A.-S.P.F. and MARC BRAUNER for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding | Case No. 14 Misc. 227 |

## **DECLARATION OF ANNIE ELFASSI**

I, ANNIE ELFASSI, hereby declare pursuant to 28 U.S.C. § 1746, as follows:

1.  I am Counsel within the Commercial and Litigation department for Loyens & Loeff Luxembourg S.á r.l ("Loyens & Loeff"), a law firm registered with the Luxembourg Bar under list V. Loyens & Loeff's offices are located at 18-20, rue Edward Steichen L-2540, Luxembourg. I am registered with the Luxembourg Bar and am authorized to practice law in the Grand-Duchy of Luxembourg and to represents clients before the Luxembourg courts. I have been authorized to practice law in Luxembourg for the last 11 years.

2.  I submit this declaration in support of the motion (the "Motion") by subpoenaed parties International Gemological Institute, Inc., Jerry Ehrenwald, John Li, Kimberly Nairn, Carol Lorié Low and Joseph Low (collectively referred to as "Subpoenaed Parties") for an Order pursuant to Federal Rules of Civil Procedure 45 (1) vacating the July 28, 2014 *ex parte* order (the "*Ex Part* Order") that granted an application by Petitioners Real Estates International S.A.-S.P.F. ("REI") and Marc Brauner ("Brauner," and together with REI referred to as "Petitioners") pursuant to 28 U.S.C. § 1782, and authorized Petitioners to issue subpoenas to Subpoenaed Parties for the production of documents and taking of oral testimony (the "Subpoenas"), and (2) quashing the Subpoenas that were subsequently issued by Petitioners to Subpoenaed Parties.

3.  In the course of preparing this declaration I reviewed all of the documents submitted by Petitioners in support of their request for the issuance of the Subpoenas, including

(i) Petitioners' Application for Discovery in Aid of Foreign Litigation Pursuant to 28 U.S.C. § 1782, dated July 28, 2014, and the exhibits annexed thereto, (ii) the Declaration of Francois Reinard, dated July 24, 2014, and the exhibit annexed thereto, and (iii) Petitioners' Memorandum of Law in Support of Application Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for use in a Foreign Proceeding, dated July 28, 2014. I also reviewed the *Ex Parte* Order, dated July 28, 2014, granting Petitioners' application, and the contents of the Subpoenas, including the instructions and the requests for documents therein.

4. I understand that Petitioners obtained the *Ex Parte* Order from this Court, and issued the Subpoenas, in aid of a non-adversarial proceeding that Petitioners commenced in Luxembourg. In that Luxembourg proceeding, Petitioners requested on the basis of an *ex-parte* application the appointment of a "provisional director" for Vazon Investments, S.A. ("Vazon"), an entity in which Petitioners purportedly have an interest. Petitioners obtained an *ex-parte* order from the Court of Luxembourg on July 21, 2014 (the "Luxembourg *Ex Parte* Court Order"). Loyens & Loeff represents the majority shareholder of Vazon and the three board members of Vazon in the recourse to be initiated by them against the Luxembourg *Ex Parte* Court Order.

5. I am familiar with the procedures that are available for obtaining evidence in Luxembourg, including those procedures available to obtain evidence for use in cases pending in the United States of America.

**There Were No Pending Proceedings in Luxembourg at the Time Petitioners Made Their 28 U.S.C. § 1782 Application Before this Court on July 28, 2014, and There Was No Order Of the Luxembourg Judge Permitting Discovery During the Proceeding**

6. On July 28, 2014, the date that Petitioners filed their *ex parte* application before this Court for the issuance of the Subpoenas, there was no proceeding pending before the

Luxembourg court. The Luxembourg district court granted Petitioner's application for relief on July 21, 2014. The Luxembourg proceeding therefore was resolved on that date.

7. There is no discovery device in Luxembourg that permits a party to obtain documents or other evidence after a proceeding has been resolved. By seeking documents and testimony here after the resolution of the Luxembourg proceeding, Petitioners are circumventing Luxembourg rules for proof-gathering.

8. Nor is there any discovery device in Luxembourg that permits a party to issue discovery requests once a proceeding has commenced. Instead, a party that wishes to obtain specific items of evidence during the pendency of a proceeding must make a request to the presiding judge for specific measures ('*mesures d'instruction*') in order to obtain those specific items. This procedure can only go forth upon Order of the judge approving the party's request.

9. Petitioners made no request for mesures d'instruction to the judge in the Luxembourg proceedings, and the judge issued no Orders permitting specific measures in that proceeding. By seeking documents and testimony here without an Order of the Luxembourg judge, Petitioners are circumventing Luxembourg rules for proof-gathering.

**Luxembourg Does Not Have a Discovery Procedure Equivalent to that of 28 U.S.C. § 1782**

10. Luxembourg does not have a law equivalent to U.S.C § 1782 that would allow a United States litigant to obtain authorization from a Luxembourg court to compel discovery in Luxembourg in aid of a United States legal proceeding.

11. Accordingly, a United States litigant would not be able to obtain an order, like the Order issued by this Court, directing the issuance of a subpoena or similar compulsory instrument to a Luxembourg resident to produce documents and submit to a deposition in aid of a proceeding in the United States.

12. The March 18, 1970 Convention on the Taking of Evidence Abroad in Civil or Commercial Matters of (the "Hague Evidence Convention") has been ratified by the Grand-Duchy of Luxembourg. The Grand-Duchy of Luxembourg declared, according to article 23 of the Hague Evidence Convention, that it will not execute Letters of Request issued for the purpose of obtaining pre-trial discovery of documents as known in Common Law countries.

13. Pursuant to the Hague Evidence Convention as adopted by Luxembourg and to the Recommendations made by the Special Commission, a United States litigant may be able to obtain documents from a Luxembourg resident, but only if there is a pending proceeding in a court in the United States and only where the requesting party is able to identify the exact documents sought and demonstrate that the Luxembourg resident from whom such documents are sought is actually in possession of such material.

14. The Hague Evidence Convention as adopted by Luxembourg together with the Recommendations issued by the Special Commission, however, do not permit a United States litigant to obtain an order from a Luxembourg court compelling a Luxembourg resident to submit to a deposition under any circumstances.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 14, 2014

Annie ELFASSI
Avocat à la Cour
Luxembourg