**GOLENBOCK EISEMAN**
**ASSOR BELL & PESKOE**LLP

Attorneys at Law | 437 Madison Ave., New York, NY 10022-7020
T (212) 907-7300 | F (212) 754-0330 | www.golenbock.com

DIRECT DIAL NO.: (212) 907-7330
DIRECT FAX NO.: (212) 754-0330
EMAIL ADDRESS: DEISEMAN@GOLENBOCK.COM

September 17, 2014

Hon. Denise Cote
United States District Court
500 Pearl Street, Room 1610
New York, NY 10007

Re:   *In re Application of Real Estates Int'l S.A.-S.P.F. and Marc Brauner, 14 Misc. 0227 (DC)*

Dear Judge Cote:

      We represent six non-party witnesses -- five individuals and the New York company International Gemological Institute, Inc. ("IGI, Inc.") -- who were served with subpoenas issued on the application of Marc Brauner and Real Estates International S.A.- S.P.F. ("Brauner/REI") under 28 U.S.C § 1782, purportedly in aid of a foreign proceeding in Luxembourg. We appeared before the Court on August 25, 2014, seeking a stay and challenging the subpoenas. At that time counsel agreed to resolve the dispute by proceeding with the depositions of IGI's CEO and Senior Vice President, while Brauner/REI withdrew the subpoenas' document requests.

      The depositions have occurred, and Brauner/REI have now served a new subpoena on IGI (the "Subpoena"). The Subpoena contains three times the number of requests as the initial subpoenas (25, as opposed to 8); is grossly overbroad and intrusive; appears to be improperly motivated by Brauner's desire to follow through on his threats to punish IGI's CEO; and would impose heavy financial and time burdens on IGI and its employees. We submit this letter pursuant to Rule 2C of this Court's Individual Practices to request an informal conference preliminary to filing a motion to quash or modify the Subpoena.

*The Subpoena is Not Targeted to the Luxembourg Proceeding and is Grossly Overbroad*

      The Court may recall that Brauner/REI's § 1782 application rested on an *ex parte* order (the "Luxembourg Ex Parte Order") they obtained in a Luxembourg proceeding concerning a Luxembourg entity named Vazon Investments ("Vazon"). Brauner/REI are minority owners of Vazon, which, in turn, owns fifty percent of IGI, Inc. The claim in Luxembourg is that Vazon has mismanaged its subsidiaries. The only relief sought in Luxembourg is the appointment of a "provisional director" for Vazon.

      The Subpoena seeks 25 categories of documents. Most of the requests call for IGI documents going back *ten years*, to 2004. It is patently absurd to contend that documents reflecting events that happened ten years ago in a Vazon subsidiary are relevant to the appointment of a provisional director for Vazon *today* because of ongoing mismanagement. Further, most of the requests are simply fishing expeditions. While a few of the requests seek documents in areas where deposition testimony indicated that there might be relevant documents, the overwhelming majority do not. For example, several of the requests seek documents concerning consulting fees paid to various parties during the past 10 years, but there is no basis

Hon. Denise Cote
September 17, 2014
Page 2

in the deposition testimony to suspect that these payments are tied in any way to Vazon's alleged mismanagement.

*The Subpoena Appears to be Driven by an Ulterior and Improper Motive*

In 2008, Mr. Brauner sent IGI's CEO, Jerry Ehrenwald, highly intemperate emails, at least one of which can be interpreted as a direct physical threat. Against this background, and in light of the questioning at the four depositions that have already occurred (including Mr. Ehrenwald's), it now is evident that the Subpoena is improperly motivated by Mr. Brauner's continuing desire to punish Mr. Ehrenwald for perceived misdeeds. Many, if not most, of the document requests are specifically directed at Mr. Ehrenwald, with ten of the requests mentioning him by name. This is so even though Mr. Ehrenwald has no interest in Vazon and is not party to the Luxembourg proceedings. For example, one request asks for documents relating to Mr. Ehrenwald's contention that he is owed money from IGI, Inc.; another focuses on a company car purchased for his use in 2005. These requests, and others, have little, if anything, to do with the Luxembourg proceedings.

The improper motivation behind the Subpoena is further reflected in Mr. Brauner's bad faith refusal to negotiate any limitations on the Subpoena. On September 9, counsel held a meet-and-confer call with respect to the Subpoena, during which we raised relevance objections, informed Brauner/REI's counsel that retrieving documents more than three years old would be a huge burden because they are stored offsite, and made specific proposals to narrow the Subpoena. The next day, counsel informed us that their client rejected our several proposals and would not modify the Subpoena in any way.

*Compliance Would Impose an Unreasonable Financial and Time Burden on IGI, Inc.*

As we have explained to Brauner/REI's counsel, IGI stores documents more than three years old in a warehouse in Connecticut. IGI informs us that the warehouse contains literally thousands of boxes of IGI documents, and it would take a team of IGI personnel weeks to search the warehouse for the requested documents. IGI has already incurred very substantial legal fees in connection with this matter and has been forced to endure the business disruption resulting from having its CEO and Senior Vice President distracted by the subpoenas, not to mention their absence from the office to prepare for and attend their depositions.

There is no basis for imposing further substantial burdens on IGI, Inc. This is particularly so here given the additional facts that i) as a non-party, IGI is entitled to the protections of Fed. R. Civ. P. 45(d); ii) Brauner/REI have taken four depositions from the subpoenaed non-parties (and have another scheduled for September 23), but, we are informed, have provided no discovery themselves in connection with the Luxembourg proceedings; and iii) Brauner/REI have refused to negotiate any terms of the Subpoena.

Respectfully,

David J. Eiseman

Cc: Robert Rosen, Esq. (by ECF)

2116016.2